

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
Jeffrey G. Smith (133113)
270 Madison Avenue
New York, New York 10016
(212) 545-4600
    - and -
Francis M. Gregorek (144785)
Rachele R. Rickert (190634)
750 B Street, Suite 2770
San Diego, California 92101
(619) 239-4599

HOFFMAN & LAZEAR
H. Tim Hoffman (49141)
180 Grand Avenue
Suite 1550
Oakland, CA 94612
(510) 763-5700

THIERMAN LAW FIRM P.C.
Mark Thierman (72913)
7287 Lakeside Drive, Suite 101
Reno, NV 89511
(775) 284-1500

MORGAN LEWIS & BOCKIUS LLP
Daryl S. Landy (136288)
2 Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Telephone: (650) 843-7561

Attorneys for Plaintiffs

Attorneys for Defendants

[Additional Counsel Appear On Signature Page]

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CARL J. BASILE, ALLAN B. ROSENTHAL,
DAVID STABILE, PHILIP J. RICHMAN,
JAMES D. NELSON, MARK STEEN, and
TERRY TOBIN, on behalf of themselves and
all others similarly situated,

    Plaintiffs,

    vs.

A.G. EDWARDS & SONS, INC.,

    Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. 08 CV 0338 JAH (NLS)

CLASS ACTION

**JOINT STIPULATION AND
SETTLEMENT AGREEMENT**

1    IT IS HEREBY STIPULATED AND AGREED by and between CARL J. BASILE,

2    ALLAN B. ROSENTHAL, DAVID STABILE, PHILIP J. RICHMAN, JAMES D. NELSON,

3    MARK STEEN and TERRY TOBIN (as Class Representatives), on behalf of themselves and all

4    others similarly situated, on the one hand, and A.G. EDWARDS & SONS, INC. ("AGE"), on the

5    other hand, as set forth below:

6    **I.   THE CONDITIONAL NATURE OF THIS STIPULATION**

7    This Joint Stipulation and Settlement Agreement and all associated exhibits and

8    attachments (herein "Stipulation") is made for the sole purpose of settling the Litigations (as defined

9    below) on a collective and class-wide basis.  This Stipulation and the settlement it evidences is made

10   in compromise of disputed claims.  Because the Litigations were pled as class and collective actions,

11   this settlement must receive preliminary and final approval by the Court.  Accordingly, the Parties

12   enter into this Stipulation and associated settlement on a conditional basis.  In the event that the

13   Court does not enter the Order Granting Final Approval of Settlement, or in the event that the

14   associated Judgment does not become a Final Judgment for any reason, this Stipulation (except for

15   those provisions relating to the termination of the settlement set forth in Sections 2.1 and 2.12, and

16   those provisions relating to the conditional nature and confidentiality of this settlement, non-

17   admissibility and non-admission of wrongdoing or liability, the return of documents, and attorney

18   fees and litigation costs set forth in Sections I, IV, 2.1.2, 2.12.4, 2.13.4, 2.13.5, 2.13.20, 2.13.21 and

19   2.13.22, and the last sentence of Section 2.13.15) shall be deemed null and void *ab initio*, it shall be

20   of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever,

21   and the negotiation, terms and entry of the Stipulation shall remain subject to the Parties' mediation

22   agreement, and to the provisions of Federal Rule of Evidence 408 and any similar or analogous state

23   laws or rules.

24   AGE denies all claims as to liability, damages, penalties, interest, fees, restitution,

25   injunctive relief and all other forms of relief as well as the collective and class allegations asserted in

26   the Litigations, as that term is defined in Section 1.23.  AGE has agreed to resolve the Litigations via

27   this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not

28

STIPULATION AND SETTLEMENT AGREEMENT
1

occur, AGE does not waive, but rather expressly reserves, all rights to challenge any and all claims and allegations asserted by Plaintiffs in the Litigations upon all procedural and factual grounds, including without limitation the ability to challenge class and collective action treatment on any grounds, to raise federal law preemption of the asserted claims, and to assert any and all other potential defenses or privileges. The Class Representatives and Class Counsel agree that AGE retains and reserves these rights, and they agree not to take a position to the contrary; specifically the Class Representatives and Class Counsel agree that, if the Litigations were to proceed, they will not argue or present any argument, and hereby waive any argument that, based on the settlement or this Stipulation or any of the exhibits and attachments hereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Stipulation, AGE should be barred from contesting class certification or collective action certification on any grounds, from raising federal law preemption of asserted claims, or from asserting any and all other potential defenses and privileges.

## II.  THE PARTIES TO THIS STIPULATION.

This Stipulation (with the associated exhibits and attachments) is made and entered into by and among the following Settling Parties:  (i) the Class Representatives (on behalf of themselves and each of the Settlement Class Members), with the assistance of Class Counsel; and (ii) AGE, with the assistance of its counsel of choice.  The Stipulation is intended by the Settling Parties to fully, finally, and forever resolve, discharge, and settle the Released State Law Claims and Released Federal Law Claims upon and subject to the terms and conditions hereof.

## III. THE LITIGATIONS.

On July 6, 2006, Class Representative Carl Basile commenced a proposed class action against AGE in the United States District Court for the Northern District of New York ("Basile action").    *Basile v. A.G. Edwards & Sons, Inc.*, N.D.N.Y. Case No. 1:06-CV-00833.  On August 23, 2006, Class Representative Allan Rosenthal commenced a proposed class and collective action against AGE in the United States District Court for the District of New Jersey ("Rosenthal action").  *Rosenthal v. A.G. Edwards & Sons, Inc.*, D.N.J, Case No. 3:06-CV-03995.  On September 7, 2006, Class Representative David Stabile commenced a proposed class action against AGE in the

1  Court of Common Pleas of Allegheny County Pennsylvania, bearing G.D. No. 06-020998. On

2  October 11, 2006 AGE removed the case to the United State District Court for the Western District

3  of Pennsylvania ("Stabile action"). *Stabile v. A.G. Edwards & Sons, Inc.,* W.D. Pa., Case No. 06-

4  CV-1360. On October 13, 2006, Class Representatives Philip Richman and James D. Nelson

5  commenced a proposed class and collective action against AGE in the United States District Court

6  for the District of Oregon ("Richman action"). *Richman v. A.G. Edwards & Sons, Inc.*, D. Or., Case

7  No. 3:06-CV-1453. On February 6, 2007, Class Representative Mark Steen commenced a proposed

8  class and collective action against AGE in the United State District Court for the Western District of

9  Pennsylvania ("Steen action"). *Steen v. A.G. Edwards & Sons, Inc.*, W.D. Pa., Case No. 2:07-CV-

10  0147. On May 29, 2007, Class Representative Terry Tobin commenced a proposed class and

11  collective action against AGE in the United States District Court for the Southern District of Ohio

12  ("Tobin action"). *Tobin v. A.G. Edwards & Sons, Inc.*, S.D. Oh., Case No. 2:07-CV-0489.

