Allan B. Rosenthal, Philip J. Richman, James D. Nelson, Mark Steen, David Stabile and Terry Tobin each agree to be a Member of the Settlement Class and a Participating Claimant subject to the Judgment, and in light of this agreement, it shall not be necessary for them to be sent a Notice Regarding Pendency of Class Action or for them to complete a Settlement Claim Certification Form. The Settling Parties agree that AGE shall report the Enhancement payment as non-wage income in the year of payment, and that AGE will report the payment of each Class Representative's individual payments pursuant to Sections 2.3 and 2.8 according to the terms of this Agreement, and with the understanding that each Class Representative will be deemed to have submitted a timely and valid claim. Other than the reporting and withholding set forth in this Section, and with the exception of the employer's share of any federal, state and local taxes, each Class Representative shall be responsible for the reporting and payment of any federal, state, and/or local income or other form of tax on any payment made to him or her pursuant to this Section.

2.10.3  AGE shall have no responsibility for, and no liability whatsoever with respect to the allocation of the Settlement Consideration among the Class Representatives, Class Counsel, and/or any other Person or entity who may assert some claim thereto, of any award or payment of the Settlement Consideration issued or made in the Litigations or pursuant to this Stipulation, including, but not limited to, any award or payment pursuant to this Section 2.10.

2.11    *Claims Administrator.*

2.11.1  The Parties have agreed to propose as the Claims Administrator The Garden City Group, Inc., for this Court's consideration and approval. The Claims Administrator will be responsible for locating the Class Members, mailing the Class Notice to Class Members, collecting the claim forms, responding to Class Member inquiries, and performing such other duties as the Parties may mutually direct or as are specified herein.

2.11.2  Up to a maximum of $200,000 of the Maximum Settlement Amount shall be allocated to the fees and expenses reasonably incurred by the Claims Administrator as a result of the procedures and processes expressly required by this Stipulation. In no event will the fees and expenses incurred by the Claims Administrator cause AGE's total payments to exceed the Maximum Settlement Amount.

2.11.3 The actions of the Claims Administrator shall be governed by the terms of this Stipulation.  AGE may engage in communications with the Claims Administrator concerning routine administrative matters and make payment to the Claims Administrator for its services and engage in related communications with the Claims Administrator with copies to Class Counsel, but without notice or copies to any Class Members or the Court.  Class Counsel and AGE may provide relevant information needed by the Claims Administrator per this Stipulation and engage in related communications with the Claims Administrator with notice and copies to one another.

2.11.4 In the event that either AGE or Class Counsel takes the position that the Claims Administrator is not acting in accordance with the terms of the Stipulation, such party shall meet and confer with opposing counsel prior to raising any such issue with the Claims Administrator or the Court.  In the event that one or more Class Members inform the Claims Administrator or Class Counsel that they believe the Claims Administrator is not acting in accordance with the terms of the Stipulation or has any complaints about the Claims Administrator or any decision by the Claims Administrator, the issue shall be promptly brought to the attention of the Parties, who shall meet and confer in a good faith effort to resolve the issue.

2.12    *Termination of the Settlement.*

2.12.1 In the event that the Stipulation is not approved in its entirety as is by the Court, excluding modifications that AGE determines in its reasonable and good faith judgment to not be material modifications, or in the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, no payments shall be made by AGE to anyone in accordance with the terms of this Stipulation, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval, the Class Representatives shall dismiss with prejudice the Consolidated Action, and this Stipulation (except for those provisions relating to the termination of the settlement set forth in Sections 2.1 and 2.12, and those provisions relating to the conditional nature and confidentiality of this settlement, non-admissibility and non-admission of wrongdoing or liability, the return of documents, and

1  attorneys' fees and litigation costs set forth in Sections I, IV, 2.1.2, 2.12.4, 2.13.4, 2.13.5, 2.13.20,

2  2.13.21 and 2.13.22 and the last sentence of Section 2.13.15) shall be deemed null and void *ab initio*,

3  its terms and provisions shall have no further force or effect and shall not be referred to or utilized in

