**EXHIBITS TO JOINT STIPULATION AND SETTLEMENT AGREEMENT**
**TABLE OF CONTENTS**

Exhibit 1.................................................................................................................48

Exhibit 2.................................................................................................................68

Exhibit 3.................................................................................................................72

    Form A...............................................................................................................84

    Form B...............................................................................................................85

    Form C...............................................................................................................87

    Form D...............................................................................................................92

        Schedule 1...................................................................................................93

        Schedule 2...................................................................................................95

Exhibit 4...............................................................................................................102

Exhibit 5...............................................................................................................106

Exhibit 6...............................................................................................................109

# EXHIBIT 1

1  FRANCIS M. GREGOREK (144785)
   RACHELE R. RICKERT (190634)
2  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
3  Symphony Towers
   750 B Street, Suite 2770
4  San Diego, CA 92101
   Telephone: 619/239-4599
5  Facsimile: 619/234-4599

6  JEFFREY G. SMITH (133113)
   WOLF HALDENSTEIN ADLER
7    FREEMAN & HERZ LLP
   270 Madison Avenue
8  New York, NY 10016
   Telephone: 212/545-4600
9  Facsimile: 212/545/4653

10 Attorneys for Plaintiffs

11 [Additional Counsel Appear on Signature Page]

12                **UNITED STATES DISTRICT COURT**

13              **SOUTHERN DISTRICT OF CALIFORNIA**

14

15 CARL J. BASILE, ALLAN B. ROSENTHAL,      )  CASE NO.
   PHILIP J. RICHMAN, JAMES D. NELSON,       )
16 DAVID STABILE, MARK STEEN and TERRY       )  CLASS ACTION
   TOBIN, on behalf of themselves and all others )
17 similarly situated,                        )  **CLASS AND COLLECTIVE**
                                              )  **ACTION COMPLAINT**
18            Plaintiffs,                      )
                                              )  DEMAND FOR JURY TRIAL
19       v.                                    )
                                              )
20 A.G. EDWARDS & SONS, INC.                  )
                                              )
21            Defendant.                       )
                                              )
22 _____    )

23

24

25

26

27

28

'08 CV 0338 DMS LSP

FILED
08 FEB 21 PM 3: 59
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY:            DEPUTY

ORIGINAL

Plaintiffs Carl J. Basile, Allan B. Rosenthal, Terry Tobin, David Stabile, Mark Steen, Philip J. Richman and James D. Nelson (collectively "Plaintiffs"), by and through their attorneys, bring this class and collective action on behalf of themselves and all other persons similarly situated who suffered damages as a result of violations of the Federal Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA"), and the wage and hour laws of all jurisdictions of the United States outside the State of California, including, without limitation, the wage and hour laws of New York, New Jersey, Ohio, Pennsylvania and Oregon, and as a result of other wrongful conduct and improper and unlawful wage and hour practices committed by Defendant, A.G. Edwards & Sons, Inc ("AGE" or "Defendants").

## NATURE OF THE ACTION

1.      Plaintiffs bring this lawsuit as a collective action under the FLSA, and as a class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and all other persons similarly situated who suffered damages as a result of the violations of the FLSA and of the wage and hour laws of all jurisdictions of the United States outside of the State of California, including, without limitation: (a) N. Y. Lab. Law §§160, 190 *et. seq.*, and 650, and N.Y. Comp. Code R. & Regs. tit. 12, ("NYCRR") §142.-2.1 *et seq.*; (b) N.J. Stat. Ann. ("N.J.S.A.") §§34.11-4.1 *et seq.*, and 34:11-56a *et seq.*, and N.J. Admin. Code tit. 12, §§12:56-4.3, 12:56-4.4; (c) Ohio Rev. Code Ann. §§4111 *et seq.*, 4113.15, 4113.16, and 4113.19; (d) 43 Pa. Stat. Ann. §§333.101 *et seq.*, and 260.1 *et seq.*, and 34 Pa. Code §§231.21, 231.31, 231.36, and 231.41; and (e) Or. Rev. Stat. Chapters 652 and 653 and Or. Admin. Rules 839-020-0030 (collectively, "State Wage and Hour Laws"), and as a result of other wrongful conduct and improper wage and hour practices committed by AGE.