13     On June 13, 2007, after months of discussions, informal exchange of information and

14  negotiations through counsel experienced in these types of cases, the Parties participated in

15  mediation before Mark Buckstein, a well-respected mediator. During that mediation the Parties

16  reached a proposed conditional settlement of the Litigations, which is memorialized in this

17  Stipulation.

18     Pursuant to the Parties' settlement and this Stipulation, the Plaintiffs in each of the

19  aforementioned actions have filed a consolidated complaint in the United States District Court for

20  the Southern District of California ("Consolidated Action"), entitled CARL J. BASILE, ALLAN B.

21  ROSENTHAL, DAVID STABILE, PHILIP RICHMAN, JAMES D. NELSON, MARK STEEN and

22  TERRY TOBIN, individually, and on behalf of all others similarly situated, Plaintiffs, vs. A.G.

23  Edwards & Sons, Inc., Defendant, United States District Court for the Southern District of

24  California, that they have designated as related to the action captioned *Takacs et al. v. A.G. Edwards

25  & Sons, Inc.*, Case No. 04-CV-1852 JAH (NLS). A copy of the consolidated complaint is attached

26  as Exhibit 1. In the Consolidated Action, the Class Representatives allege on behalf of AGE

27  Financial Consultants nationwide (excluding California), among other things, that: (a) Class

28  Members (i) were misclassified as exempt from federal and applicable state wage and hour laws and

not paid the required compensation for overtime hours they worked, and (ii) incurred business related expenses that AGE did not reimburse them for as required by law, and (b) AGE unlawfully made deductions from their compensation, *inter alia*, for errors, support staff compensation and business expenses. Plaintiffs assert, *inter alia*, claims for alleged unpaid overtime compensation, liquidated damages, attorneys' fees and litigation costs under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and for alleged unpaid overtime compensation, for alleged failure to reimburse, indemnify, cover or pay for business costs, for alleged unlawful imposition, deduction or chargeback of business costs, and for premium pay, interest, liquidated damages, punitive damages, penalties, restitution, attorneys fees and litigation costs under applicable state wage and hour laws. Plaintiffs allege original federal court jurisdiction on the basis of federal question jurisdiction with respect to their Fair Labor Standards Act claims and Class Action Fairness Act ("CAFA") diversity jurisdiction and supplemental jurisdiction with respect to their state law claims. *See* 28 U.S.C. §§ 1331-32, 1367.

## IV.  DEFENDANT'S DENIAL OF WRONGDOING OR LIABILITY.

AGE specifically and generally denies all of the claims asserted in the Consolidated Action and the Litigations, denies any and all liability or wrongdoing of any kind whatsoever associated with any of the facts or claims alleged in the Consolidated Action or the Litigations, and makes no concessions or admissions of wrongdoing or liability of any kind whatsoever. AGE maintains that all of its Financial Consultants are and always have been properly classified as exempt employees, that no unlawful deductions have been made, that no reimbursement of any type is owed, and that, for any purpose other than settlement, the Consolidated Action and the Litigations are not suitable or appropriate for class or collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29 U.S.C. § 216(b). The Parties understand and agree that this settlement represents a compromise of disputed claims, and have agreed to enter into this Stipulation to avoid the risks, costs, and delays associated with further proceedings. Nothing contained in this Stipulation, nor the fact of the settlement or this Stipulation itself, nor the exhibits thereto, nor any act performed or document executed pursuant to or in furtherance of the settlement or this Stipulation may be construed or used as an admission or evidence of the validity of any claim or

1    allegation, or of any act, omission, liability or wrongdoing on the part of AGE in any action or

2    proceeding of any kind whatsoever.  Pursuant to Federal Rule of Evidence 408, and any other

3    analogous rules of evidence that are applicable, this Stipulation, and the exhibits and attachments

4    hereto, shall be inadmissible in any proceeding, except as necessary to effectuate or enforce the

5    Parties' settlement.

6    **V.  CLAIMS OF THE CLASS REPRESENTATIVES AND BENEFITS OF SETTLEMENT.**

7            The Class Representatives and Class Counsel believe that the claims asserted in the

8    Litigations have merit and that evidence developed to date supports the claims.  However, the Class

9    Representatives and Class Counsel recognize and acknowledge the expense and length of time of the

10    type of continued proceedings necessary to prosecute the Litigations against AGE through trial and

11    through appeals.  The Class Representatives and Class Counsel have also taken into account the

12    uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all

13    litigation.   Based upon their evaluation, the Class Representatives and Class Counsel have

14    determined that the settlement set forth in the Stipulation is in the best interests of the Class

15    Representatives and the Settlement Class.

16    **VI. TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT.**

17            NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED

18    by and between the Class Representatives (for themselves and the Settlement Class Members) and

19    AGE, with the assistance of their respective counsel or attorneys of record, that, as among the

20    Settling Parties, including all Settlement Class Members, the Litigations and the Released State Law

21    Claims and Released Federal Law Claims shall be finally and fully compromised, settled, and

22    released, and the Litigations shall be dismissed with prejudice, as to all Settling Parties, upon and

23    subject to the terms and conditions of the Stipulation and the Judgment.

24        1.      *Definitions.*

25            As used in all parts of this Stipulation, the following terms have the meanings

26    specified below:

27        1.1     "Administrative Costs" means, subject to Court approval:  (a) the maximum

28    $200,000 amount available to be paid to the Claims Administrator; (b) the maximum amount of

---

$3,000,000, plus 25 percent of the interest accrued pursuant to Section 1.24, available to be paid to Class Counsel for attorneys' fees; (c) the maximum $100,000 amount available to be paid to Class Counsel for litigation costs; (d) the maximum $70,000 amount available to be paid as individual Enhancements to the Class Representatives; (e) any amount awarded by the Court to the Special Master for fees and costs; and (f) any and all other costs in connection with consummating the terms of this Stipulation, including the costs of all notices described in Section 2.6 and its subsections.

1.2    "AGE" means A.G. Edwards & Sons, Inc., the defendant in the Litigations, and its successors and assigns.

1.3    "AGE Releasees" means AGE, each of its parents, subsidiaries (whether or not wholly-owned), affiliates (including each such affiliate's parents and subsidiaries), divisions, joint ventures, related companies, predecessors, successors and assigns; Wachovia Securities, LLC, and each of its parents, subsidiaries (whether or not wholly-owned), affiliates (including each such affiliate's parents and subsidiaries), divisions, joint ventures, related companies, predecessors, successors and assigns ("Wachovia"); and each of each such entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives.

1.4    "Claim Certification Form Deadline" shall be the date one hundred twenty (120) days after the Class Notice is mailed to the Class Members by the Claims Administrator.

1.5    "Claims Administrator" means the third-party claims administration firm selected by the Parties and approved by the Court. The Parties have agreed to propose as the Claims Administrator The Garden City Group, Inc., for this Court's consideration and approval.

1.6    "Class" means the group of individuals employed by AGE in a Covered Position during the Class Period, or the estates of such individuals. The Class does not include any Persons who were never employed by AGE in a Covered Position during the Class Period.

1.7    "Class Counsel" means, collectively, the law firm of Wolf Haldenstein Adler Freemen & Herz LLP, Hoffman & Lazear, the Thierman Law Firm, P.C., the law firm of Carlson Lynch LTD and the law firm of Schiffrin Barroway Topaz & Kessler, LLP. "Class Lead Counsel"

and "Lead Class Counsel" mean, for settlement purposes, the law firm of Wolf Haldenstein Adler Freeman & Herz LLP.