4  this Litigation or any other proceeding for any purpose whatsoever, the negotiation, terms and entry

5  of the Stipulation shall remain subject to the Parties' mediation agreement, and the provisions of

6  Federal Rule of Evidence 408 and any similar or analogous state laws or rules, any Judgment or

7  order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated,

8  *nunc pro tunc*, and all other terms and provisions of Section 2.12.4 shall apply.  Notwithstanding any

9  other provision of this Stipulation, no order of the Court, or modification or reversal on appeal of

10  any order of the Court, reducing the amount of any attorneys' fees or costs to be paid by AGE to

11  Class Counsel or reducing the amount of any Enhancement to be paid to the Class representatives

12  shall constitute grounds for cancellation or termination of the Stipulation or grounds for limiting any

13  other provision of the Judgment.

14        2.12.2 AGE shall have the absolute discretionary right to terminate this

15  Settlement Agreement and Stipulation through written notice to Class Counsel and the Claims

16  Administrator within twenty-one (21) days of its receipt of notice that any of the following events

17  have occurred:

18        2.12.2.1 In the event that either (a) five percent (5%) or more of the

19  Class Members nationwide, or (b) both thirty (30) or more Class Members in any state and ten

20  percent (10%) or more of the Class Members in that state opt out of the Settlement Class by

21  submitting Opt Outs pursuant to Section 2.7.2.

22        2.12.2.2 In the event that the Stipulation is construed in such a fashion

23  that would require AGE to pay more than the Maximum Settlement Amount.

24        2.12.2.3 In the event that the Court does not certify, for settlement

25  purposes, a class action and collective action consistent with Section 2.1.1, or otherwise makes an

26  order materially inconsistent with any of the terms of this Stipulation.

27

28

---

2.12.2.4 In the event the Court decides not to enter the Preliminary Approval Order in its entirety, or to enter the Preliminary Approval Order with modifications that AGE determines in its reasonable and good faith judgment to be material.

2.12.2.5 In the event of any finding or ruling by this Court or an appellate court in the Consolidated Action, or by any court or appellate court in any of the Litigations, that directly or indirectly modifies or affects (a) the extent or scope of the Released State Law Claims or the Released Federal Law Claims provided for in this Stipulation; or (b) the Maximum Settlement Amount to be paid by AGE pursuant to the Settlement; or (c) AGE's right (except as provided in Section 2.2.3) to retain any portion of the Maximum Settlement Amount not approved or awarded by the Court or claimed by Participating Claimants (*i.e.*, any finding or ruling that (except as provided in Section 2.2.3) any portion of the Maximum Settlement Amount not approved or awarded by the Court or claimed by Participating Claimants does not remain the property of AGE**).**

2.12.2.6 In the event that any court, prior to the Court's Order of Final Approval, whether on a conditional basis or not, certifies a class or collective action that involves any claim included in the Released State Law Claims, the Released Federal Law Claims, or the Class Representatives' Released Claims set forth, respectively, in Sections 1.42, 1.43 and 1.12.

2.12.2.7 In the event that any pending litigation or other litigation that is filed prior to the Court's Order of Final Approval in any way prevents any of the claims covered by this settlement and Stipulation, including without limitation the Released State Law Claims, the Released Federal Law Claims, and the Class Representatives' Released Claims from being extinguished.

2.12.3 To the extent AGE chooses to exercise the option established in Section 2.12.2 and its subsections, it must do so through written notice to the Court, Class Counsel and the Claims Administrator prior to approval of the Order of Final Approval.

2.12.4 In the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if

the Judgment does not become a Final Judgment, or if the Effective Date does not occur, notwithstanding any of the provisions of this Section 2.12 and all its subsections:

2.12.4.1 The Stipulation, including without limitation the reservation of jurisdiction in Section 2.13.15 (except for those provisions relating to the termination of the settlement set forth in Sections 2.1 and 2.12, and those provisions relating to the conditional nature and confidentiality of this settlement, non-admissibility and non-admission of wrongdoing or liability, the return of documents, and attorney fees and litigation costs set forth in Sections I, IV, 2.1.2, 2.12.4, 2.13.4, 2.13.5, 2.13.20, 2.13.21 and 2.13.22 and the last sentence of Section 2.13.15), shall be deemed null and void *ab initio* and of no further force or effect, the Stipulation and its terms and provisions shall have no further force and effect with respect to the Settling Parties and shall not be used, referred to or admissible in the Litigations or in any other action or proceeding for any purpose whatsoever, any Judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc,* and the negotiation, terms and entry of the Parties' settlement and this Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408.