2.      The persons Plaintiffs seek to represent are current and former Financial Consultants who were and/or are employed by Defendant on a commission or salary basis anywhere in the United States outside of the State of California, and to whom AGE: (a) failed to pay any type of overtime or other compensation required under the FLSA and/or applicable State Wage and Hour Laws; (b) failed to provide or pay for meal, break, and/or rest periods required by applicable State Wage and Hour Laws; (c) misclassified as exempt employees under the FLSA

- 1 -

and/or applicable State Wage and Hours Laws; (d) wrongly imposed, deducted, charged-back or failed to reimburse, indemnify, cover or pay for costs and penalties for broken trades, errors or mistakes, including improper trading error chargebacks or deductions in violation of the State Wage and Hour Laws and state common law; and (e) improperly imposed, deducted, charged-back or failed to reimburse, indemnify, cover or pay for business expenses, costs and deductions, including expenses, costs and deductions for support staff, marketing, advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies, office equipment, desk fees, license and registration fees, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts in violation of applicable State Wage and Hour Laws.

        3.      The groups and classes that Plaintiffs seek to represent are:

        (a)     the "Federal Collective Group" that consists of all individuals who were or are employed by AGE as Financial Consultants anywhere in the United States outside of the State of California, at any time since February 21, 2005 (the "Federal Eligibility Period") who timely opt-in to any such collective group; and

        (b)     the "State Law Class" consisting of all individuals employed by AGE as Financial Consultants anywhere in the United States outside of the State of California, at any time during the maximum applicable limitations periods authorized by the State Wage and Hour Laws of those jurisdictions, including, without limitation, all individuals: (i) employed by AGE as Financial Consultants in New York at any time since July 6, 2000; (ii) employed by AGE as Financial Consultants in New Jersey at any time since August 23, 2000; (iii) employed by AGE as Financial Consultants in Pennsylvania at any time since September 7, 2003; (iv) employed by AGE as Financial Consultants in Ohio at any time since May 29, 2001; and (v) employed by AGE as Financial Consultants in Oregon at any time since October 13, 2000 (collectively the "State Law Class Periods").

        4.      As a result of AGE's violations of the FLSA and the State Wage and Hour Laws, Plaintiffs and members of the Federal Collective Group and members of the State Law Class were unlawfully under-compensated for their work.

- 2 -

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction, 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005, and 28 U.S.C. §1367, supplemental jurisdiction of state law claims.

6.      Venue is proper in this District and, under 28 U.S.C. §1391(b)(1) and §1391(c), in the districts in which each of the consolidated actions were originally filed because Defendant resides in each of those districts and many of the acts complained of occurred in each of those districts.

## PARTIES

7.      During the Federal Eligibility Period, Plaintiffs Carl J. Basile, Allan B. Rosenthal, Terry Tobin, David Stabile, Mark Steen, Philip J. Richman and James D. Nelson, were all employed by AGE as Financial Consultants in the United States.

8.      During the applicable State Law Class Periods:

        (a)      Plaintiff Carl J. Basile was employed by AGE as a Financial Consultant in New York;

        (b)      Plaintiff Allan B. Rosenthal was employed by AGE as a Financial Consultant in New Jersey;

        (c)      Plaintiff Terry Tobin was employed by AGE as a Financial Consultant in Ohio;

        (d)      Plaintiffs David Stabile and Mark Steen were employed by AGE as Financial Consultants in Pennsylvania; and

        (e)      Plaintiffs Philip J. Richman and James D. Nelson were employed by AGE as Financial Consultants in Oregon.

9.      During the Federal Eligibility and the State Law Class Periods, Defendant AGE was and is a Delaware corporation and a securities brokerage firm with a retail branch distribution system, with its principal place of business in Missouri and offices located throughout the United States, including in New York, New Jersey, Pennsylvania, Ohio, and Oregon.  AGE employs thousands of individuals as Financial Consultants throughout the United States.