1.8    "Class Member" or "Member of the Class" means a Person who is a member of the Class.

1.9    "Class Notice" means a notice (and associated schedules and response forms) entitled "Notice To Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing On Proposed Settlement" to be approved by the Court, substantially in the form attached hereto as Exhibit 3.

1.10    "Class Period" means the maximum applicable statute of limitations period for the jurisdiction in which the Class Member was employed by AGE (delineated for each state in Schedule 1) through the Notice and Allocation Approval Date.

1.11    "Class Representatives" and "Collective Action Representatives" mean Carl J. Basile, Allan B. Rosenthal, Philip Richman, James D. Nelson, David Stabile, Mark Steen and Terry Tobin, plaintiffs in the Litigations.

1.12    "Class Representatives' Released Claims" means any and all claims, obligations, demands, actions, rights, causes of action, and liabilities against AGE Releasees within the meaning of the terms "Released State Law Claims" and "Released Federal Law Claims" as defined below, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in Section 1.51 hereof, by a Class Representative, arising during the period ending on the date on which the Court enters the Order of Final Approval.

1.13    "Consent to Join Settlement Form" means the form attached as Form D to the Notice Regarding Pendency of Class Action, substantially in the form attached hereto, which a Class Member must submit in addition to a Settlement Claim Certification Form in order to become a Participating Claimant and recover a payment pursuant to Section 2.3.

1.14    "Compensable Months" means the calendar months a Class Member was actively employed in a Covered Position in a state other than California for more than fifteen (15) calendar days during the applicable Class Period.  For example, if a Class Member was employed by AGE as a Financial Consultant in New York from January 26, 2002 to April 16, 2002, that Class

Member's Compensable Months for New York would be three (3). Notwithstanding the foregoing, in no event shall a Class Member's Compensable Months be less than one (1). Class Members will be deemed to have been employed only in the state of the branch at which the Class Member was registered, and in no event may a Class Member be considered to have been actively employed in more than one (1) state during a single calendar month.

1.15    "Court" means the United States District Court for the Southern District of California or, if the Consolidated Complaint and/or the Litigations are transferred to and/or consolidated in another United States District Court, such other United States District Court.

1.16    Employment in a "Covered Position" means employment as a Financial Consultant by AGE in the United States outside of the State of California. Financial Consultant Trainees, Branch Office Managers, Assistant Branch Office Managers and Financial Associates, whether or not registered or in production, are not Covered Positions.

1.17    "Effective Date" means the date on which the Judgment becomes a Final Judgment.

1.18    "Enhancement" means an amount approved by the Court to be paid to the Class Representatives identified in Section 2.10.2, in addition to their awards as Participating Claimants, in recognition of their efforts in coming forward as Class Representatives.

1.19    "Final Judgment" means the later of the following dates: (1) the expiration of the period for filing a notice of appeal of the Judgment; or (2) if a notice of appeal is filed, the date the appeal is dismissed or denied and the Judgment is no longer subject to appeal or other appellate review. Notwithstanding the foregoing, any proceeding or order, or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or litigation costs pursuant to Section 2.10.1 shall not, by itself, in any way delay or preclude the Judgment from becoming a Final Judgment, provided the total attorneys' fees and litigation costs at issue do not exceed $3,000,000 and $100,000, respectively.

1.20    "Financial Consultant" or "Financial Consultants" means those Persons employed and coded by AGE as Financial Consultants.

1.21    "Judgment" means the judgment to be rendered by the Court pursuant to this Stipulation.

1.22    "Last Known Address" or "Last Known Addresses" means the most recently recorded mailing address for a Class Member as such information is contained in AGE's HR databases.

1.23    The "Litigations" or the "Lawsuits" means the Basile, Rosenthal, Richman, Steen, Stabile and Tobin actions, and the Consolidated Action.

1.24    "Maximum Settlement Amount" or "Settlement Consideration" means the maximum amount that AGE shall pay under the terms of this Stipulation, which is the gross sum of $12,000,000, plus interest accruing on that amount (or such lesser amount as may be approved by the Court) at a rate equal to the 26 week Treasury Bill rate beginning on the date this Stipulation is executed, and continuing through the date those funds are paid out as provided in this Stipulation.

1.25    "Net Settlement Amount" means the Maximum Settlement Amount (including accrued interest as provided in Section 1.24) less the Administrative Costs (including accrued interest as provided in Section 1.1).

1.26    "Notice Approval Date" and "Notice and Allocation Approval Date" mean the date that the Court enters the Notice Approval Order preliminarily approving the allocation of the Net Settlement Amount among the Participating Claimants, approving the form of the Class Notice and setting a date for the Settlement Hearing.

1.27    "Notice Approval Hearing" and "Notice and Allocation Approval Hearing" mean the court hearing to approve the form of the Class Notice and the allocation of the Net Settlement Amount among the Participating Claimants recommended in the Special Master's report.

1.28    "Notice Approval Hearing Date" and "Notice and Allocation Approval Hearing Date" mean the date of the Notice Approval Hearing, which the Parties will ask the Court to schedule not more than three weeks after receipt of the Special Master's recommendation regarding the allocation of the Net Settlement Amount among the Participating Claimants.

1.29    "Notice Approval Order" and "Notice and Allocation Approval Order" mean the order of this Court approving the form of the Class Notice and the allocation of the Net

1   Settlement Amount among the Participating Claimants, and setting a date for the Settlement

2   Hearing.

3           1.30    "Notice Regarding Pendency of Class Action" or "Notice To Class Members

4   Regarding Pendency of a Class Action and Notice of Hearing On Proposed Settlement" means the

5   Class Notice (and associated schedules and response forms) entitled "Notice To Class Members

6   Regarding Pendency of a Class and Collective Action and Notice of Hearing On Proposed

7   Settlement" to be approved by the Court, substantially in the form attached hereto as Exhibit 3.

8           1.31    The "Notice Mailing Deadline" shall be the date thirty (30) days after the

9   Notice Approval Date.

10          1.32    The "Notice Response Deadline" shall be the date sixty (60) days after the

11  Class Notice is mailed to the Class Members by the Claims Administrator.

12          1.33    "Opt Out" or "Opt Outs" or "Opt Out forms" means written and signed

13  requests by Class Members to be excluded from the Settlement Class, which are submitted on the

14  Form B to the Notice Regarding Pendency of Class Action, substantially in the form attached hereto,

15  which a Class Member must submit in the manner, and within the time set forth in the Notice

16  Regarding Pendency of Class Action.

17          1.34    "Order of Final Approval" or "Order Granting Final Approval of Settlement"

18  shall mean an order to be entered and filed by the Court entitled "Order Determining Good Faith and

19  Granting Final Approval of Settlement."

20          1.35    "Participating Claimant" or "Participating Claimants" means each Member of

21  the Settlement Class who properly and timely submits both a Consent to Join Settlement Form and a

22  Qualifying Settlement Claim Certification Form in response to the Notice Regarding Pendency of

23  Class Action.

24          1.36    "Person" means a natural person.