2.12.4.2 No payments shall be made by AGE to anyone under or pursuant to the terms of this Stipulation, except as provided in Section 2.12.4.6, and the Settling Parties will bear their own costs and fees with regard to the efforts to obtain Court approval.

2.12.4.3 The Class Representatives shall dismiss with prejudice the Consolidated Action. In addition, if any or all of the Litigations were transferred to the Court and/or consolidated with the Consolidated Action, each order affecting any such transfer and/or consolidation shall be deemed null and void *ab initio,* and of no further force or effect, shall be treated as vacated *nunc pro tunc,* and shall not be used, referred to or admissible in the Litigations or in any other action or proceeding for any purpose whatsoever. The Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that the Litigations should be transferred to and/or consolidated in the Court based upon any such order, AGE's agreement to seek any such order, or any action taken in furtherance of or pursuant to this settlement or the Stipulation.

2.12.4.4  Both Parties would be free to assert any and all claims and defenses in the Litigations as if the Settlement and this Stipulation had never occurred.  Thus, AGE would be free to challenge any and all claims and allegations asserted by Plaintiffs in the Litigations upon all procedural and factual grounds, to contest Plaintiffs' request for class treatment on any grounds, to assert any and all potential defenses and privileges, and to oppose any effort by the Class Representatives and Class Counsel to seek to have the Litigations transferred to and/or consolidated in the Court.  The Class Representatives and Class Counsel agree that AGE retains and reserves these rights, and that they will not take a position to the contrary, and further agree that, if the Litigations were to proceed, they will not argue, and hereby waive any argument that, based upon the Parties' settlement or this Stipulation or the exhibits thereto, or any act performed or document executed pursuant to or in furtherance of the settlement or this Stipulation, AGE should be barred from contesting class certification on any grounds, asserting any and all other potential defenses and privileges, or opposing any petition seeking to have the Litigations transferred to and/or consolidated in the Court.

2.12.4.5  If the Class described in Section 1.6 has already been certified for settlement purposes, the Parties will jointly move, as soon as practicable, to decertify the Class.

2.12.4.6  The Parties shall each be responsible for one-half of the fees and costs of the Claims Administrator and the Special Master incurred through the date of the failure of the Stipulation, except that AGE shall be solely responsible for paying Administrative Costs incurred by the Claims Administrator and the Special Master and neither the Class Representatives nor Class Counsel shall have any responsibility or obligation for the payment of such fees and costs in the event the Effective Date does not occur because AGE exercised its right to terminate the settlement and the Stipulation under Sections 2.12.2.1, 2.12.2.6 or 2.12.2.7.

2.12.4.7  The Basile, Rosenthal, Stabile, Richman, Steen and Tobin actions may proceed without prejudice as if this settlement had not been entered into and AGE will not raise delay in prosecution as a defense to the prosecution of these cases or the certification of a

1  class or collective action therein insofar as it relates to the period between June 13, 2007 and the date

2  that the settlement set forth in the Stipulation becomes void.

3      2.13   *Miscellaneous Provisions*.