- 3 -

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

10.     Plaintiffs Carl J. Basile, Allan B. Rosenthal, Philip J. Richman, Mark Steen, James D. Nelson, David Stabile and Terry Tobin (the "Federal Collective Group Plaintiffs") bring this action on behalf of themselves and the Federal Collective Group pursuant to the FLSA, §216(b).

11.     The Federal Collective Group Plaintiffs are informed and believe that there are thousands of members of the Federal Collective Group and that, therefore, the Federal Collective Group is so numerous that joinder is impracticable.

12.     The Federal Collective Group Plaintiffs are similarly situated to the other members of the Federal Collective Group because they all (a) worked for AGE as Financial Consultants during the Federal Eligibility Period; (b) functioned exclusively or primarily as inside sales persons; (c) had limited or no administrative responsibilities; (d) were and are not professionals within the meaning of the FLSA; and (e) worked overtime hours without receiving overtime compensation.

13.     There is a well-defined community of interests in the questions of law and fact affecting the Federal Collective Group; and, therefore, the Federal Collective Group Plaintiffs are similarly situated to the other members of the Federal Collective Group.  The following questions of law and fact common to the Federal Collective Group predominate over questions which may affect only individual members of the Federal Collective Group:

        (a)     Whether AGE failed to adequately compensate the members of the Federal Collective Group for overtime hours worked or any other hours worked as required by the FLSA;

        (b)     Whether Plaintiffs and the other members of the Federal Collective Group are exempt employees under the FLSA; and

        (c)     Whether the members of the Federal Collective Group have been damaged and, if so, the extent of such damages.

14.     Plaintiffs Carl J. Basile, Allan B. Rosenthal, Philip J. Richman, Mark Steen, James D. Nelson, David Stabile and Terry Tobin (the "State Law Class Plaintiffs") bring this action on behalf of themselves and the State Law Class pursuant to Fed. R. Civ. P. 23.

- 4 -

15.     The State Law Class Plaintiffs are informed and believe that there are thousands of members of the State Law Class and that, therefore, the State Law Class is so numerous that joinder is impracticable.

16.     There is a well-defined community of interests in the questions of law and fact affecting the State Law Class; and, therefore, the State Law Class Plaintiffs are similarly situated to the other members of the State Law Class.  The following questions of law and fact are common to the State Law Class and predominate over questions which may affect only individual members of the State Law Class:

(a)     Whether AGE failed to adequately compensate the members of the State Law Class for overtime hours worked or any other hours worked as required by applicable State Wage and Hour Laws, including, without limitation, the applicable State Wage and Hour Laws of New York, New Jersey, Pennsylvania, Ohio and Oregon;

(b)     Whether the State Law Class Plaintiffs and other members of the State Law Class are exempt employees under applicable State Wage and Hour Laws, including, without limitation, the applicable State Wage and Hour Laws of New York, New Jersey, Pennsylvania, Ohio and Oregon;

(c)     Whether AGE failed to provide or pay for meal, break and/or rest periods for the members of the State Law Class in violation of applicable State Wage and Hour Laws, including, without limitation, the applicable State Wage and Hour Laws of New York, New Jersey, Pennsylvania, Ohio and Oregon;

(d)     Whether AGE wrongfully imposed, deducted, charged-back or failed to reimburse, indemnify, cover or pay for costs and penalties for broken trades, errors or mistakes, including improper trading error chargebacks or deductions, in violation of applicable State Wage and Hour Laws, including without limitation, the applicable State Wage and Hour Laws of New York, New Jersey, Pennsylvania, Ohio and Oregon;

(e)     Whether AGE improperly imposed, deducted, charged-back or failed to reimburse, indemnify, cover or pay for business expenses, costs and deductions, including expenses, costs and deductions for support staff, marketing, advertising or promotional expenses,

- 5 -

54

seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office
supplies, office equipment, desk fees, license and registration fees, client fees, costs to settle
disputes with customers, or account fees for delinquent customer accounts, in violation of
applicable State Wage and Hour Laws, including without limitation, the applicable State Wage
and Hour Laws of New York, New Jersey, Pennsylvania, Ohio and Oregon;

        (f)     Whether AGE violated applicable State Wage and Hour Laws, including
without limitation, the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.3, which provides that
when an employee is discharged or terminates employment for any reason, the employer must pay
the employee all wages due not later than the regular payday for the pay period during which the
employee's termination, suspension or cessation of employment took place, by failing to tender
payment and/or restitution of wages owed or in the manner required by applicable State Wage and
Hour Laws; and

        (g)     Whether the members of the State Law Class have been damaged and, if so,
the extent of such damages.