25          1.37    "Preliminary Approval Date" means the date on which the Court enters the

26  Preliminary Approval Order.

27          1.38    "Preliminary Approval Order" or "Order Granting Preliminary Approval of

28  Settlement" means an order to be executed and entered by the Court entitled "Order Granting

1    Preliminary Approval of Settlement," substantially in the form attached hereto as Exhibit 2,

2    preliminarily approving the settlement and this Stipulation, conditionally certifying for settlement

3    purposes only a class and collective action as provided in Section 2.1.1, and appointing for

4    settlement purposes only the Class Representatives, Class Counsel and the Claims Administrator.

5            1.39    A "Qualifying Settlement Claim Certification Form" shall mean a Settlement

6    Claim Certification Form that is completed, properly executed, and timely returned to the Claims

7    Administrator.

8            1.40    A "Reasonable Address Verification Measure" shall mean the utilization of

9    the National Change of Address Database maintained by the United States Postal Service to review

10   the accuracy of and, if possible, update a mailing address.

11           1.41    "State Law Release Period" shall mean the period ending on the Claim

12   Certification Form Deadline.

13           1.42    "Released State Law Claims" shall collectively mean any and all applicable

14   state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities

15   against AGE Releasees, of whatever kind and nature, character, and description, whether in law or

16   equity, whether sounding in tort, contract, statute, or other applicable law, whether known or

17   unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in

18   Section 1.51 hereof, by a Class Member based on employment in a Covered Position with AGE that

19   accrued during the State Law Release Period for any type of relief, including without limitation

20   claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties),

21   liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or

22   equitable relief, based on the following categories of allegations:  (a) all claims asserted or which

23   could have been asserted in the Litigations (as defined above and in the Class Notice) which arose

24   under the facts alleged therein and/or under applicable state and local wage and hour laws and

25   regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay

26   any type of overtime compensation or other compensation or wages to Class Members in Covered

27   Positions; (c) all claims under applicable state and local laws and regulations for the failure to

28   provide or pay for meal, break, and/or rest periods for Class Members in Covered Positions; (d) all

claims under applicable state and local laws and regulations stemming from or based on the alleged

misclassification of employees in Covered Positions as exempt employees, *i.e.*, employees who AGE

classified as exempt under applicable state and local laws and regulations from the wage and hour

requirements imposed on employers but who actually do not qualify for any exemption, including

without limitation executive, administrative, or professional exemptions; (e) all claims, including

without limitation state statutory and common law claims, alleging the unlawful or improper

imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for costs or

penalties for cancelled or broken trades or errors or mistakes of Class Members in Covered

Positions, including without limitation, claims for improper trading error chargebacks or deductions;

(f) all claims, including without limitation state and local statutory and common law claims, alleging

the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify,

cover or pay for business expenses, costs and deductions of or related to Class Members in Covered

Positions, including without limitation, expenses, costs and deductions for support staff, marketing,

advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges,

mailing costs, subscriptions, office supplies, office equipment, desk fees, license and registration

fees, client fees, costs to settle disputes with customers, or account fees for delinquent customer

accounts, and claims for allegedly improper deductions from or chargebacks to compensation for

such business expenses and costs under applicable state and local laws and regulations; and (g) all

claims for penalties or additional damages which allegedly arise from the claims described in (a)

through (f) above under any applicable law or regulation.  The Released State Law Claims are the

claims meeting the above definition under any and all applicable statutes, regulations or common

law, including without limitation those set forth in the compendium of state specific wage and hour

laws set forth in attached Schedule 2.

       1.43    "Released Federal Law Claims" shall collectively mean any and all federal

law claims, obligations, demands, actions, rights, causes of action, and liabilities against AGE

Releasees, of whatever kind and nature, character and description, whether known or unknown, and

whether anticipated or unanticipated, including Unknown Claims as defined in Section 1.51 hereof,

by a Class Member based on employment in a Covered Position with AGE that accrued during the

period ending on the Claim Certification Form Deadline, for any type of relief, including without limitation, claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.,* for Class Members in Covered Positions.

1.44    "Settlement Claim Certification Form" shall mean the form attached as Form C to the Notice Regarding Pendency of Class Action, substantially in the form attached hereto, which a Class Member must submit in addition to a Consent To Join Settlement Form in order to become a Participating Claimant and recover a payment pursuant to Section 2.3.

1.45    "Settlement Class" means all of the Class Members who do not opt out of the settlement by timely submitting Opt Out forms pursuant to Section 2.7.2, and thus means all of the Class Members who will become bound by the Released State Law Claims portion of the Judgment if the Effective Date occurs.

1.46    "Settlement Class Member" or "Member of the Settlement Class" means any Person who is a member of the Settlement Class.

1.47    "Settlement Hearing" or "Fairness and Good Faith Determination Hearing" means a hearing set by the Court to take place on or about the date which is fifty-five (55) days after the Notice Response Deadline (or such date as the Court may otherwise establish) for the purpose of finally (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the Stipulation and associated settlement; and (iii) entering Judgment.

1.48    "Settling Parties" or "Parties" means AGE and the Class Representatives on behalf of themselves and all Members of the Settlement Class.

1.49    "Special Master" means the person selected by the Settling Parties, with the Court's approval, to review and make an independent determination concerning the fairness of the Parties' proposed allocation of the Net Settlement Amount to the Participating Claimants.  The Settling Parties have agreed to propose as Special Master the Honorable Charles A. Legge (ret.),

1    formerly of the U.S. District Court for the Northern District of California, for this Court's
2    consideration and approval.  A copy of the Parties' proposed Stipulation and [Proposed] Order
3    Appointing Special Master, referring this matter to the Special Master to review and provide a
4    written recommendation regarding the allocation of the settlement funds pursuant to the provisions
5    of Section 2.3.1 of this Agreement, is attached as Exhibit 6.

6          1.50   "Stipulation" means this agreement, *i.e.*, this Joint Stipulation and Settlement
7    Agreement together with all of its exhibits and attachments, which the Settling Parties understand
8    and agree sets forth all material terms and conditions of the settlement between them, and which is
9    subject to Court approval.  It is understood and agreed that AGE's obligations for payment under
10   this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

11         1.51   "Unknown Claims" means (a) any Released State Law Claims which the
12   Class Representatives or any Settlement Class Member (including all Participating Claimants) does
13   not know or suspect to exist in his or her favor at the time of the Notice Approval Date, and which, if
14   known by him or her might have affected his or her decision to settle with and release AGE and the
15   AGE Releasees, or might have affected his or her decision to opt out of the Class or to object to this
16   settlement, and (b) any Released Federal Law Claims which the Class Representatives or any
17   Participating Claimant does not know or suspect to exist in his or her favor at the time of the Notice
18   Approval Date, and which, if known by him or her might have affected his or her decision to settle
19   with and release AGE and the AGE Releasees, or might have affected his or her decision to opt out
20   of the Class or to object to this settlement.  With respect to any and all Released State Law Claims
21   and Released Federal Law Claims, the Settling Parties stipulate and agree that, upon the Effective
22   Date, the Class Representatives shall have expressly, knowingly, and intentionally waived for
23   themselves the benefits and rights of any statute, rule, doctrine, or common law principle of any
24   jurisdiction whatsoever that provides that a general release does not extend to unknown claims,
25   including without limitation any applicable benefits or rights under California Civil Code § 1542,
26   which provides:

27   **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**
28

Each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, likewise waived all such benefits and rights. The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released State Law Claims and Released Federal Law Claims, but Class Representatives and each Settlement Class Member (including all Participating Claimants), upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released State Law Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Likewise, Class Representatives and each Participating Claimant, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Federal Law Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge the significance and consequence of this waiver, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged the consequence and significance and assume full responsibility for any loss that may be incurred by reason of such waiver. The Class Representatives further acknowledge, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.52    "Updated Address" means a mailing address that was updated via a Reasonable Address Verification Measure or via an updated mailing address provided by the United States Postal Service or a Class Member, or any other source.