4      2.13.1 The only Class Members, other than the Class Representatives,

5  entitled to any payment under this Stipulation and the associated Judgment are Participating

6  Claimants, and they shall be entitled to their individual payments pursuant to Section 2.3 only.

7      2.13.2 AGE's sole obligations to Class Counsel, the Class Representatives

8  and the Claims Administrator are set forth in this Stipulation.  Class Counsel and the Claims

9  Administrator shall hold AGE harmless for an award of fees or costs beyond those made in

10  accordance with the Stipulation and shall not seek to recover any fees or costs awarded in excess of

11  the terms in this Stipulation.  Class Counsel and the Class Representatives, on behalf of themselves

12  and all Settlement Class Members, agree that, in the event any fees or costs of any kind beyond those

13  expressly provided for in this Stipulation are awarded by the Court (or any appellate court), such

14  fees and costs shall be part of the Administrative Costs and paid out of the Maximum Settlement

15  Amount and shall result in a corresponding reduction in the Net Settlement Amount.

16      2.13.3 The Settling Parties (a) acknowledge that it is their intent to

17  consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect

18  and implement all terms and conditions of the Stipulation and to exercise their best efforts to

19  accomplish the foregoing terms and conditions of the Stipulation, including but not limited to

20  obtaining (i) the transfer to the Court or stay of any pending class or collective action lawsuit that

21  alleges any of the Released State Law Claims and/or Released Federal Law Claims set forth in

22  Sections 1.42 and 1.43, respectively, of this Stipulation, and (ii) the dismissal, transfer to the Court,

23  or stay of any subsequently-filed class or collective action lawsuit that alleges any of the Released

24  State Law Claims and/or Released Federal Law Claims set forth in Sections 1.42 and 1.43,

25  respectively, of this Stipulation.

26      2.13.4 The Stipulation compromises claims which are contested in good faith,

27  and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or

28  any potential defense.  The Settling Parties agree that the amounts to be paid pursuant to this

1  settlement and the other terms of the settlement and this Stipulation were negotiated in good faith by

2  the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with

3  competent legal counsel.

4          2.13.5  AGE specifically and generally denies all of the claims asserted in the

5  Consolidated Action and the Litigations, denies any and all liability or wrongdoing of any kind

6  whatsoever associated with any of the facts or claims alleged in the Consolidated Action or the

7  Litigations, and makes no concessions or admissions of wrongdoing or liability of any kind

8  whatsoever.  Neither the Stipulation nor the settlement, nor any act performed or document executed

9  pursuant to, or in furtherance of, the Stipulation or the settlement:  (a) is or may be deemed to be or

10  may be used as an admission or evidence of, the validity of any Released Claim, or of any

11  wrongdoing or liability of the AGE Releasees, or any of them; or (b) is or may be deemed to be or

12  may be used as an admission or evidence of, any fault or omission of the AGE Releasees, or any of

13  them, in any civil, criminal or administrative proceeding in any court, administrative agency, or

14  other tribunal.  The Class Representatives and Class Counsel agree not to argue or present any

15  argument, and hereby waive any argument, that AGE could not contest (or is estopped from

16  contesting) class or collective action treatment pursuant to either Federal Rule of Civil Procedure 23

17  or 29 U.S.C. § 216(b) on any grounds if the Court fails to enter the Order of Final Approval; this

18  Stipulation shall not be deemed an admission by, or ground for estoppel against AGE that class or

19  collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29 U.S.C. §

20  216(b) in the Consolidated Action or the Litigations is proper or cannot be contested on any grounds.

21          2.13.6  All of the exhibits and attachments to the Stipulation are material and

22  integral parts hereof and are fully incorporated herein by this reference.

23          2.13.7  The Stipulation may be amended or modified only by a written

24  instrument signed by authorized representatives of all Settling Parties or their respective successors-

25  in-interest.

26          2.13.8  The Stipulation and the exhibits and attachments hereto constitute the

27  entire agreement among the Settling Parties, and no representations, warranties, or inducements have

28  been made to any party concerning the Stipulation or the exhibits and attachments hereto other than

the representations, warranties, and covenants contained and memorialized in such documents. Except as otherwise provided herein, each party shall bear its own costs.

2.13.9   Class Counsel, on behalf of the Class Representatives and the Class, represent that, after consultation with and approval by all of the Class Representatives, they are expressly authorized by the Class Representatives to enter into this Stipulation, take all appropriate action required or permitted to be taken by the Class Representatives and the Class pursuant to the Stipulation to effect its terms, and enter into any modifications or amendments to the Stipulation on behalf of the Class Representatives and the Class which they deem appropriate. Similarly, AGE's Counsel represents that it is expressly authorized to enter into this Stipulation, take all appropriate action required or permitted to be taken by AGE pursuant to the Stipulation to effect its terms, and enter into any modifications or amendments to the Stipulation on behalf of AGE which they deem appropriate.