    17.    Plaintiffs are asserting claims that are typical of the claims of the Federal Collective
Group and the State Law Class. Plaintiffs will fairly and adequately represent and protect the
interests of the Federal Collective Group and the State Law Class, and have no interests
antagonistic to those of the other members of the Federal Collective Group and/or the State Law
Class. Plaintiffs have retained attorneys who are competent and experienced in the prosecution of
class and collective action litigation.

    18.    Plaintiffs and other members of the Federal Collective Group and the State Law
Class have suffered damages as a result of AGE's wrongful conduct. Because the size of the
claims of the individual members of the Federal Collective Group and the State Law Class are
relatively small, few, if any, members of the Federal Collective Group and/or the State Law Class
could afford to seek individual legal redress for the wrongs complained of herein. A collective
and class action is, therefore, superior to other available methods for the fair and efficient
adjudication of the controversy.

- 6 -

19.     Absent a collective and class action, the members of the Federal Collective Group and the State Law Class likely will not obtain redress of their injuries and AGE will retain the proceeds of their violations of the FLSA and the State Wage and Hour Laws.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

20.     AGE sold and sells securities and other financial products with offices nationwide.

21.     Plaintiffs were inside sales persons whom AGE paid on a commission or salary basis without any premium for overtime pay as required by law.

22.     AGE required certain members of the State Law Class to pay additional compensation to the brokers' assistant(s) for doing the business of AGE.

23.     AGE also improperly imposed, deducted, charged-back or failed to reimburse or pay for other business expenses and costs.

24.     If a customer challenged the transactions done for their benefit by certain members of the State Law Class or State Law Class members committed mistakes or errors, AGE would deduct the amount of any loss from the commissions due the Financial Consultant both for the actual losses incurred by the customer and any commission paid on that transaction.

25.     Neither Plaintiffs nor other members of the Federal Collective Group and the State Law Class were or are part of any group exempt from the overtime requirements of the FLSA or the State Wage and Hour Laws, including, without limitation, the State Wage and Hour Laws of New York, New Jersey, Pennsylvania, Ohio or Oregon.

26.     Plaintiffs and members of the Federal Collective Group and the State Law Class were not and are not "professionals" and did not perform executive or administrative functions as defined by the FLSA or by the State Wage and Hour Laws, including, without limitation, the laws of New York, New Jersey, Pennsylvania, Ohio or Oregon.

27.     Plaintiffs and members of the Federal Collective Group and the State Law Class were not and are not outside salespersons as defined in the FLSA and by the State Wage and Hour Laws, including, without limitation, the laws of New York, New Jersey, Pennsylvania, Ohio or Oregon, since they performed their sales functions inside AGE's offices.

- 7 -

Case 3:08-cv-00333-AHR-LSP   Document 5-10   Filed 05/05/2008   Page 9 of 21

## FIRST CLAIM FOR RELIEF
### (Restitution for Failure to Pay Overtime to the Federal Collective Group in Violation of the FLSA)

28.     The Federal Collective Group Plaintiffs incorporate by reference all of the allegations of all prior paragraphs as though fully set forth herein and allege the following claim for relief on behalf of themselves and on behalf of the Federal Collective Group under the FLSA.

29.     Section 207(a)(1) of the FLSA provides in pertinent part:

> Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. §207(a)(1).

30.     Section 207(i) of the FLSA provides for certain exemptions from the above provision:

> No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services.