2.    *The Settlement.*

2.1    *Certification of a Class and Collective Action for Settlement Purposes Only.*

2.1.1    The Parties stipulate, for settlement purposes only, to the certification by the Court of a class as to all claims asserted in the Litigations pursuant to state law, and further stipulate, for settlement purposes only, to the certification by the Court of a collective action as to all claims asserted in the Litigations pursuant to the FLSA.

2.1.2    If for any reason the Court does not approve this Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, or if this Settlement Agreement and Stipulation is lawfully terminated for any other reason, the Parties' stipulation to the certification of a class and collective action shall be deemed null and void *ab initio*, and AGE shall retain the absolute right to dispute the propriety of class certification and collective action certification on all applicable grounds.

2.2    *Settlement Consideration.*

2.2.1    The maximum amount that AGE shall pay under the terms of this Stipulation, if all Class members file valid and timely claims is the Maximum Settlement Amount, which is also referred to as the "Settlement Consideration."

2.2.2    The Settlement Consideration will be used to pay:

2.2.2.1    The attorneys' fees and litigation costs of Class Counsel, as approved by the Court;

2.2.2.2    The individual Enhancements of the Class Representatives, as approved by the Court;

2.2.2.3    The agreed upon fees and costs of the Claims Administrator, as approved by the Court;

2.2.2.4    The fees and costs of the Special Master, as approved by the Court;

2.2.2.5    Any other Administrative Costs; and

2.2.2.6    The timely and valid claims of Participating Claimants, subject to the terms, conditions and procedures set forth herein.

2.2.3    The Parties understand and agree that any portion of the Maximum Settlement Amount not approved and awarded by the Court or claimed by Participating Claimants pursuant to this Stipulation (including a prorated share of the accrued interest provided for in Section 1.24) shall be allocated as follows: the first $500,000 of any such amount (including the prorated share of the accrued interest provided for in Section 1.24) shall be added to the Net Settlement Amount and distributed among the Participating Claimants, and any additional portion of the Maximum Settlement Amount (*i.e.*, any portion over $500,000, including a prorated share of the accrued interest provided for in Section 1.24)) that is not approved or awarded by the Court or claimed by Participating Claimants pursuant to this Stipulation shall remain the exclusive property of AGE.

2.3    *Consideration to Settlement Class Members*

2.3.1    Each Participating Claimant will receive a payment subject to and in accordance with the terms, conditions, and procedures of this Stipulation, in an amount determined pursuant to an allocation formula recommended by the Special Master and approved by the Court. The allocation formula will be developed by Class Counsel and provided to counsel for AGE at least 21 days before the parties' hearing before the Special Master. Class Counsel, in good faith, will consider any revisions to the allocation formula proposed by counsel for AGE. If the Settling Parties agree upon a proper allocation formula, the parties will submit such formula to the Special Master for consideration and approval. If the Settling Parties are unable to reach agreement as to a proper allocation formula, each side will submit its position to the Special Master, who will decide the proper allocation formula to be recommended to the Court for its consideration and approval. Under no circumstances may the allocation formula violate any terms of this Stipulation. Neither party shall have any ex parte communications with the Special Master concerning the allocation formula. The allocation formula may take into account such factors as: (a) the Class Member's Compensable Months; (b) the relative merits of the state law claims asserted on behalf of the Class Members

working in different states; and (c) differences in the applicable wage and hour laws and statutes of limitations in each state. The formula will be designed to result in the complete distribution of the Net Settlement Amount based on the assumption that all Class Members become Participating Claimants. In addition, the first $500,000 of any portion of the Maximum Settlement Amount not approved and awarded by the Court or claimed by Participating Claimants pursuant to this Stipulation shall be added to the Net Settlement Amount and distributed among the Participating Claimants; and any additional portion of the Maximum Settlement Amount not approved and awarded by the Court or claimed by Participating Claimants pursuant to this Stipulation shall remain the exclusive property of AGE.

2.3.2    For the purposes of developing the allocation formula, AGE agrees to cooperate with Class Counsel to provide relevant information needed to develop the allocation formula regarding:   (a) Class membership: (b) months worked by Class Members in Covered Positions by state; (c) salary, draw and commissions paid to Class Members in Covered Positions by state; and (d) alleged wage deductions from or adjustments to compensation for expenses and errors incurred by Class Members in Covered Positions by state for those states with laws that Plaintiffs contend prohibit such deductions (*e.g.*, Alaska, Hawaii, Iowa, Indiana, Kentucky, Maine, Michigan, New Hampshire, New Jersey, New York, Pennsylvania, Oregon, Rhode Island, South Dakota, Vermont, Washington, West Virginia and Wyoming). This exchange of information shall in no way result in any change in either the Maximum Settlement Amount or the Net Settlement Amount.

2.3.3    To the extent administratively convenient, the payment to each Participating Claimant shall be made via a single check.

2.3.4    As further detailed in Section 2.4.1, and for each payment made pursuant to Sections 2.3, 2.8 and 2.10, AGE will report each payment to government authorities including the Internal Revenue Service as required by law, and it shall make all required deductions, withholdings, and/or payroll tax payments.

2.3.5    Any amount paid to Participating Claimants shall not create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by AGE or Wachovia, and no payment made pursuant to this

Settlement will be considered as "Compensation" under the A.G. Edwards, Inc. Retirement and Profit Sharing Plan, the A.G. Edwards, Inc. Excess Profit Sharing Deferred Compensation Plan, or the 1988 Incentive Stock Plan, or any similar plans at Wachovia, or otherwise require any contribution or award under any such plan, or otherwise modify benefits, contributions or coverage under any other employee benefit plan or program.

### 2.4    *Taxes*

2.4.1    For income and payroll tax purposes, the Parties agree that 50% of each settlement payment shall be deemed payment in settlement of claims for unpaid wages and penalties (which shall be subject to required withholdings and deductions and reported as wage income as required by law), and that 50% of each settlement payment shall be deemed payment in settlement of claims for liquidated damages, interest and other non-wage recovery (which shall not be subject to required withholdings and deductions and shall be reported as non-wage income as required by law).