2.13.10   Each counsel or other Person executing the Stipulation or any of the exhibits or attachments hereto on behalf of any party hereby warrants that such Person has the full authority to do so.

2.13.11   The Stipulation may be executed in one or more counterparts. All executed counterparts and each of them shall be deemed to be one and the same instrument.   A complete set of original executed counterparts shall be filed with the Court.

2.13.12   Whenever this Stipulation requires or contemplates that one party, the Court or the Claims Administrator shall or may give notice to another, notice shall be provided by facsimile and/or next-day (excluding Sundays and court holidays) express delivery service as follows:

(i)  If to AGE, then to:

Andrew J. Schaffran
Morgan Lewis & Bockius LLP
101 Park Avenue
New York, New York  10178
Facsimile: (215) 309-6380

(ii)  If to Class Representatives, then to:

Jeffrey G. Smith
Robert Abrams
Wolf Haldenstein Adler Freemen & Herz LLP
270 Madison Avenue
New York, NY 10016
Facsimile: (212) 545-4653.

2.13.13    The Stipulation shall be binding upon, and inure to the benefit of, the heirs, executors, successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third party beneficiaries either express or implied.

2.13.14    The Class Representatives and AGE waive their right to seek any form of appellate review of any order or judgment that approves the settlement as set forth in this Stipulation in its entirety as is, except for changes to formatting, corrections of typographical errors or other immaterial changes that do not affect a material provision of the Stipulation in a material way within the meaning of Section 2.12 above.

2.13.15    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation.   Any action to enforce the settlement provided for in this Stipulation shall be commenced and maintained only in the Court.  It is further expressly agreed and stipulated that the Court shall have exclusive jurisdiction and authority to consider, rule upon, and issue a final order with respect to any dispute involving any of the Settling Parties, including any suit or other action or proceeding, whether judicial, administrative or otherwise, which may be instituted by any person or entity, individually or derivatively, with respect to any matter relating to a subject matter of the settlement set forth in this Stipulation, and AGE and the Class Representatives, on behalf of themselves and all Settlement Class members, hereby irrevocably submit to the exclusive jurisdiction and venue of the Court with respect thereto.  In the event of any such dispute, AGE and Class Counsel and the Class Representatives, on behalf of themselves and all Settlement Class Members, waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of said Court, or that said Court is in any

1    manner an improper venue or an inconvenient forum. This reservation of jurisdiction does not limit

2    any other reservation of jurisdiction in this Stipulation nor do any other such reservations limit the

3    reservation in this Section. In the event this Stipulation is terminated, cancelled, declared null and

4    void, or fails to become effective in accordance with its terms, or if the Judgment does not become a

5    Final Judgment, or if the Effective Date does not occur, then, notwithstanding any other provision in

6    this Stipulation, this reservation of jurisdiction shall be of no force and effect, and shall not apply to

7    any dispute concerning the transfer and/or consolidation of any of the Litigations in any court.

8             2.13.16    The parties agree and understand that there shall be no injunctive

9    relief included as part of any Court order as to them.

10            2.13.17    The Stipulation and the exhibits hereto shall be considered to have

11   been negotiated, executed, and delivered, and to have been wholly performed, in the State of New

12   York, and the rights and obligations of the parties to the Stipulation shall be construed and enforced

13   in accordance with, and governed by, the substantive laws of the State of New York without giving

14   effect to that State's choice of law principles.

15            2.13.18    This Stipulation shall be construed as a whole according to its fair

16   meaning and intent, and not strictly for or against any party, regardless of who drafted or who was

17   principally responsible for drafting this Stipulation or any specific term or condition thereof. The

18   parties acknowledge that the terms of the Stipulation are contractual and are the product of arms-

19   length negotiations between the parties and their counsel. Each party and their counsel cooperated in

20   the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the

21   Stipulation shall not be construed against any party and any statutory provision regarding contract

22   interpretation to the contrary shall not be applied.