29 U.S.C. §207(i).

31.     The Section 207(i) exemption does not apply to the Federal Collective Group herein because AGE does not qualify as a "retail or service establishment." Section 779.317 of the Secretary of Labor's regulations provides a "partial list of establishments to which the retail concept [and thus the section 207(i) exemption] does not apply." 29 C.F.R. §779.317. Included in that list are "brokers, custom house; freight brokers; stock or commodity brokers, [and] … security dealers." *Id.*

32.     Section 213(a)(1) of the FLSA provides that the overtime pay requirement does not apply to:

> any employee employed in a bona fide executive, administrative, or professional capacity (including any employee employed in the capacity of academic administrative personnel or teacher in elementary or secondary school), or in the capacity of outside salesman (as such terms are defined and delimited from time to

- 8 -

time by regulations of the Secretary, subject to the provisions of subchapter II of chapter 5 of title 5, except that an employee of a retail or service establishment shall not be excluded from the definition of employee employed in a bona fide executive or administrative capacity because of the number of hours in his workweek which he devotes to activities not directly or closely related to the performance of his executive or administrative activities, if less than 40 per centum of his hours worked in the workweek are devoted to such activities).

29 U.S.C. §213(a)(1).

33. The Section 213(a)(1) exemption for employees employed in a professional capacity is inapplicable because the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group who work on commission are not employed in a bona fide professional capacity.

34. Moreover, the professional exemption does not apply to the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group because the status of a securities broker is not a recognized profession in a field of science or learning, and the skills are acquired through experience and an apprenticeship and the passage of a series of exams through self-study rather than at any institution of higher learning.

35. In addition, for an occupation to qualify for the professional exemption, the occupation must be generally recognized as a profession requiring advanced knowledge in a field of science or learning customarily acquired by a prolonged course of specialized intellectual instruction. There is no generally recognized advanced degree from an institution of higher academic learning related to work as a stock broker, and even if there were, it is not generally required to have such a degree in order to become a securities broker employee of AGE.

36. The Section 213(a)(1) exemption for employees employed in the capacity of outside salesman does not apply because the members of the Federal Collective Group were, or are, not outside salespersons because the members of the Federal Collective Group were not customarily and regularly engaged away from AGE's places of business in making sales.

37. The Section 213(a)(1) exemption for executive or administrative personnel does not apply to members of the Federal Collective Group since they were not responsible for the supervision of other employees of AGE and their primary duty is selling securities and other financial products.

- 9 -

58

38.     The Federal Collective Group under the FLSA includes all Financial Consultants employed by AGE in all jurisdictions of the United States outside of the state of California.

39.     For purposes of the FLSA, the employment practices of AGE were and are uniform throughout the United States in all respects material to the claims asserted in this Complaint.

40.     There are no other exemptions potentially applicable to Plaintiffs and/or to the other members of the Federal Collective Group.

41.     The Federal Collective Group Plaintiffs and the other members of the Federal Collective Group regularly worked more than forty (40) hours per week for AGE, and received no premium pay for hours worked in excess of forty (40) hours per week.

42.     AGE violated the FLSA by failing to pay the Federal Collective Group overtime pay for all hours worked in excess of forty (40) hours in a workweek.

43.     In committing the wrongful acts alleged to be in violation of the FLSA, AGE acted willfully in that they knowingly, deliberately and intentionally failed to pay overtime to the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group.

44.     As a result of AGE's failure to pay overtime, the Federal Collective Group Plaintiffs and the other members of the Federal Collective Group were damaged in an amount to be proved at trial.

45.     Therefore, the Federal Collective Group Plaintiffs demand that they and the other members of the Federal Collective Group be paid overtime compensation as required by the FLSA for every hour of overtime worked in any work week for which they were not so compensated and an additional equal amount as liquidated damages, plus interest and attorneys' fees as provided by law.

### SECOND CLAIM FOR RELIEF
**(Failure to Pay Overtime to Members of the State Law Class)**

46.     The State Law Class Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full and allege the following claim for relief under the State Wage and Hour Laws on behalf of themselves and on behalf of the State Law Class.