2.4.2    Those payments allocated to the settlement of claims for unpaid wages and penalties (a) shall be subject to required withholdings and deductions, and therefore the net amounts payable will be less than the gross amounts; and (b) shall be reported in the year of payment as wage income to Participating Claimants on Form W-2s and such other state or local tax reporting forms as may be required by law.  Those payments allocated to all other claims, including without limitation claims for liquidated damages, interest, and other non-wage recovery (a) shall not be subject to required withholdings and deductions, and therefore the net amounts payable will be equal to the gross amounts; and (b) shall be reported in the year of payment as non-wage income to the Participating Claimants on a Form 1099 and such other state or local tax reporting forms as may be required by law.  AGE acknowledges that it will be responsible for paying the employer's share of any applicable payroll taxes.  Other than as set forth above, AGE will not make any deductions, withholdings, or additional payments, including without limitation, medical or other insurance payments or premiums, employee 401(k) contributions or matching employer contributions, wage garnishments, or charity withholdings, from or with respect to the payments to Participating

1  Claimants, and entry of the Order of Final Approval by the Court shall be deemed authority not to

2  make any such deductions, withholdings, or additional payments.

3          2.4.3    Other than the withholding and reporting requirements set forth above,

4  Participating Claimants shall be solely responsible for the reporting and payment of the employee's

5  share of any federal, state and/or local income or other taxes, or any other withholdings, if any, on

6  payments made pursuant to this Stipulation.

7          2.4.4    AGE makes no representations and it is understood and agreed that

8  AGE has made no representations as to the taxability of any payments pursuant to this Stipulation,

9  including payments to Participating Claimants, payments to Class Counsel, and payments to the

10  Class Representatives.   The Notice Regarding Pendency of Class Action will advise each Class

11  Member to seek his or her own personal tax advice prior to acting in response to that notice, and

12  AGE, the Class Representatives and Class Counsel agree that each Class Member will have an

13  adequate opportunity to seek tax advice prior to acting in response to the notice.

14          2.5    *Court Approval of Notice to the Class and Settlement Hearing.*

15          2.5.1    The Class Representatives and AGE, through their counsel of record in

16  the Litigations, shall file this Stipulation with the Court and jointly move for preliminary approval of

17  this Stipulation and for the appointment of the Special Master. Via this submission, and a supporting

18  motion, the Settling Parties, through their counsel of record, will request that the Court enter:  (1) the

19  Preliminary Approval Order approving the terms of this Stipulation, conditionally certifying a class

20  and collective action for settlement purposes only as provided in Section 2.1.1; and (2) the Order

21  Appointing Special Master, substantially in the form attached hereto as Exhibit 6, referring this

22  matter to the Special Master to review and make an independent determination concerning the

23  fairness of the proposed allocation of the Net Settlement Amount to the Participating Claimants, and

24  to submit his written Recommendation to the Court regarding such allocation.  After the Special

25  Master has reviewed the proposed allocation of the Net Settlement Amount and submitted his

26  Recommendation to the Court, the Settling Parties shall move the Court for an order preliminarily

27  approving the allocation of the Net Settlement Amount and entering the Notice and Allocation

28

1    Approval Order, and shall ask the Court to schedule the Notice and Allocation Approval Hearing

2    Date not more than three weeks after receipt of the Special Master's Recommendation.

3         2.5.2   Subject to Court availability, the Class Representatives and AGE shall

4    endeavor to notice the joint motion for entry of the Preliminary Approval Order and the Order

5    Appointing Special Master described in Section 2.5.1 for a hearing before the Court on the earliest

6    possible mutually convenient date.  In the event the Court decides not to enter the Parties' proposed

7    Preliminary Approval Order or proposed Notice and Allocation Approval Order in its entirety, or to

8    enter the Preliminary Approval Order or the Notice and Allocation Approval Order with

9    modifications (other than modifications reducing or concerning the amount of any attorneys' fees or

10   costs to be paid to Class Counsel or the amount of any Enhancements to be paid to the Class

11   Representatives) that either AGE or the Class Representatives determines in its reasonable and good

12   faith judgment to be material, AGE or the Class Representatives, as the case may be, shall have the

13   absolute discretionary right to terminate the settlement and this Stipulation by providing written

14   notice to one another, the Court, Class Counsel and the Claims Administrator, provided such notice

15   is given within twenty-one (21) days of receipt of the Court's decision, in which event the Party

16   exercising its right to terminate the settlement and this Stipulation under this Section 2.5.2 shall be

17   solely responsible for paying Administrative Costs incurred by the Claims Administrator and the

18   Special Master, and the other Party shall have no responsibility or obligation for the payment of such

19   fees and costs.

20        2.5.3   Once the Court enters the Preliminary Approval Order, Class Counsel

21   and counsel for AGE shall meet and confer to reach agreement on any necessary revisions of the

22   deadlines and timetables set forth in this Stipulation, if necessary.  In the event that the Settling

23   Parties fail to reach such agreement, any of the Settling Parties may apply to the Court via a noticed

24   motion for modification of the dates and deadlines in this Stipulation, provided that such a request to

25   the Court may seek only reasonable modifications of the dates and deadlines contained in this

26   Stipulation and no other changes.

27        2.5.4   If the Court enters the Preliminary Approval Order and the Notice and

28   Allocation Approval Order, then at the resulting Settlement Hearing, the Class Representatives and

AGE, through their counsel of record, shall address any timely written objections from Class Members as well as any timely stated concerns of any state official who receives a CAFA notice, if any, and any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

   2.6 *Notice to Class Members.*

    2.6.1 If, by entering the Preliminary Approval Order and the Notice and Allocation Approval Order, the Court provides authorization to send the Notice Regarding Pendency of Class Action to Class Members, AGE, through the Claims Administrator, will facilitate the mailing of the Class Notice to all Class Members at their Last Known Addresses.  The Class Notice shall be mailed via first class mail through the United States Postal Service, postage pre-paid.

    2.6.2 The Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator.

    2.6.3 AGE shall provide the name and Last Known Address for each Class Member to the Claims Administrator so that the Claims Administrator can process and mail the Class Notices.

    2.6.4 Prior to mailing the Class Notice to each Class member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member.  To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

    2.6.5 Unless the Parties agree otherwise in writing or the Court so orders, each of the Notices shall be mailed to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

    2.6.6 Part of the fees paid to the Claims Administrator by AGE shall include all costs of the mailing described in this Section 2.6, which shall be the fees charged by the Claims Administrator, the cost of the envelopes in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice.  The following Forms and Schedules will be included with the Class Notice in this mailing:  Change of Name and/or

Address Information (Form A), Election to Opt Out of Settlement and Class Action (Form B), Settlement Claim Certification Form (Form C), Consent to Join Settlement Form (Form D), Maximum Applicable Statute of Limitations and Class Period By State (Schedule 1), and Compendium of State Wage and Hour Laws (Schedule 2), all substantially in the form attached hereto. No other materials will be included in this mailing. The Class Representatives acknowledge that AGE's agreement to pay the claims administration and mailing costs constitutes part of the consideration to the Class.

2.6.7   Each Settlement Claim Certification Form (Form C) shall be pre-printed with the number of Compensable Months that the Class member worked in a Covered Position in each state other than California during the applicable Class Period according to AGE's records.