23            2.13.19    This Stipulation and the associated Judgment do not and will not

24   create any unpaid residue or unpaid residual, and no distribution of such shall be required. The

25   Parties agree that California Code of Civil Procedure section 384, which is a procedural rule that

26   governs class actions in California state court, does not apply in the Litigations or this Settlement,

27   and any finding or ruling to the contrary will be a ground for AGE to void the Settlement and

28   Stipulation in its sole and absolute discretion.

2.13.20    Other than necessary disclosures made to the Court, the fact of settlement, the contents of this Stipulation and the attachments hereto, the Parties' settlement negotiations and all related information shall be held strictly confidential by Class Counsel and the Class Representatives and shall not be disclosed to any third parties (including the media) until such time as the Court issues a Preliminary Approval Order.  After entry of the Preliminary Approval Order, Class Counsel and the Class Representatives may communicate with Class members for purposes of implementing, administering and enforcing the settlement as provided herein, and Class Counsel may respond to inquiries they receive from Class Members.  Class Counsel and AGE shall not issue or cause to be issued any statements to the media regarding the Settlement or any of its terms; provided, however, that, Class Counsel and AGE may respond to any inquiries they receive from the media after the issuance of the Preliminary Approval Order, or to any media reports on the Settlement or its terms, by accurately describing the Settlement and its terms.  Class Counsel and AGE will not mention this settlement or Stipulation on their respective websites, except that, after the Class Notice has been mailed by the Claims Administrator, Class Counsel may post on its website  a copy of the Stipulation together with the attachments thereto, copies of any orders of the Court in the Consolidated Action, and a brief description of the Litigations and the settlement that is either taken verbatim from the Stipulation or the attachments thereto, or approved in writing by AGE or the Court.  Nothing herein shall be construed to limit Class Counsel's legal right to communicate with the Class Representatives, or with Class Members who initiate communications with them.

2.13.21    Within thirty (30) days after the Effective Date, or the date that the Settlement is terminated in accordance with this Stipulation, the Class Representatives and Class Counsel shall either destroy or return to AGE all originals and duplicate copies of documents and materials produced or obtained from AGE during the Litigations or in connection with the implementation of the settlement, including all documents and materials provided by AGE to the Class Representatives and/or Class Counsel by initial disclosures, formal discovery, or informal discovery including all settlement discussions, or pursuant to this Stipulation.  This shall include, but not be limited to, business records, proprietary information, compensation information, or any other documents, materials, summaries, or notes dealing with or in any way related to the claims asserted,

the settlement or this Stipulation. Each Class Representative and each Class Counsel shall certify within ten (10) days after the end of such thirty (30) day period that he, she or it has returned or destroyed all such documents and materials and all copies thereof. No documents or materials described in this Section 2.13.21 shall be offered for sale or distributed to any person or entity by any Class Representative or Class Counsel. All originals or reproductions of any such documents and materials given to any party, expert, consultant, or other Person or entity shall be retrieved by Class Counsel and then destroyed or returned to AGE, and all such Persons or entities who had been provided such documents or materials shall certify within thirty (30) days of the Effective Date, or the date that the Settlement is terminated in accordance with this Stipulation, that they have returned all such documents or materials and all copies thereof to Class Counsel, and Class Counsel shall certify within ten (10) days after the end of such thirty (30) day period that it has returned or destroyed all such documents and materials and all copies thereof. This provision is not intended to cover work product produced by Class Counsel, but is intended to cover any documents or other materials described herein that are attached to any work product and all such documents or materials attached to work product shall be returned to AGE. All such documents, information or materials incorporated into any work product shall be excised.

        2.13.22    In the event that any legal action is necessary to enforce any of the terms or provisions of this Stipulation or to address a breach or alleged breach of this Stipulation, the prevailing party in such action shall be entitled to recover its reasonable attorneys' fees and costs.

IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates

indicated below:

1

2

Dated: 2/6, 2008

_____
CARL J. BASILE

3

4

Dated: _____, 2008

_____
ALLAN B. ROSENTHAL

5

6

7

Dated: _____, 2008

_____
DAVID STABILE

8

9

Dated: _____, 2008

_____
PHILIP J. RICHMAN

10

11

12

Dated: _____, 2008

_____
JAMES D. NELSON

13

14

Dated: _____, 2008

_____
MARK STEEN

15

16

Dated: _____, 2008

_____
TERRY TOBIN

17

18

19

20

21

Dated: _____, 2008

_____
A.G. EDWARDS & SONS, INC.

22

23

By _____
Name

24

Title _____

25

26

27

28

1    IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates

2    indicated below:

3    Dated: _____, 2008

4                                                        CARL J. BASILE

5    Dated: January 29, 2008

6                                                        ALLAN B. ROSENTHAL

7

8    Dated: _____, 2008

                                                        DAVID STABILE

9

10   Dated: _____, 2008

11                                                       PHILIP J. RICHMAN

12   Dated: _____, 2008

13                                                       JAMES D. NELSON

14

15   Dated: _____, 2008

16                                                       MARK STEEN

17   Dated: _____, 2008

18                                                       TERRY TOBIN

19

20

21   Dated: _____, 2008                            A.G. EDWARDS & SONS, INC.

22

23                                                       By _____

24                                                       Name

                                                        Title

25

26

27

28

STIPULATION AND SETTLEMENT AGREEMENT
44

1    IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates

2    indicated below:

3    Dated: _____, 2008    _____

4    CARL J. BASILE

5    Dated: _____, 2008    _____

6    ALLAN B. ROSENTHAL

7    Februar 4,
     Dated: 2/4/, 2008    _____

8    DAVID STABILE

9

10   Dated: _____, 2008    _____

11   PHILIP J. RICHMAN

12   Dated: _____, 2008    _____

13   JAMES D. NELSON

14
     Dated: _____, 2008    _____
15
     MARK STEEN
16

17   Dated: _____, 2008    _____

18   TERRY TOBIN

19

20

21   Dated: _____, 2008    _____

22   A.G. EDWARDS & SONS, INC.

23   By _____

24   Name _____

25   Title _____

26

27

28

1        IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates

2    indicated below:

3      Dated: _____, 2008

4                                                        CARL J. BASILE

5      Dated: _____, 2008

6                                                        ALLAN B. ROSENTHAL

7

8      Dated: _____, 2008

                                                    DAVID STABILE

9

10     Dated: Feb, 21, 2008

11                                                       PHILIP J. RICHMAN

12     Dated: _____, 2008

13                                                       JAMES D. NELSON

14     Dated: _____, 2008

15                                                       MARK STEEN

16

17     Dated: _____, 2008

18                                                       TERRY TOBIN

19

20

21     Dated: _____, 2008

                                                    A.G. EDWARDS & SONS, INC.

22

23                                                        By

24                                                        Name

25                                                        Title

26

27

28

IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates indicated below:

Dated: _____, 2008

_____
CARL J. BASILE

Dated: _____, 2008

_____
ALLAN B. ROSENTHAL

Dated: _____, 2008

_____
DAVID STABILE

Dated: _____, 2008

_____
PHILIP J. RICHMAN

Dated: 2 - 15 , 2008

_____
JAMES D. NELSON

Dated: _____, 2008

_____
MARK STEEN

Dated: _____, 2008

_____
TERRY TOBIN

Dated: _____, 2008

_____
A.G. EDWARDS & SONS, INC.

By _____
Name

_____
Title

1    IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates

2  indicated below:

3  Dated: _____, 2008
                                              _____
4                                             CARL J. BASILE

5  Dated: _____, 2008
                                              _____
6                                             ALLAN B. ROSENTHAL

7
   Dated: _____, 2008
8                                             _____
                                              DAVID STABILE
9

10 Dated: _____, 2008
                                              _____
11                                            PHILIP J. RICHMAN