47.     The State Wage and Hour Laws provide that any work performed by persons employed as Financial Consultants in excess of forty (40) hours in any one workweek and/or in

- 10 -

excess of eight (8) hours in a day shall be compensated with overtime premium pay at a scale based on a multiple of the regular rate of pay for an employee. As such, the State Law Class Plaintiffs and the other members of the State Law Class are entitled to such overtime premium compensation for work performed in excess of forty (40) hours in any one workweek and/or in excess of eight (8) hours in a day while employed by AGE as Financial Consultants.

48.    For example, New York Law, 12 NYCRR §142-2.2, requires the payment of overtime compensation at one and one-half time the regular rate for all hours worked in excess of forty (40) hours a week to non-exempt employees.

49.    Similarly, Pennsylvania Law, Pennsylvania Minimum Wage Act, 43 Pa. Stat. Ann. §333.101 *et seq.*, and the implementing regulations, provides that employers must pay overtime premium pay to employees who work in excess of forty (40) hours per week unless the employees fall into one or more express exemptions.

50.    Likewise, the New Jersey State Wage and Hour Law, N.J.S.A. §34:11-56a *et seq.*, and its implementing regulations, provides that any work in excess of forty (40) hours in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee.

51.    Further, Ohio Revised Code §4111.03(A) requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's wage rate for hours worked in excess of forty hours in one workweek, in the manner and methods provided in and subject to the exemptions of Section 7 and Section 13 of the 'Fair Labor Standards Act of 1938,' 52 Stat. 1060, 29 U.S.C.A. §207, 213, as amended."

52.    The Oregon Revised Statutes §653.261(1) and Oregon Administrative Rules §839-020-0030 require that overtime compensation be paid at a rate of time and one-half the regular rate of pay for every hour of overtime worked in excess of forty (40) hours in any work week.

53.    The State Law Class Plaintiffs and all other members of the State Law Class regularly work and/or worked more than forty (40) hours per week, and were, or are, compensated on either (i) a straight commission basis with no base salary, or (ii) on salary and/or draw plus

- 11 -

1    commissions – in either case with no premium pay for hours worked in excess of forty (40) hours

2    in any one workweek and/or in excess of eight (8) hours in a day and no exceptions to the State

3    Wage and Hour Laws apply to them. Thus, the State Law Class Plaintiffs and all other members

4    of the State Law Class were and are entitled to be paid overtime compensation for every hour of

5    overtime worked in any work week for which they were not so compensated, as required by the

6    State Wage and Hour Laws, including, without limitation, the laws of New York, New Jersey,

7    Pennsylvania, Ohio and Oregon.

8    54.    The State Wage and Hour Laws, including the laws of New York, New Jersey,

9    Pennsylvania, Ohio and Oregon, exempt from these overtime premium pay requirements certain

10   "white collar" employees employed in a bona fide executive, administrative or professional

11   capacity who are paid on a salary basis not less than a certain dollar amount.

12   55.    Neither the State Law Class Plaintiffs nor the other members of the State Law

13   Class are part of any group exempt from the overtime requirements of the State Wage and Hour

14   Laws, including the laws of New York, New Jersey, Pennsylvania, Ohio and Oregon.

15   56.    The professional exemption of the State Wage and Hour Laws, including the laws

16   of New York, New Jersey, Pennsylvania, Ohio and Oregon, does not apply to the State Law Class

17   Plaintiffs or the other members of the State Law Class because the status of a Financial Consultant

18   is not a recognized profession in a field of science or learning or artistic endeavor, and the job

19   duties of a Financial Consultant do not require an advanced degree.

20   57.    Any exemption under the State Wage and Hour Laws, including the laws of New

21   York, New Jersey, Pennsylvania, Ohio and Oregon, for executive or administrative personnel does

22   not apply to the members of the State Law Class since, among other reasons, their primary duties

23   were not in management, and they were not responsible for the supervision of other employees of

24   AGE, nor were their primary duties the performance of office work related to management or the

25   internal business operations of AGE, but rather were the sale of financial products to AGE

26   customers.

27   58.    Any exemption under the State Wage and Hour Laws, including the laws of New

28   York, New Jersey, Pennsylvania, Ohio and Oregon, for employees employed in the capacity of

- 12 -

outside salespersons does not apply because the members of the State Law Class were, or are, outside salespersons because the members of the State Law Class were employed at the AGE's places of business.