2.6.8   Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this Section, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five days (5) days after mailing. In the event that subsequent to the first mailing of a Notice Regarding Pendency of Class Action and prior to the deadline for a response, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the Notice to that address, the Notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member. In the event that subsequent to the first mailing of a Class Notice, and at least fourteen (14) days prior to the Notice Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal Service because the address of the recipient is no longer valid, *i.e.,* the envelope is marked "Return to Sender," the Claims Administrator shall perform a standard skip trace, in the manner that the Claims Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address of the particular Class Member in question and, if such an address is ascertained, the Claims Administrator will re-send the Notice within fourteen (14) days of receiving such information; if no Updated Address is obtained for that Class Member, the Class Notice shall

be sent again to the Last Known Address. In either event, the Notice Regarding Pendency of Class Action shall be deemed received once it is mailed for the second time.

2.6.9    To the extent a Class Member, whose address has not been deemed unknown by the Claims Administrator, has not submitted to the Claims Administrator some form of written response to the Class Notice by the date that is thirty (30) days before the Notice Response Deadline, the Claims Administrator shall send that Class Member a postcard (a) referencing the name of the Consolidated Action; (b) stating that the Class Member received a notice in this action; (c) providing the address for the Claims Administrator; (d) stating the Notice Response Deadline, *i.e.*, the deadline to respond to the Class Notice if the recipient desires to do so; and (e) stating that the Class Member can contact the Claims Administrator to receive an additional copy of the notice. The postcard shall not contain any additional information or statements. Nothing in this Section 2.6.9 shall be construed to extend the Notice Response Deadline or the Claim Certification Form Deadline for any Class Member. The reasonable costs expended in association with the preparation and mailing of the postcards contemplated by this Section shall be included as part of the Administrative Costs and paid out of the Maximum Settlement Amount.

2.6.10 If the Court provides authorization to send the Notice Regarding Pendency of Class Action to Class Members by entering the Notice Approval Order, in addition to the mailing of the Class Notice to all Class Members at their Last Known Addresses as set forth above, AGE, with input from Class Lead Counsel, will arrange for publication in the national edition of the Wall Street Journal on a date to be agreed upon by the Settling Parties of a notice summarizing the language contained in the Notice Regarding Pendency of Class Action. The cost of the publication shall be included as part of the Administrative Costs and paid out of the Maximum Settlement Amount.

2.6.11 Within ten days following the filing of this Stipulation with the Court, AGE shall serve upon the Attorney General of the United States and the appropriate State official of each State in which any Class Member resides a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. § 1715. A copy of the CAFA Notice is attached as Exhibit 4.

2.7    *Responses to the Notice Regarding Pendency of Class Action.*

2.7.1    Class Members have the option to retain their own attorney(s) in connection with this Lawsuit at their own expense.  Class Members who choose this option will be responsible for any attorneys' fees or costs incurred as a result of this election.  The Notice Regarding Pendency of Class Action will advise Class Members of this option.

2.7.2    Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Lawsuit, the settlement and the Settlement Class.  Class Members who wish to exercise this option must fully complete, properly execute, and timely mail, per the instructions therein, the form entitled "Election to Opt Out of Settlement and Class Action" attached to the Notice Regarding Pendency of Class Action as Form B.  If a fully completed and properly executed Opt Out form is not received by the Court from a Class Member postmarked on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to opt out of the Settlement Class.  Class Members who do not timely submit fully completed and properly executed Opt Out forms shall be deemed Members of the Settlement Class. Class Members who do timely submit fully completed and properly executed Opt Out forms shall have no further role in the Litigations, and for all purposes they shall be regarded as if they never were either a party to the Litigations or a Class Member, and thus they shall not be entitled to any benefit as a result of the Litigations, this settlement or this Stipulation.

2.7.3    Class Members who do not opt out of the Settlement Class pursuant to Section 2.7.2 may object to the Stipulation by simultaneously submitting written objections to the Court and mailing copies of their written objection to Class Counsel, counsel for AGE, and the Claims Administrator no later than the Notice Response Deadline.  The Class Notice shall advise Class Members of this option.  Any objections must be in writing and timely submitted as required in this Section 2.7.3 or else they will be waived.  The Claims Administrator shall immediately provide copies of any such objections to counsel of record.

2.7.4    Class Members who do not opt out of the Settlement Class pursuant to Section 2.7.2 may elect to become Participating Claimants.  Class Members who wish to exercise this option and certify their entitlement to payment under the settlement must fully and timely

1   complete, execute, and mail, per the instructions therein, both of the following forms:  (a) the form

2   entitled "Consent to Join Settlement Form" attached to the Notice Regarding Pendency of Class

3   Action as Form D and (b) the form entitled "Settlement Claim Certification Form" attached to the

4   Notice Regarding Pendency of Class Action as Form C.  Both the Settlement Claim Certification

5   Form and the Consent To Join Settlement Form must be postmarked no later than the Claim

6   Certification Form Deadline.  If a Participating Claimant disagrees with the number of Compensable

7   Months in any state as printed on his or her Settlement Claim Certification Form, the Participating

8   Claimant must write his or her correct dates of employment as a Financial Consultant for AGE in

9   that state during the relevant Class Period on the Settlement Claim Certification Form and provide

10  documents (e.g., check stubs, cancelled checks, payroll documents, or registration records)

11  evidencing his or her claim.  The Compensable Months listed on the Settlement Claim Certification

12  Form will be presumed to be accurate unless the Participating Claimant proves otherwise.  If both a

13  completed and properly executed Settlement Claim Certification Form and a completed and properly

14  executed Consent To Join Settlement Form are not received by the Claims Administrator from a

15  Class Member and timely postmarked on or before the Claim Certification Form Deadline, then that

16  Class Member will be deemed to have forever waived his or her right to be a Participating Claimant

17  and receive payment under this settlement.  However, as long as they do not properly submit Opt

18  Outs, Class Members shall be deemed Members of the Settlement Class and shall be subject to the

19  Judgment even if they do not submit a Qualifying Settlement Claim Certification Form or a Consent

20  To Join Settlement Form in a timely and proper fashion.  Any Class Members who submit either a

21  Claim Certification Form or a Consent To Join Settlement Form, but not both, shall be sent a cure

22  letter by the Claims Administrator reminding them that they must submit both forms on a timely

23  basis if they wish to be entitled to a payment pursuant to the settlement and this Stipulation.  Only

24  Class Members who timely and properly complete, execute and submit both a Qualifying Claim

25  Certification Form and a Consent To Join Settlement Form shall be Participating Claimants entitled

26  to payment pursuant to the settlement and this Stipulation.  In the event of any dispute over a

27  Participating Claimant's Compensable Months, or the timeliness or completion of a Class Member's

28  Settlement Claim Certification Form or Consent To Join Settlement Form, the Claims Administrator

shall promptly notify the Parties of the dispute, and the Parties shall meet and confer in good faith in an attempt to resolve that dispute.  If the dispute cannot be resolved, it shall be submitted to the Claims Administrator for its final, non-appealable determination applying the Definitions stated in Section 1 and the rules, presumptions and burdens of proof stated above in this Section 2.7.4, and any other applicable provision of this Stipulation.  In no event may the Claims Administrator disregard or vary the terms of this Stipulation.