12
   Dated: _____, 2008                    _____
13                                            JAMES D. NELSON

14
   Dated: 1/30_____, 2008                    _____
15                                            MARK STEEN

16
   Dated: _____, 2008
17                                            _____
                                              TERRY TOBIN
18

19

20

21 Dated: _____, 2008                    _____
                                              A.G. EDWARDS & SONS, INC.
22

23                                            By _____
                                              Name
24                                            _____
25                                            Title

26

27

28

IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates indicated below:

Dated: _____, 2008

_____
CARL J. BASILE

Dated: _____, 2008

_____
ALLAN B. ROSENTHAL

Dated: _____, 2008

_____
DAVID STABILE

Dated: _____, 2008

_____
PHILIP J. RICHMAN

Dated: _____, 2008

_____
JAMES D. NELSON

Dated: _____, 2008

_____
MARK STEEN

Dated: 1/30___, 2008

_____
TERRY TOBIN

Dated: _____, 2008

_____
A.G. EDWARDS & SONS, INC.

By _____
Name

_____
Title

IN WITNESS WHEREOF, the undersigned have executed this Stipulation as of the dates indicated below:

Dated: _____, 2008

_____
CARL J. BASILE

Dated: _____, 2008

_____
ALLAN B. ROSENTHAL

Dated: _____, 2008

_____
DAVID STABILE

Dated: _____, 2008

_____
PHILIP J. RICHMAN

Dated: _____, 2008

_____
JAMES D. NELSON

Dated: _____, 2008

_____
MARK STEEN

Dated: _____, 2008

_____
TERRY TOBIN

_____
A.G. EDWARDS & SONS LLC, successor to
A.G. EDWARDS & SONS, INC.

Dated: _____, 2008

By _____
Name _____
Douglas L. Kelly
Title _____
Executive Vice President

Dated: March 7, 2008

_____/s/ Jeffrey G. Smith_____

Jeffrey G. Smith
Robert Abrams
Wolf Haldenstein Adler Freemen & Herz LLP
270 Madison Avenue
New York, New York 10016
(212) 545-4600

*Attorneys for Plaintiffs CARL J. BASILE and
ALLAN B. ROSENTHAL*

Dated: February 14, 2008

_____/s/ H. Tim Hoffman_____

H. Tim Hoffman
Hoffman & Lazear
180 Grand Avenue
Suite 1550
Oakland, CA 94612
(510) 763-5700

*Attorneys for Plaintiff PHILIP J .RICHMAN*

_____/s/ Mark Thierman_____

Dated: February 21, 2008

Mark Thierman
Thierman Law Firm P.C.
7287 Lakeside Drive, Suite 101
Reno, NV 89511
(775) 284-1500

*Attorneys for Plaintiff JAMES D. NELSON*

Dated: February 12, 2008

_____/s/ Gary F. Lynch_____

Gary F. Lynch
Carlson Lynch LTD
36 N. Jefferson Street
Post Office Box 7635
New Castle, PA 16107
(724) 656-1555

*Attorneys for Plaintiffs TERRY TOBIN and
MARK STEEN*

1

Dated: February 11, 2008

2

_____/s/ Gerald D. Wells_____
Gerald D. Wells

3

Schiffrin Barroway Topaz & Kessler, LLP
280 King of Prussia Road

4

Radnor, PA 19807
(610) 667-7706

5

6

*Attorneys for Plaintiff DAVID STABILE*

7

Dated:  March 7, 2008

_____/s/ Daryl S. Landy_____
Daryl S. Landy

8

Morgan Lewis & Bockius LLP

9

2 Palo Alto Square
3000 El Camino Real

10

Palo Alto, CA 94306
Telephone: (650) 843-7561

11

Facsimile: (650) 843-4001

12

Andrew J. Schaffran

13

Morgan Lewis & Bockius LLP
101 Park Avenue

14

New York, New York  10178
(212) 309-6380

15

16

*Attorneys for Defendant A.G. EDWARDS &*
*SONS, INC.*

17

18

19

20

21

22

23

24

25

26

27

AGE:15800.STIP

28

STIPULATION AND SETTLEMENT AGREEMENT
46