59.    As a result of AGE's employment policies, the members of the State Law Class employed by AGE during the State Law Class Period regularly worked and/or work more than forty (40) hours in any one workweek and/or in excess of eight (8) hours in a day with no premium pay for hours worked in excess of forty (40) hours per week and/or eight (8) hours per day and as a result thereof suffered damages.

60.    AGE violated the rights of the members of the State Law Class under the State Wage and Hour Laws, and the implementing regulations and the public policies articulated therein, by failing to pay the State Law Class overtime pay, as alleged hereinabove.

61.    Therefore, the State Law Class Plaintiffs demand that they and all other members of the State Law Class be paid overtime compensation as required by the State Wage and Hour Laws for every hour of overtime worked in any workweek and/or workday during the State Law Class Periods for which they were not so compensated, plus interest and attorneys' fees, as provided by law.

**THIRD CLAIM FOR RELIEF**
**(Impermissible Deductions and Delays in Payments to**
**Members of the State Law Class)**

62.    The State Law Class Plaintiffs repeat and reallege by reference the allegations set forth above, as though set forth herein in full, and allege the following claim for relief under the Wage and Hour Laws on behalf of themselves and on behalf of the other members of the State Law Class.

63.    The Wage and Hour Laws of some states prohibit an employer from "withholding" or "diverting" from compensation any sums other than those specifically authorized by law.

64.    For example, New York Labor Law §193 expressly prohibits an employer from making unauthorized deductions from employees' wages; thus, deductions are prohibited unless the deductions are (1) "expressly authorized" by and "for the benefit of the employee" and, (2) are limited to enumerated categories of permissible deductions.

- 13 -

65.     Similarly, Pennsylvania law limits deductions from the pay of employees to certain specifically enumerated circumstances spelled out in the Pennsylvania Wage Payment and Collection Law ("PWPCL"), 43 Pa. Stat. Ann. §§260.1, 260.3, and the implementing regulations.

66.     Likewise, Oregon law forbids employers from withholding, deducting or diverting any portion of an employee's wages unless deductions are authorized in writing by the employee, are for the benefit of the employee and are recorded in the employer's books.  Or. Rev. Stat. Chapter 652.610(3).

67.     Finally, New Jersey law also forbids the withholding or diverting of an employee's wages unless authorized by New Jersey or federal law or for payments of employer loans granted to employees. N.J.S.A. §34:11-4.4; N.J. Admin. Code tit. 12 §12:55-2.1(a).

68.     AGE made unlawful deductions from the compensation paid to State Law Class Plaintiffs and other members of the State Law Class by improperly imposing, deducting, charging-back or failing to reimburse, indemnify, cover or pay for:  (a) costs and penalties for broken trades, errors or mistakes, including improper trading error chargebacks or deductions; and (b) business expenses, costs and deductions, including expenses, costs and deductions for support staff, marketing, advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies, office equipment, desk fees, license and registration fees, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts.

69.     Thus, State Law Class Plaintiffs and other members of the State Law Class were forced to incur expenditures and losses in direct consequence of the discharge of their duties, or of their obedience to the directions of their employer, which have not yet been reimbursed by AGE. As such, the State Class Law Plaintiffs and other members of the State Law Class were forced to contribute to the capital and expenses of AGE's business which contributions must be refunded by AGE to each said Plaintiff and each other member of the State Law Class.

70.     The described deductions violate applicable State Wage and Hour Laws, including, without limitation, the laws of New York, New Jersey, Pennsylvania and Oregon, including N.Y. Lab. Law §193, N.J.S.A. §34:11-4.4; N.J. Admin. Code tit. 12 §12:55-2.1(a), PWPCL, 43 Pa. Stat.

- 14 -

Ann. §260.3 and Or. Rev. Stats. chapter 652.610(3), because they are not for the benefit of the employees, not authorized by law and/or not of a similar type of the deductions allowable under the statutes.