2.7.5   Any Class Members who, before the Notice Response Deadline, submit both a fully completed and properly executed Opt Out and a Qualifying Settlement Claim Certification Form and/or a Consent To Join Settlement Form, shall be sent a cure letter (in a form similar to that attached as Exhibit 5) by the Claims Administrator seeking clarification of whether they intend to opt out of the settlement and the Settlement Class or become a Participating Claimant. Absent a response to the contrary, such Class Members will be deemed to have opted out of the Settlement Class pursuant to Section 2.7.2.

2.7.6   Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute, and mail, per the instructions therein, the form entitled "Change of Name and/or Address Information" attached to the Notice Regarding Pendency of Class Action as Form A.  The address provided shall be the "Updated Address" for any such Class Member.

2.8    *Order of Final Approval  and Timing of Payment to Participating Claimants.*

2.8.1   Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representatives and AGE shall jointly move the Court for entry of the Order of Final Approval (and the associated entry of Judgment).   The Settling Parties shall make all reasonable efforts to secure entry of the Order of Final Approval.

2.8.2   Within thirty (30) calendar days of and only after the Effective Date, AGE shall mail to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, his or her individual payment pursuant to and in accordance with the terms and conditions of Section 2.3.1, less tax deductions and withholdings.

2.8.3   Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of one hundred eighty (180) days from the date of mailing.  The Claims Administrator will make reasonable efforts under the direction of the Parties to locate and contact Participating Claimants who have not negotiated checks issued to them pursuant to Section 2.8.1.  The funds associated with any checks not properly or timely negotiated shall remain the property of AGE and shall not be paid to any Person other than AGE, except that if a Class Member demonstrates to the reasonable satisfaction of counsel for AGE and Class Counsel that he or she had a reasonable excuse for failing to negotiate the check within 180 days, AGE shall reissue the check, which shall become void if not negotiated within 30 days.  The Settling Parties hereby agree that such funds represent settlement payments for matters disputed in good faith, not uncontested wage payments, and they shall not be subject to escheat rules, *cy pres,* or other distribution not provided for in this Stipulation.  Participating Claimants who fail to negotiate their check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of the Stipulation and Judgment.

2.8.4   Following the mailing of the payments to Participating Claimants discussed in Section 2.8.2, AGE shall provide Class Counsel with a written confirmation of this mailing.  Upon receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of judgment with the Court in the Litigations on behalf of the Settlement Class.

2.9   *Release of Claims.*

2.9.1   Upon the Effective Date, the Class Representatives and each of the Settlement Class Members, including all Participating Claimants, on behalf of themselves, and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released State Law Claims as defined in Section 1.42.

2.9.2   In addition, upon the Effective Date, the Class Representatives and each of the Participating Claimants, on behalf of themselves, and each of their heirs, representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall

1    have, fully, finally, and forever released, dismissed with prejudice, relinquished, and discharged all

2    Released Federal Law Claims as defined in Section 1.43.

3           2.10   *Payment of Costs and Attorneys' Fees, and Enhancements to the Class*

4    *Representatives.*

5                2.10.1 Not more than twenty (20) days after the Effective Date, and only if

6    the Effective Date occurs, subject to Court approval, AGE will pay Class Lead Counsel an amount

7    approved by the Court, not to exceed $3,000,000 plus a prorated share of the interest accrued on

8    such amount as provided in Sections 1.1 and 1.24, as payment in full for all attorneys' fees, and up

9    to $100,000 as payment in full for all allowable litigation costs and expenses.  Payments made per

10   this Section shall constitute full satisfaction of any and all claims for attorneys' fees or costs, and the

11   Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class

12   Members, agree that they shall not seek nor be entitled to any additional attorneys' fees or costs

13   under any theory.  The Class Representatives and Class Counsel agree that they shall be responsible

14   for justifying the amount of this cost and fee payment to the Court, and they agree to submit, as

15   appropriate, the necessary materials to justify this payment along with the Settling Parties' joint

16   motion for entry of the Order of Final Approval (and the associated entry of Judgment) pursuant to

17   Section 2.8.1.  Provided it is consistent with this Stipulation, AGE will not oppose the amount of

18   fees or costs requested by Class Counsel.  In the event that the Court (or any appellate court) awards

19   less than the amount requested for attorneys' fees and/or costs, or less than the amount requested for

20   Enhancement payments for Class Representatives, only the awarded amounts shall be paid and such

21   payment shall constitute satisfaction of the obligations of Section 2.10 and full payment thereunder,

22   and, except as provided in Section 2.2.3, any remaining or unawarded portion of the requested

23   attorney's fees, litigation costs, and/or Enhancements (together with a prorated share of the accrued

24   interest provided for in Section 1.24) shall remain the property of AGE.  If the Effective Date occurs,

25   AGE shall satisfy its obligations under this Section 2.10.1 by wiring Class Lead Counsel the full

26   amount of attorneys' fees and litigation costs approved by the Court.  Class Lead Counsel shall

27   provide counsel for AGE with its taxpayer identification number, Form W-9s, and wire transfer

28   instructions.  Other than AGE's reporting these payments as required by this Stipulation or

1   applicable law, Class Counsel and the Class Representatives shall alone be responsible for the

2   reporting and payment of any federal, state, and/or local income or other form of tax on any payment

3   they receive pursuant to this Section 2.10. The effectiveness of this Settlement is <u>not</u> conditioned

4   upon the Court awarding any specific amount as Attorneys' Fees, litigation costs, or Enhancements,

5   provided the amounts awarded do not exceed the maximum amounts set forth above. In addition,

6   the Class Representatives and Class Counsel, on behalf of themselves and all Settlement Class

7   members, agree that, in the event any other or additional attorneys' fees or costs are awarded by the

8   Court (or any appellate court), such fees and costs shall be paid out of the Settlement Consideration.

9          2.10.2 Not more than thirty (30) calendar days after the Effective Date, and

10  only in the event that the Effective Date occurs, AGE will forward two separate checks to each Class

11  Representative who has timely signed and submitted his or her full, general, and comprehensive

12  release of the Class Representatives' Released Claims set forth in Section 1.12 as required below,

13  and a Consent to Join Settlement Form, which checks shall be payable to each such Class

14  Representative in his personal capacity only. The checks shall be sent to such Class Representatives

15  via their counsel of record. The first said check for each such Class Representative shall be his or

16  her individual payment as a Participating Claimant, pursuant to Sections 2.3 and 2.8. The second

17  said check for each such Class Representative shall be compensation and consideration in an amount

18  to be approved by the Court of up to $10,000 as an Enhancement payment for the efforts of the Class

19  Representatives in the Litigations. Each Class Representative shall be required to sign a full release

20  of the Class Representatives' Released Claims set forth in Section 1.12 in exchange for receiving his

21  Participating Claimant payment and Enhancement payment, and to send the same, together with a

22  fully completed and signed Consent to Join Settlement Form, to the Claims Administrator so that

23  they are postmarked on or before the Claim Certification Form Deadline. If a Class Representative's

24  release or Consent to Join Settlement Form as described above is not received by the Claims

25  Administrator and timely postmarked on or before the Claim Certification Form Deadline, then the

26  Class Representative will be deemed to have forever waived his or her right to be a Participating

27  Claimant and to receive any payments whatsoever under this settlement, and will also be deemed

28  Members of the Settlement Class subject to the Judgment. Through this agreement, Carl J. Basile,