71.    AGE also failed to pay the State Law Class Plaintiffs and other members of the State Law Class their earned wages in a timely fashion, in violation of the laws of many States and jurisdictions of the United States. For example, the laws of New Jersey (N.J.S.A. §34:11-4.3) provide that when an employee is discharged or terminates employment for any reason, the employer must pay the employee all wages due by certain deadlines.

72.    Therefore, State Law Class Plaintiffs demand, on behalf of themselves and other members of the State Law Class, restitution, damages, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorney's fees, and litigation costs, as provided by law.

## PRAYER FOR RELIEF

WHEREFORE, in accordance with all of the above claims in the First through Third Claims for Relief, inclusive, Plaintiffs demand judgment in their favor and in favor of the other members of the Federal Collective Group and the State Law Class and against AGE for:

A.    A Declaration that AGE has violated the FLSA, State Wage and Hour Laws and other applicable employment laws;

B.    An Order certifying the Federal Collective Group and designating this action as a collective action pursuant to the FLSA;

C.    An Order certifying the State Law Class and designating this action as a class action pursuant to Fed. R. Civ. P. 23;

D.    An Order appointing Plaintiffs and their counsel to represent the Federal Collective Group and the State Law Class as defined in this Complaint;

E.    Compensatory damages, including restitution for both regular and overtime compensation due Plaintiffs and the other members of the Federal Collective Group and the State Law Class during the applicable Federal Eligibility Period and the State Law Class Periods, plus interest thereon at the statutory rate;

- 15 -

F.     Restitution and reimbursement to Plaintiffs and other members of the State Law Class of all employee expenses not reimbursed by AGE during the relevant State Law Class Periods, including, without limitation: expenses incurred to pay assistants and other employees of AGE, all commissions charged back to Plaintiffs and certain other members of the State Law Class and/or all other monies either unlawfully deducted from compensation or required to be paid back directly by AGE, including any gain on any incomplete or undone trades;

G.     An order temporarily, preliminarily and permanently enjoining and restraining AGE from engaging in similar unlawful conduct as set forth herein;

H.     An order requiring AGE to provide an accounting of all compensation and all sums unlawfully charged back and withheld from compensation due to Plaintiffs and the other members of the Federal Collective Group and State Law Class;

I.     Imposition of a constructive trust upon the assets of AGE to the extent of the sums due to Plaintiffs and the other members of the Federal Collective Group and State Law Class;

J.     Declaratory relief including declarations setting forth the rights of Plaintiffs and the members of the Federal Collective Group and the State Law Class as alleged in this Complaint and setting forth AGE's violations of those rights;

K.     Appropriate penalties, as may be applicable, under the State Wage and Hour Laws, for AGE's failure to timely pay compensation during the State Law Class Periods;

L.     Prejudgment Interest;

M.     Reasonable attorneys' fees, litigation expenses and costs of suit; and

N.     Such other and further relief as the Court deems just and equitable; however, no penalties (statutory or otherwise), liquidated damages or punitive damages of any kind under New York law are sought in this action and are expressly waived.

///
///
///
///
///

- 16 -

Plaintiffs demand a trial by jury for all matters so triable.

DATED: February 21, 2008

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
FRANCIS M. GREGOREK
RACHELE R. RICKERT



RACHELE R. RICKERT

750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
JEFFREY G. SMITH
ROBERT ABRAMS
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212/545-4653

HOFFMAN & LAZEAR
H. TIM HOFFMAN
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: 510/763-5700

THIERMAN LAW FIRM P.C.
MARK THIERMAN
7287 Lakeside Drive, Suite 101
Reno, NV 89511
Telephone: 775/284-1500

CARLSON LYNCH LTD
GARY F. LYNCH
36 N. Jefferson Street
Post Office Box 7635
New Castle, PA 16107
Telephone: 724/656-1555

- 17 -

SCHIFFRIN BARROWAY TOPAZ
 & KESSLER, LLP
GERALD D. WELLS
280 King of Prussia Road
Radnor, PA 19807
Telephone: 610/667-7706

Attorneys for Plaintiffs

AGE:15739.CPT

- 18 -