# EXHIBIT 3

**NOTICE TO CLASS MEMBERS REGARDING PENDENCY OF A CLASS AND COLLECTIVE ACTION AND NOTICE OF HEARING ON PROPOSED SETTLEMENT**

Basile, et al. v. A.G. Edwards & Sons, Inc., U.S.D.C., S.D. Cal. Case No. 08 CV 0338

YOU ARE HEREBY NOTIFIED AS FOLLOWS:

A proposed settlement (the "Settlement") has been reached in the class and collective action lawsuit currently pending in the United States District Court for the Southern District of California entitled *Basile, et al. v. A.G. Edwards & Sons, Inc.*, Case No. 08 CV 0338 JAH(NLS) (the "Consolidated Action"). Because your rights will be affected by this Settlement, it is extremely important that you read this Notice carefully.

<u>As explained in more detail below, you must file a claim by [** INSERT DATE **] (as evidenced by the postmark) to receive a portion of the Settlement. If you fail to properly file a timely claim, you will receive nothing under the Settlement, but you will still be bound by the release of the Released State Law Claims described in this Notice.</u>

A.     <u>PURPOSE OF THIS NOTICE</u>

The Court has certified, for settlement purposes, the following class (the "Class"):

All individuals who were employed by A.G. Edwards & Sons, Inc. ("AGE") in the United States outside the state of California, in the position of Financial Consultant, during all or part of the period running from the beginning of the maximum applicable limitations period for the state in which the individual was employed by AGE (as set forth in Schedule 1 to this Class Notice) through [** INSERT NOTICE APPROVAL DATE **].

The Court has also certified, for settlement purposes, the following Collective Action (the "Collective Action"):

All individuals who were employed by AGE in the United States outside the state of California, in the position of Financial Consultant, during all or part of the period from July 6, 2003 and through [** INSERT NOTICE APPROVAL DATE **].

According to AGE's records, you are a member of the Class and/or Collective Action ("Class Member"). The purpose of this Notice is to inform you about the proposed Settlement and to explain your rights and options with respect to the Litigations described below and the Settlement.

B.     <u>DESCRIPTION OF THE LITIGATIONS</u>

On July 6, 2006, Class Representative Carl Basile commenced a proposed class action against AGE in the United States District Court for the Northern District of New York ("Basile action"). *Basile v. A.G. Edwards & Sons, Inc.*, S.D.N.Y. Case No. 1:06-CV-00833. On August 23, 2006, Class Representative Allan Rosenthal commenced a proposed class and collective action against AGE in the United States District Court for the District of New Jersey ("Rosenthal

**EXHIBIT 3**

action"). *Rosenthal v. A.G. Edwards & Sons, Inc.*, D. NJ, Case No. 3:06-CV-03995. On September 7, 2006, Class Representative David Stabile commenced a proposed class action against AGE in the Court of Common Pleas of Allegheny County Pennsylvania, bearing G.D. No. 06-020998. On October 11, 2006, AGE removed the case to the United State District Court for the Western District of Pennsylvania ("Stabile action"). *Stabile v. A.G. Edwards & Sons, Inc.*, W.D. Pa., Case No. 06-CV-1360. On October 13, 2006, Class Representatives Philip Richman and James D. Nelson commenced a proposed class and collective action against AGE in the United States District Court for the District of Oregon ("Richman action"). *Richman v. A.G. Edwards & Sons, Inc.*, D. Or., Case No. 3:06-CV-1453. On February 6, 2007, Class Representative Mark Steen commenced a proposed class and collective action against AGE in the United State District Court for the Western District of Pennsylvania ("Steen action"). *Steen v. A.G. Edwards & Sons, Inc.*, W.D. Pa., Case No. 2:07-CV-0147. On May 29, 2007, Class Representative Terry Tobin commenced a proposed class and collective action against AGE in the United States District Court for the Southern District of Ohio ("Tobin action"). *Tobin v. A.G. Edwards & Sons, Inc.*, S.D. Oh., Case No. 2:07-CV-0489.

To effectuate a Settlement of the foregoing lawsuits, the Plaintiffs from each of the aforementioned actions ("Class Representatives") filed a consolidated complaint on February 21, 2008, in the United States District Court for the Southern District of California (the "Consolidated Action") that they designated as related to another case that was filed in the same Court captioned *Takacs et al. v. A.G. Edwards & Sons, Inc.*, Case No. 04-CV-1852 JAH (NLS) ("Takacs action"). Plaintiffs allege original federal court jurisdiction on the basis of federal question jurisdiction with respect to their Fair Labor Standards Act claims and Class Action Fairness Act ("CAFA") diversity jurisdiction and supplemental jurisdiction with respect to their state law claims. *See* 28 U.S.C. §§ 1331-32, 1367.

In the Consolidated Action, the Class Representatives allege on behalf of AGE Financial Consultants nationwide (excluding California), among other things, that: (a) Class Members were misclassified as exempt from federal and applicable state wage and hour laws and not paid the required compensation for overtime hours they worked; (b) Class Members incurred business related expenses that AGE did not reimburse them for as required by law; and (c) AGE unlawfully made deductions from their compensation, *inter alia*, for errors, support staff compensation and business expenses. Plaintiffs assert, *inter alia*, claims for alleged unpaid overtime compensation, liquidated damages, attorneys' fees and litigation costs under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and for alleged unpaid overtime compensation, for alleged failure to reimburse, indemnify, cover or pay for business costs, for alleged unlawful imposition, deduction or chargeback of business costs, and for premium pay, interest, liquidated damages, punitive damages, penalties, restitution, attorneys fees and litigation costs under applicable state wage and hour laws. AGE denies the Class Representatives' allegations and maintains that it complied with all applicable state and federal laws with respect to the payment of Class Members. AGE maintains that Financial Consultants were properly classified as exempt and were not entitled to overtime pay, and that the alleged "deductions" at issue in the Litigations were a permissible component of a commission calculation and otherwise permissible under applicable state laws. AGE denies that Financial Consultants are owed any compensation for overtime hours or any reimbursement of costs associated with trading errors or business-related expenses.

**EXHIBIT 3**

- 2 -

The parties in the Litigations (defined in the parties' Joint Stipulation and Settlement Agreement to mean the Basile, Rosenthal, Richman, Steen, Stabile and Tobin actions, and the Consolidated Action) disagree as to the probable outcome of the Litigations with respect to liability and damages if they were not settled. While the Class Representatives were prepared to proceed with litigating the cases described above, the Class Representatives recognize that litigation is a risky proposition and that they may not have prevailed on any or all of their claims. Likewise, while AGE was confident that it had strong legal arguments and factual arguments that would resolve the Class Representatives' claims in AGE's favor, it recognizes the risks, distractions, and costs involved with litigation.

This Settlement is the result of good-faith, arms-length negotiations between the Class Representatives and AGE, through their respective attorneys. Both sides agree that in light of the risks and expenses associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Class Members. The Court has not ruled on the merits of the Class Representatives' claims or AGE's defenses.

The attorneys for the Class and Collective Action in the Litigations ("Class Counsel") are:

Jeffrey G. Smith
Robert Abrams
Wolf Haldenstein Adler Freemen & Herz LLP
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Facsimile: (212) 545-4653

Mark Thierman
Thierman Law Firm, P.C.
7287 Lakeside Drive, Suite 101
Reno, NV 89511
Telephone: (775) 284-1500
Facsimile: (775) 703-5027

Gary F. Lynch
Carlson Lynch LTD
36 N. Jefferson Street
Post Office Box 7635
New Castle, PA 16107
Telephone: (724) 656-1555
Facsimile: (724) 656-1556

Gerald D. Wells
Schiffrin Barroway Topaz & Kessler LLP
280 King of Prussia Road
Radnor, PA 19807
Telephone: (610) 667-7706
Facsimile: (610) 667-7056

On [** INSERT DATE**], the Court granted preliminary approval of the proposed Settlement and appointed a Special Master to review and provide a written recommendation regarding the allocation of the settlement proceeds among Participating Claimants, and on [** INSERT DATE **] the Court granted preliminary approval of the allocation of the Settlement proceeds among Participating Claimants recommended by the Special Master and this Class Notice. The Court will decide whether to give final approval to the proposed Settlement at a hearing scheduled for [** INSERT DATE**] ("Final Approval Hearing"). See Paragraph I below for details.

**EXHIBIT 3**

- 3 -

C.    CLASS COUNSEL RECOMMEND THE SETTLEMENT

The law firms that represent the Class (listed above) strongly recommend that the Class accept the Settlement. The claims alleged in the Litigations are novel and highly technical. For instance, there is no reported court decision that holds that stockbrokers or financial consultants are entitled to overtime pay or reimbursement of the costs associated with trading errors or business-related expenses at issue in the Litigations. To the contrary, on November 27, 2006, the United States Department of Labor issued an opinion letter stating that, in many cases, stockbrokers and financial consultants are *not* entitled to overtime pay under federal law. In addition, on June 20, 2007, a federal district court issued an order dismissing the overtime claims of a stockbroker, finding that the stockbroker was exempt from the overtime requirements of federal law and therefore not entitled to overtime pay under federal law. Similarly, some recent court decisions suggest that employees may be held liable for certain types of errors and business-related expenses and that there is a distinction between wage deductions and commission calculations. In other words, the claims alleged in the Litigations are highly uncertain. In addition, on October 8, 2007, a state court in California issued an order denying certification of a class of stockbrokers in a wage and hour action involving claims similar to the claims in the Litigations. There, the court held that certification of a class of stockbrokers was not appropriate in that case, *inter alia*, because the determination of whether stockbrokers are exempt requires fact intensive individualized inquiries and analyses that must be made on a person-by-person basis. In other words, the ability of the Class Representatives to proceed with their claims as a class or collective action is highly uncertain. Furthermore, even if the Class obtained a favorable judgment in the District Court, that judgment would likely be tied up for several years on appeal. Recently, the Ninth Circuit Court of Appeals reversed a $52.5 million judgment for plaintiffs in an overtime class action involving insurance claims adjusters. In light of the substantial risk that the Class might not receive anything at all if the Litigations proceeded to trial, Class Counsel strongly believe that the Settlement is in the best interests of the Class.

D.    SUMMARY OF TERMS OF THE PROPOSED SETTLEMENT

Subject to Court approval, the terms of the Settlement are as follows:

1.    AGE will pay up to $12,000,000, plus interest accruing on that amount (or such lesser amount as may be approved by the Court) at a rate equal to the 26 week Treasury Bill rate beginning on [** INSERT DATE **] and continuing through the date those funds are paid out as provided in the Settlement (the "Maximum Settlement Amount") to pay: (a) the timely and valid claims of Class Members; (b) Class Counsel's attorneys' fees and litigation costs; (c) enhancement awards to the Class Representatives; and (d) the costs of administering the Settlement, including the fees and costs of the Claims Administrator and the Special Master.

2.    After deducting from the Maximum Settlement Amount for attorneys' fees, litigation costs, enhancement awards to the Class Representatives, and the costs of administering the Settlement, the remaining amount (the "Net Settlement Amount"), plus up to a maximum of $500,000 of any portion of the Maximum Settlement Amount (including a prorated share of accrued interest) not approved and awarded by the Court or claimed by Participating Claimants, will be used to make settlement payments to each Class Member who timely and properly submits both a properly completed Settlement Claim Certification Form (enclosed with this

**EXHIBIT 3**
- 4 -

Notice as Form C) *and* a properly completed Consent To Join Settlement Form (enclosed with this Notice as Form D), according to a formula which is based on the number of compensable work months ("work months") each Class Member was actively employed as a Financial Consultant anywhere in the United States outside the state of California during the Class Period, and the state(s) in which the Class Member was so employed. Any additional portion of the Maximum Settlement Amount (*i.e.*, any portion over $500,000) that is not approved or awarded by the Court or claimed by Participating Claimants shall remain the property of AGE. For purposes of this Settlement, "work months" means those calendar months in which the Class Member was actively employed by AGE as a Financial Consultant in the United States outside the State of California for more than 15 calendar days during the applicable Class Period. For example, if the Class Member was actively employed as a Financial Consultant in New York from January 1, 2005 to February 24, 2006, his or her work months would be 14. The "Class Period" is defined as the period running from the beginning of the maximum applicable statute of limitations period for the state in which the Class Member was employed by AGE as a Financial Consultant through [** INSERT NOTICE APPROVAL DATE **]. (The enclosed Schedule 1 lists the applicable Class Period for each state covered by the Settlement.) Class Members will be deemed to have been employed only in the state of the branch at which the Class Member was registered, and in no event may a Class Member be considered to have been actively employed in more than one state during a single calendar month.

3.      In accordance with the formula referenced in paragraph D.2. above, a greater proportion of the settlement funds will be allocated to Class Members who worked for AGE as Financial Consultants in those states with laws that Plaintiffs contend prohibit deductions from or adjustments to compensation for errors, support staff compensation and business-related expenses (*e.g.*, Alaska, Hawaii, Iowa, Indiana, Kentucky, Maine, Michigan, New Hampshire, New Jersey, New York, Pennsylvania, Oregon, Rhode Island, South Dakota, Vermont, Washington, West Virginia and Wyoming) than to Class Members in other jurisdictions outside of the State of California because the law and litigation activity in those states regarding alleged wage deductions likely would have caused the parties to devote disproportionate resources to the litigation in those states with uncertain results.

4.      The parties currently estimate that Class Members who properly and timely submit both properly completed Settlement Claim Certification Forms and properly completed Consent To Join Settlement forms ("Participating Claimants") will receive $_____ for each work month they were actively employed by AGE during the Class Period as a Financial Consultant in the following states:   Alaska, Hawaii, Iowa, Indiana, Kentucky, Maine, Michigan, New Hampshire, New Jersey, New York, Pennsylvania, Oregon, Rhode Island, South Dakota, Vermont, Washington, West Virginia and Wyoming.   The parties currently estimate that Participating Claimants will receive $_____ for each work month they were actively employed by AGE during the Class Period as a Financial Consultant in the United States, outside the states of Alaska, California, Hawaii, Iowa, Indiana, Kentucky, Maine, Michigan, New Hampshire, New Jersey, New York, Pennsylvania, Oregon, Rhode Island, South Dakota, Vermont, Washington, West Virginia and Wyoming.

5.      Class Counsel will ask the Court to award attorneys' fees in an amount up to $3 million plus a prorated share (25%) of the accrued interest on the Maximum Settlement Amount, plus up to $100,000 in costs incurred in prosecuting the Litigations on behalf of the Class. In

**EXHIBIT 3**
- 5 -

addition, Class Counsel will ask the Court to authorize payment of (a) enhancement awards of up to $10,000 to each of the seven Class Representatives, and (b) the costs of administering the Settlement, including the fees and expenses of the Claims Administrator and the Special Master.

6.      The Class Representatives and each Class Member who does not properly and timely elect to "opt out" of the Settlement in accordance with Paragraph F below and thereby exclude himself or herself from the Litigations and the Settlement, will be deemed, on behalf of himself or herself, and each of his or her heirs, representatives, successors, assigns, and attorneys, to have fully, finally, and forever released and discharged AGE and each of its parents, subsidiaries (whether or not wholly-owned), affiliates (including each such affiliate's parents and subsidiaries), divisions, joint ventures, related companies, predecessors, successors and assigns; Wachovia Securities, LLC, and each of its parents, subsidiaries (whether or not wholly-owned), affiliates (including each such affiliate's parents and subsidiaries), divisions, joint ventures, related companies, predecessors, successors and assigns ("Wachovia"); and each of each such entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives (together, "AGE Releasees"), from all Released State Law Claims.

"Released State Law Claims" mean any and all applicable state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities against AGE Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law or regulation, whether known or unknown, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor, based on employment by AGE as a Financial Consultant, that accrued during the period ending on [** INSERT DATE**] for any type of relief, including without limitation, claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations with respect to employment by AGE as a Financial Consultant: (a) all claims asserted or which could have been asserted in the Litigations (as defined above) which arose under the facts alleged and/or applicable state and local wage and hour laws and regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay any type of overtime compensation or other wages to Financial Consultants; (c) all claims which arose under applicable state or local laws or regulations for the failure to provide or pay for meal, break, and/or rest periods to Financial Consultants; (d) all claims under applicable state or local laws or regulations stemming from or based on the alleged misclassification of Financial Consultants as exempt employees, *i.e.*, employees who are exempt under state law from the wage and hour requirements imposed on employers but who actually do not qualify for any exemption, including without limitation executive, administrative, or professional exemptions; (e) all claims, including without limitation state and local statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for costs or penalties for cancelled or broken trades or errors or mistakes of Financial Consultants, including without limitation, claims for improper trading error chargebacks or deductions; (f) all claims, including without limitation, state and local statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for business expenses, costs and deductions, including without limitation, expenses,

**EXHIBIT 3**
- 6 -

costs and deductions for support staff, marketing, advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies, office equipment, desk fees, license and registration fees, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts, and claims for allegedly improper deductions from or chargebacks to compensation for such business expenses and costs under applicable state laws; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under applicable state law. The Released State Law Claims are the claims meeting the above definition under any and all applicable state and local statutes, regulations or common law, including without limitation, those set forth in the compendium of state specific wage and hour laws attached hereto as Schedule 2.

7.    In addition, the Class Representatives and each Class Member who properly submits both a timely Consent to Join Settlement Form and a timely Settlement Claim Certification Form will be deemed, on behalf of himself or herself, and each of his or her heirs, representatives, successors, assigns, and attorneys, to have fully, finally, and forever released and discharged AGE Releasees from all Released Federal Law Claims.

"Released Federal Law Claims" mean any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against AGE Releasees, of whatever kind and nature, character, and description, whether known or unknown, and whether anticipated or unanticipated, including claims that the Class Member does not know or suspect to exist in his or her favor, based on employment by AGE as a Financial Consultant, that accrued during the period ending on [**INSERT DATE**], for any type of relief, including without limitation, claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.,* with respect to employment by AGE as a Financial Consultant.

8.    The releases of Released State Law Claims and Released Federal Law Claims set forth above are intended as a complete release of such claims. Thus, upon the Effective Date, the Class Representatives shall have, and each Class Member who properly submits both a timely Consent to Join Settlement form and a timely Settlement Claim Certification Form, shall be deemed to have, expressly, knowingly and intentionally waived all rights, benefits and protections under any statute, legal doctrine or other authority that restricts the release of unknown claims, including but not limited to California Civil Code section 1542, which provides:

**A general release does not extend to claims which the creditor [*i.e.*, a Class Member] does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [*i.e.*, the AGE Releasees].**

The Class Representatives acknowledge the significance and consequences of this waiver, and each Class Member who properly submits both a timely Consent to Join Settlement form and a timely Settlement Claim Certification Form shall be deemed by operation of the

**EXHIBIT 3**

- 7 -

Judgment to have acknowledged the consequences and significance of this waiver, and all assume full responsibility for any loss that may be incurred by reason of such waiver. The Class Representatives further acknowledge, and each Class Member who properly submits both a timely Consent to Join Settlement form and a timely Settlement Claim Certification Form shall be deemed by operation of the Judgment to have further acknowledged that the foregoing waiver was separately bargained for and a key element of the Settlement.

E.    TO RECEIVE A SETTLEMENT PAYMENT

If you wish to remain in the Class and receive a payment under the Settlement, you must do *both* of the following:

1. Complete, sign, and mail the enclosed Settlement Claim Certification Form (enclosed with this Notice as Form C) to the Claims Administrator at the following address:

AGE Claims Administrator
c/o The Garden City Group, Inc.
[** INSERT ADDRESS AND PHONE NUMBER**]

Your Settlement Claim Certification Form must be postmarked no later than [**INSERT DATE**]. Late or incomplete Settlement Claim Certification Forms will not be honored. If the Settlement Claim Certification Form is sent from within the United States, it must be sent through the United States Postal Service by first class U.S. Mail, or the equivalent. If you lose, misplace, or require another Settlement Claim Certification Form, you should contact the Claims Administrator.

**AND**

2. Complete, sign, and mail the enclosed Consent To Join Settlement form (enclosed with this Notice as Form D) to:

Jeffrey G. Smith
Robert Abrams
Wolf Haldenstein Adler Freeman & Herz LLP
270 Madison Avenue
New York, NY 10016

To be effective, the Consent To Join Settlement form must be completed in full and signed before a Notary Public under penalty of perjury. Your Consent To Join Settlement form must be postmarked no later than [** INSERT DATE **].

No payment made pursuant to the Settlement shall create any credit or otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation or benefit plan provided by AGE or Wachovia, or be considered as "Compensation" under the A.G. Edwards, Inc. Retirement and Profit Sharing Plan, the A.G. Edwards, Inc. Excess Profit Sharing Deferred Compensation Plan, or the 1988 Incentive Stock Plan, or any similar plans at

**EXHIBIT 3**
- 8 -

Wachovia, or otherwise require any contribution or award under any such plan, or otherwise modify benefits, contributions or coverage under any other employee benefit plan or program.

Class Members are advised to consult with a licensed accountant or tax preparer before participating in this Settlement by submitting a Settlement Claim Certification Form and a Consent To Join Settlement Form. Neither the Class Representatives, nor Class Counsel nor AGE makes any representations concerning the tax consequences of this settlement or participation in it, and you should seek advice in association with your response to this Notice.

F.     TO REQUEST EXCLUSION ("OPT OUT") FROM THE SETTLEMENT

If you do not want to participate in the Settlement, you may exclude yourself ("opt out") by completing and mailing the enclosed Election To Opt Out Of Settlement And Class Action (enclosed with this Notice as Form B) to the Court and sending copies to the claims administrator at the address set forth above, and to Class Counsel and counsel for AGE at the following addresses:

| **CLASS COUNSEL** | **AGE'S COUNSEL** |
|---|---|
| Jeffrey G. Smith | Andrew J. Schaffran |
| Robert Abrams | Morgan Lewis & Bockius LLP |
| Wolf Haldenstein Adler Freeman & Herz LLP | 101 Park Avenue |
| 270 Madison Avenue | New York, NY 10178 |
| New York, NY 10016 | |

In order to be valid, your completed Election To Opt Out Of Settlement And Class Action must be postmarked no later than [** INSERT DATE **]. If you submit an Election To Opt Out of Settlement and Class Action after that date, your Election To Opt Out of Settlement and Class Action will be rejected and you will be bound by the release of claims described above and all other Settlement terms. If the Election To Opt Out Of Settlement And Class Action is sent from within the United States, it must be sent through the United States Postal Service by first class U.S. Mail, or the equivalent.

If you properly submit a timely Election To Opt Out Of Settlement And Class Action, you will not be eligible to receive any of the benefits under the Settlement. You will, however, retain whatever legal rights you may have against AGE with regard to the Released State Law Claims and Released Federal Law Claims.

G.     TO OBJECT TO THE SETTLEMENT

If you do not opt out of the Settlement but disagree with any part of the proposed Settlement, you may object to the Settlement, either personally or through an attorney at your own expense, by filing a written objection with the Court and mailing a copy of your written objection to Class Counsel, Counsel for AGE, and the Claims Administrator at their respective addresses listed above.

**EXHIBIT 3**
- 9 -

All objections must be signed and set forth your address, telephone number, and the name of the Consolidated Action (*Basile, et al. v. A.G. Edwards & Sons, Inc.*, U.S.D.C. Case No. 08 CV 0338 DMS LSP). All objections must be filed with the Court, and postmarked to Class Counsel, Counsel for AGE, and the Claims Administrator, no later than [** INSERT DATE **]. If you submit a timely objection, you may appear, either personally or through an attorney, at your own expense, at the Final Approval Hearing, discussed below. Your objection should clearly explain why you object to the proposed Settlement and must state whether you or someone on your behalf intends to appear at the Final Approval Hearing.

Any Class Member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees and litigation costs to Class Counsel, the payment of Enhancements to the Class Representatives, and any other aspect of the Settlement.

Regardless of whether you file an objection, in order to receive any proceeds under the Settlement, you must properly submit both a timely and properly completed Consent To Join Settlement form and a timely and properly completed Settlement Claim Certification Form.

Likewise, regardless of whether you file an objection, you will be deemed to have released all of the Released State Law Claims against AGE as set forth in Paragraph D.6 above unless you request exclusion (opt out) from the Settlement in accordance with Paragraph F above.

H.     IF YOU DO NOTHING

If you do nothing in response to this Notice, you will not receive any proceeds under the Settlement, but you will be deemed to have released all of the Released State Law Claims against AGE as set forth in Paragraph D.6 above.

I.     FINAL APPROVAL HEARING ON PROPOSED SETTLEMENT

The Court will hold a Final Approval Hearing on the fairness and adequacy of the proposed Settlement, the allocation of the Net Settlement Amount among Participating Claimants, the plan of distribution, Class Counsel's request for attorneys' fees and costs, the administrative costs, and the enhancement payments to the Class Representatives on [** INSERT DATE AND TIME**] in Courtroom [**INSERT**] of the United States District Court, Southern District of California, located at 940 Front Street, San Diego, CA 92101. The Final Approval Hearing may be continued without further notice to Class Members. YOU ARE NOT REQUIRED TO APPEAR AT THE HEARING TO PARTICIPATE IN OR OPT OUT OF THE SETTLEMENT.

J.     ADDITIONAL INFORMATION

This Notice only summarizes the Litigations, the Settlement, and other related matters. For more information, you may review the Court's files, including the detailed Joint Stipulation and Settlement Agreement, which will be on file with the Clerk of the Court. The pleadings and

**EXHIBIT 3**

- 10 -

other records in the Litigations, including the Joint Stipulation and Settlement Agreement, may be examined at the records Office of the Clerk of the United States District Court, located at 880 Front Street, Suite 4290, San Diego, CA 92101.

Any questions regarding this Notice, the Settlement Claim Certification Form, the Consent To Join Settlement form, the Election To Opt Out Of Settlement And Class Action Form, or the Settlement should be directed to the Claims Administrator at the above address and toll-free telephone number. If your address changes, or is different from the one on the envelope enclosing this Notice, please promptly notify the Claims Administrator as instructed in Paragraph K below.

K.      IF YOU CHANGE YOUR NAME AND/OR ADDRESS

If, for future reference and mailings from the Court or Claims Administrator, you wish to change the name or address listed on the envelope in which the Class Notice was first mailed to you, then you must fully complete, execute, and mail the Change of Name And/Or Address Information Form (enclosed with this Notice as Form A).

PLEASE DO NOT CALL OR WRITE THE COURT ABOUT THIS NOTICE

**BY ORDER OF THE U.S. DISTRICT COURT**

AGE:15824

**EXHIBIT 3**

- 11 -

## CHANGE OF NAME AND/OR ADDRESS INFORMATION

Basile, et al. v. A.G. Edwards & Sons, Inc., U.S.D.C., S.D. Cal. Case No. 08 CV 0338

Instructions: Please complete this Form only if you wish to change your name and/or mailing address information.

Former name and mailing address:

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Social Security Number: _____

New name and/or mailing address:

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

I understand that all future correspondence in this action, including but not necessarily limited to important notices or payments to which I am entitled (if any), will be sent to the new name/address listed above and not to the name/address previously used. I hereby request and consent to the use of the name/address listed above for these purposes.

Dated: _____      _____
                                     (Signature)

                                     _____
                                     (Print Name)

PLEASE RETURN THIS FORM VIA UNITED STATES MAIL TO:

        AGE Claims Administrator
        c/o The Garden City Group, Inc.
        [INSERT ADDRESS]

**THIS FORM MUST BE MAILED BY [**INSERT NOTICE RESPONSE DEADLINE**] TO CHANGE YOUR NAME AND/OR ADDRESS**

AGE:15828

## FORM A

84

## ELECTION TO OPT OUT OF SETTLEMENT AND CLASS ACTION

Basile, et al. v. A.G. Edwards & Sons, Inc., U.S.D.C., S.D. Cal. Case No. 08 CV 0338

Instructions: Please complete this Opt Out Form only if you do not want to participate in the Settlement that is described in the Notice To Class Members Regarding Pendency Of A Class And Collective Action And Notice Of Hearing On Proposed Settlement ("Class Notice") that accompanies this Form. If you choose to complete this Form, the deadline for mailing it to the Claims Administrator is [** INSERT DATE **] (as evidenced by the postmark).

I.   PERSONAL INFORMATION

Name (first, middle and last): _____

Home Street Address: _____

City, State, Zip Code: _____

Home Telephone Number: (____) _____

Social Security Number: _____

II.   REQUEST FOR EXCLUSION

By signing and returning this Form, I certify that I have carefully read the Class Notice and that I wish to be excluded from the Settlement described therein. I understand this means that I will not receive any money or other benefits under the Settlement.

III.   MAILING INSTRUCTIONS

If you choose to return this Form, you must return it to the Court postmarked on or before [** INSERT DATE **] at the address listed below:

> Office of the Clerk
> United States District Court
> Southern District of California
> 880 Front Street, Suite 4290
> San Diego, CA 92101

In addition, you must send copies of this Form to the Claims Administrator, Class Counsel, and Counsel for A.G. Edwards & Sons, Inc. postmarked on or before [** INSERT DATE **] at the addresses listed below:

**FORM B**

Class Counsel:

>Jeffrey G. Smith
>Robert Abrams
>Wolf Haldenstein Adler Freemen & Herz LLP
>270 Madison Avenue
>New York, NY 10016
>Telephone: (212) 545-4600
>Facsimile: (212) 545-4653

Counsel for A.G. Edwards & Sons, Inc.

>Andrew J. Schaffran
>Morgan Lewis & Bockius LLP
>101 Park Avenue
>New York, NY 10178
>Telephone: (212) 309-6380
>Facsimile: (212) 309-6001

Claims Administrator

>AGE Claims Administrator
>c/o The Garden City Group, Inc.
>[INSERT ADDRESS]

IV.    CERTIFICATION

I hereby certify that the contents of this Opt Out Form are true and accurate, and that I have read and understand the Class Notice.

V.    PLEASE SIGN BELOW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____          _____
                                    (Signature)


                                    _____
                                    (Print Name)


AGE:15829

**FORM B**
- 2 -

## SETTLEMENT CLAIM CERTIFICATION FORM

Basile, et al. v. A.G. Edwards & Sons, Inc., U.S.D.C.,S.D. Cal. Case No. 08 CV 0338

Instructions: Please complete this Settlement Claim Certification Form if you want to participate in the Settlement that is described in the Notice To Class Members Regarding Pendency Of A Class And Collective Action And Notice Of Hearing On Proposed Settlement ("Class Notice") that accompanies this Form. The deadline for mailing this Form to the Claims Administrator is [** INSERT DATE **] (as evidenced by the postmark). In addition, in order to participate in the Settlement, you also must complete and mail the Consent To Join Settlement form that accompanies the Class Notice in accordance with the instructions in the Class Notice.

I.    PLEASE PROVIDE THE FOLLOWING INFORMATION

     Name (first, middle and last): _____

     Home Street Address: _____

     City, State, Zip Code: _____

     Home Telephone Number: (_____) _____

     Social Security Number: _____

II.   YOUR WORK HISTORY AT AGE

     The amount of your Settlement Payment is based on the number of compensable work months ("work months") you were actively employed by A.G. Edwards & Sons, Inc. ("AGE") as a Financial Consultant anywhere in the United States outside of the State of California during the applicable time period set forth in Schedule 1 attached to the Class Notice for the states in which you were so employed through [** INSERT NOTICE APPROVAL DATE **] (the "Class Period"), and the state(s) in which you were so employed, where "work months" means those calendar months in which you were actively employed as a Financial Consultant in the United States outside the State of California for more than 15 days. For example, if you were actively employed as a Financial Consultant in New York from January 1, 2005 to February 24, 2006, your work months would be 14. Class Members will be deemed to have been employed only in the state of the branch at which the Class Member was registered, and in no event may a Class Member be considered to have been actively employed in more than one state during a single calendar month.

**FORM C**

According to AGE's payroll records, you were employed by AGE as a Financial Consultant for the following number(s) of work months in the following state(s) during the Class Period:

| State | Work Months |
|-------|-------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

Based on the figures and information listed above, your total settlement payment (assuming you return this Settlement Claim Certification Form and the Consent To Join Settlement Form by the deadline) will be:

$_____    (less applicable taxes and withholding)

III.    IF YOU DISPUTE AGE'S PAYROLL RECORDS

Please complete this Section only if you disagree with the number of work months or the state(s) listed in Section II above.  If you believe that either or both of these pieces of information are incorrect, please:

1.    Write below the number of work months you contend you were actively employed by AGE as a Financial Consultant and the state(s) in which each was worked, during the Class Period (as defined above), where "work months" means those calendar months in which you were actively employed as a Financial Consultant in the United States outside the State of California for more than 15 days:

| State | Work Months |
|-------|-------------|
| _____ | _____ |
| _____ | _____ |
| _____ | _____ |

2.    Please attach to this Settlement Claim Certification Form any documents that support the number of months you are claiming (for example, pay stubs or payroll records). Please be advised that AGE's payroll records are presumed to be correct unless the documents you provide prove otherwise.

**FORM C**
- 2 -

88

IV.    RELEASE OF CLAIMS

I understand, acknowledge and agree that, by executing and submitting this Settlement Claim Certification Form, my total recovery will be the amount stated above, and nothing further.

I, on behalf of myself, and each of my heirs, representatives, successors, assigns, and attorneys, fully, finally, and forever release and discharge AGE and each of its parents, subsidiaries (whether or not wholly-owned), affiliates (including each such affiliate's parents and subsidiaries), divisions, joint ventures, related companies, predecessors, successors and assigns; Wachovia Securities, LLC, and each of its parents, subsidiaries (whether or not wholly-owned), affiliates (including each such affiliate's parents and subsidiaries), divisions, joint ventures, related companies, predecessors, successors and assigns; and each of each such entities' past or present directors, officers, employees, partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and personal or legal representatives ("AGE Releasees") from all Released State Law Claims and all Released Federal law Claims.

"Released State Law Claims" mean any and all applicable state and local law claims, obligations, demands, actions, rights, causes of action, and liabilities against AGE Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or unknown, and whether anticipated or unanticipated, including claims that I do not know or suspect to exist in my favor, based on employment by AGE as a Financial Consultant, that accrued during the period ending on [**INSERT DATE**], for any type of relief, including without limitation, claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations with respect to my employment by AGE as a Financial Consultant:  (a) all claims asserted or which could have been asserted in the Litigations (as defined in the Class Notice) which arose under the facts alleged and/or applicable state and local wage and hour laws and regulations; (b) all claims under applicable state and local laws and regulations for the failure to pay any type of overtime compensation or other wages; (c) all claims which arose under applicable state or local laws or regulations for the failure to provide or pay for meal, break, and/or rest periods; (d) all claims under applicable state or local laws or regulations stemming from or based on the alleged misclassification of me as an exempt employee, i.e., an employee who is exempt under state law from the wage and hour requirements imposed on employers but who actually do not qualify for any exemption, including without limitation executive, administrative, or professional exemptions; (e) all claims, including without limitation state or local statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for costs or penalties for cancelled or broken trades or errors or mistakes of Financial Consultants, including without limitation claims for improper trading error chargebacks or deductions; (f) all claims, including without limitation state or local statutory and common law claims, alleging the unlawful or improper imposition, deduction or chargeback of, or failure to reimburse, indemnify, cover or pay for business expenses, costs and deductions, including without limitation, expenses, costs and deductions for support staff, marketing, advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office

**FORM C**
- 3 -

supplies, office equipment, desk fees, license and registration fees, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts, and claims for allegedly improper deductions from or chargebacks to compensation for such business expenses and costs under applicable state laws; and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law or regulation. The Released State Law Claims are the claims meeting the above definition under any and all applicable state and local statutes, regulations or common law, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in Schedule 2 attached to the Class Notice.

"Released Federal Law Claims" mean any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against AGE Releasees, of whatever kind and nature, character, and description, whether known or unknown, and whether anticipated or unanticipated, including claims that I do not know or suspect to exist in my favor, based on employment by AGE as a Financial Consultant, that accrued during the period ending on [**INSERT DATE**], for any type of relief, including without limitation, claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.,* with respect to my employment by AGE as a Financial Consultant.

With respect to the Released State Law Claims and Released Federal Law Claims, I also expressly, knowingly, and intentionally waive all rights, benefits and protections under any statute, legal doctrine or other authority that restricts the release of unknown claims, including but not limited to California Civil Code section 1542, which provides:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor [*i.e.,* the AGE Releasees].**

I acknowledge the significance and consequence of this waiver and assume full responsibility for any loss that may be incurred by reason of such waiver. I further acknowledge that the foregoing waiver was separately bargained for and a key element of the Settlement.

V.    MAILING INSTRUCTIONS

If you want to participate in the Settlement, please mail your completed Settlement Claim Certification Form to the Claims Administrator at the address listed below. Your completed Settlement Claim Certification Form must be postmarked on or before [** INSERT DATE **] or else you will forfeit your benefits under this Settlement. In addition, in order to participate in the Settlement, you also must complete and mail the Consent To Join Settlement form that accompanies the Class Notice in accordance with the instructions in the Class Notice. Even if you file an objection to the Settlement, you must submit this Settlement Claim Certification

**FORM C**

- 4 -

Form and the Consent To Join Settlement form by the deadline in order to receive any benefits under the Settlement if your objection is overruled.

The address of the Claims Administrator is:

> AGE Claims Administrator
> c/o The Garden City Group, Inc.
> [INSERT ADDRESS]

## VI.    CERTIFICATION

I hereby certify that the contents of this Settlement Claim Certification Form are true and accurate, and that I have read and understand the Class Notice.

## VII.    PLEASE SIGN BELOW

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Dated: _____          _____
                                (Signature)


                                _____
                                (Print Name)

If you have any questions about completing this Settlement Claim Certification Form, please call the Claims Administrator at [** INSERT TOLL-FREE TELEPHONE NUMBER **]

AGE:15830

**FORM C**

- 5 -

# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

CARL J. BASILE, ALLAN B. ROSENTHAL, ) **CASE NO.** 08 CV 0338 JAH (NLS)
DAVID STABILE, PHILIP J. RICHMAN, )
JAMES D. NELSON, MARK STEEN, and ) CLASS ACTION
TERRY TOBIN, on behalf of themselves and )
all others similarly situated, )
                                    )
           Plaintiffs, )
                                    )
     vs. )
                                      )
A.G. EDWARDS & SONS, INC., )
                                      )
           Defendant. )
_____ )

## CONSENT TO JOIN SETTLEMENT CLASS

        By signing below, I hereby consent to becoming a party plaintiff in the above-captioned action pursuant to Section 16(b) of the Fair Labor Standards Act, and authorize Class Counsel (as defined in Section B of the Notice To Class Members Regarding Pendency of a Class and Collective Action and Notice of Hearing On Proposed Settlement ("Class Notice"), which I received together with this Consent to Join Settlement Class (Form D)) to act on my behalf in all matters relating to this action, including the settlement of my claims.

_____       _____
Print or Type Name                    Signature

Address: _____      Date: _____

         _____

Telephone #: _____

**Sworn to and subscribed before me
this _____ day of _____, 2008**

                               _____
                                      **Notary Public**
                                 My commission expires:

AGE:15818

## MAXIMUM APPLICABLE STATUTE OF LIMITATIONS AND CLASS PERIOD BY STATE

| State | Applicable Limitations and Class Period |
|---|---|
| Alabama | February 21, 2005 through [Date of Notice Approval Order] |
| Alaska | February 21, 2005 through [Date of Notice Approval Order] |
| Arizona | February 21, 2005 through [Date of Notice Approval Order] |
| Arkansas | February 21, 2005 through [Date of Notice Approval Order] |
| Colorado | February 21, 2005 through [Date of Notice Approval Order] |
| Connecticut | February 21, 2005 through [Date of Notice Approval Order] |
| Delaware | February 21, 2005 through [Date of Notice Approval Order] |
| District of Columbia | February 21, 2005 through [Date of Notice Approval Order] |
| Florida | February 21, 2004 through [Date of Notice Approval Order] |
| Georgia | February 21, 2005 through [Date of Notice Approval Order] |
| Hawaii | February 21, 2002 through [Date of Notice Approval Order] |
| Idaho | February 21, 2005 through [Date of Notice Approval Order] |
| Illinois | February 21, 2003 through [Date of Notice Approval Order] |
| Indiana | February 21, 2005 through [Date of Notice Approval Order] |
| Iowa | February 21, 2005 through [Date of Notice Approval Order] |
| Kansas | February 21, 2005 through [Date of Notice Approval Order] |
| Kentucky | February 21, 2003 through [Date of Notice Approval Order] |
| Louisiana | February 21, 2005 through [Date of Notice Approval Order] |
| Maine | February 21, 2002 through [Date of Notice Approval Order] |
| Maryland | February 21, 2005 through [Date of Notice Approval Order] |
| Massachusetts | February 21, 2005 through [Date of Notice Approval Order] |
| Michigan | February 21, 2005 through [Date of Notice Approval Order] |
| Minnesota | February 21, 2005 through [Date of Notice Approval Order] |
| Mississippi | February 21, 2005 through [Date of Notice Approval Order] |
| Missouri | February 21, 2005 through [Date of Notice Approval Order] |
| Montana | February 21, 2005 through [Date of Notice Approval Order] |
| Nebraska | February 21, 2004 through [Date of Notice Approval Order] |
| Nevada | February 21, 2005 through [Date of Notice Approval Order] |
| New Hampshire | February 21, 2005 through [Date of Notice Approval Order] |
| New Jersey | August 23, 2000 through [Date of Notice Approval Order] |
| New Mexico | February 21, 2005 through [Date of Notice Approval] |
| New York | July 6, 2000 through [Date of Notice Approval Order] |
| North Carolina | February 21, 2005 through [Date of Notice Approval Order] |
| North Dakota | February 21, 2005 through [Date of Notice Approval Order] |
| Ohio | May 29, 2001 through [Date of Notice Approval Order] |
| Oklahoma | February 21, 2005 through [Date of Notice Approval] |
| Oregon | October 13, 2000 through [Date of Notice Approval Order] |
| Pennsylvania | September 7, 2003 through [Date of Notice Approval Order] |
| Rhode Island | February 21, 2005 through [Date of Notice Approval Order] |
| South Carolina | February 21, 2005 through [Date of Notice Approval Order] |

**SCHEDULE 1**

| State | Applicable Limitations and Class Period |
|---|---|
| South Dakota | February 21, 2005 through [Date of Notice Approval Order] |
| Tennessee | February 21, 2005 through [Date of Notice Approval Order] |
| Texas | February 21, 2004 through [Date of Notice Approval Order] |
| Utah | February 21, 2004 through [Date of Notice Approval Order] |
| Vermont | February 21, 2002 through [Date of Notice Approval Order] |
| Virginia | February 21, 2005 through [Date of Notice Approval Order] |
| Washington | February 21, 2005 through [Date of Notice Approval Order] |
| West Virginia | February 21, 2005 through [Date of Notice Approval Order] |
| Wisconsin | February 21, 2002 through [Date of Notice Approval Order] |
| Wyoming | February 21, 2005 through [Date of Notice Approval Order] |

AGE:15819

- 2 -

**SCHEDULE 1**

## STATE WAGE AND HOUR LAWS
## INCLUDED AMONG RELEASED STATE LAW CLAIMS

Alaska

- Alaska Wage & Hour Act: Alaska Stat. § 23.10.050 – 23.10.150
- Alaska Stat. § 23.05.140
- Alaska Admin. Code tit. 8, § 15.160 – 15.165

Arizona

- General Wages Statute: Ariz. Rev. Stat. §§ 23-350 to -362

Arkansas

- Minimum Wage Act of Arkansas: Ark. Code Ann. § 11-4-201 *et seq.*

Colorado

- Colorado Wage Claim Act: Colo. Rev. Stat. §§ 8-4-101 *et seq.* (Specifically Including §§ 8-4-105(1)(a)-(e), 8-4-110(2))
- Colorado Minimum Wages Of Workers Act: Colo. Rev. Stat. § 8-6- 101 *et seq.*
- Colorado Minimum Wage Order Number 22, 7 Colo. Code Regs. § 1103-1

Connecticut

- Conn. Gen. Stat. §§ 31-60, 31-66, 31-68,
- Conn. Gen. Stat. §§ 31-70 through 31-74, 31-76 through 31-76m
- Conn. Agencies Regs. §§ 31-60-14 & 31-60-15
- Any and all claims under Chapter 558 of the Connecticut General Statutes and any enabling or implementing regulations

Delaware

- Wage Payment & Collection Act: Del. Code Ann. tit. 19, § 1101 *et seq.*

District Of Columbia

- Minimum Wage Law: D.C. Code § 32-1001, *et seq.*
- Payment and Collection of Wages Law: D.C. Code § 32-1301 *et seq.*
- D.C. Mun. Reg. tit. 7, § 915.

Florida

- Fla. Stat. § 448.08

**SCHEDULE 2**

Georgia

- Ga. Code Ann. § 34-7-2
- Ga. Code Ann. § 34-2-11

Hawaii

- Haw. Rev. Stat. §§ 387-1 *et seq.*
- Haw. Rev. Stat. §§ 388-1 *et seq.*

Idaho

- Idaho Wage Payment Act: Idaho Code Ann. §§ 45-601– 45-621

Illinois

- Illinois Minimum Wage Act: 820 Ill. Comp. Stat. §105/1 *et seq.*
- Illinois Wage Payment & Collection Act: 820 Ill. Comp. Stat. §115/1 *et seq.*

Indiana

- Minimum Wage Law of 1965: Ind. Code §§ 22-2-2-2, 22-2-2-13
- Indiana Wage Payment Law: Ind. Code § 22-2-5-1 *et seq.*
- Ind. Code § 22-2-6-1 *et seq.*
- Ind. Code § 22-2-8-1 *et seq.*
- Ind. Code § 22-2-9-1 *et seq.*
- Ind. Code. § 22-2-7-1 *et seq.*
- Ind. Code. § 22-2-4-4

Iowa

- Iowa Wage Payment Collection Act: Iowa Code Chapter 91A (including §§ 91A.1 – 91A.14)

Kansas

- Kansas Minimum Wage Law: Kan. Stat. Ann. §§ 44-1201 – 44-1213; 44-1202(D)
- Kansas Wage Payment Statute: Kan. Stat. Ann. §§ 44-312 – 44-327
- Kan. Stat. Ann. §§ 44-341 – 44-343
- Kan. Admin. Regs. §§ 49-20-1 – 49-21-4

Kentucky

- Ky. Rev. Stat. § 337.385
- Ky. Rev. Stat. § 337.010 *et seq.*
- Ky. Rev. Stat. § 337.285
- Ky. Rev. Stat. § 337.320(2)

**SCHEDULE 2**
- 2 -

Louisiana

- La. Rev. Stat. Ann. § 23:631 *et seq.*
- La. Rev. Stat. Ann. § 23:14

Maine

- Me. Rev. Stat. Ann. tit. 26, § 664
- Me. Rev. Stat. Ann. tit. 26, § 629
- Me. Rev. Stat. Ann. tit. 26, § 635
- Me. Rev. Stat. Ann. tit. 26 § 603
- Me. Rev. Stat. Ann. tit. 26 §§ 662, 665

Maryland

- Md. Code Ann., Lab. & Empl. §§ 3-401 - 3-431
- Md. Code Ann., Lab. & Empl. §§ 3-501 - 3-509

Massachusetts

- Mass. Gen. Laws ch. 151, §§ 1a, 1b,
- Mass. Gen. Laws ch. 149, §§150a, 150c, 152
- Mass. Gen. Laws ch. 149 §§ 148, 148a, 152A, 52C
- Mass. Code Regs. 2.02(3)

Michigan

- Michigan Minimum Wage Act: Mich. Comp. Laws Ann. § 408.381 *et seq.*
- Michigan Wages And Fringe Benefits Act: Mich. Comp. Laws Ann. § 408.471 *et seq.*

Minnesota

- Minnesota Fair Labor Standards Act:  Minn. Stat. §§ 177.21 – 177.44
- Minn. Stat. § 181.01 *et seq.*

Missouri

- Mo. Rev. Stat. §§ 290.010 *et seq.* (including, but not limited to, §§ 290.080, 290.100, 290.110)

Montana

- Montana's Minimum Wage & Overtime Act: Mont. Code Ann. § 39-3-201 *et seq.*
- Montana Wage Payment Act:  Mont. Code Ann. § 39-3-401 *et seq.*
- Montana's Wages & Wage Protection Act:  Mont. Code Ann. § 39-3-101 *et seq.*

**SCHEDULE 2**

- 3 -

Nebraska

- Nebraska Wage Payment and Collection Act: Neb. Rev. Stat. § 48-1228 *et seq.*
- Nebraska Wage and Hour Act: Neb. Rev. Stat. §§ 48-1201 – 48-1209

Nevada

- Nev. Rev. Stat. §§ 608.018, 612.535, 616d.240, 608.110
- Nev. Admin. Code § 608.160
- Nev. Rev. Stat. § 608.100

New Hampshire

- N.H. Rev. Stat. Ann. § 275:42 *et seq.* (including, but not limited to, §§ 275:43-B, 275:45, 275:48, 275:53 and 275:57)
- N.H. Code Admin. R. Ann. Lab. 803.03

New Jersey

- N.J. Stat. Ann § 34:11-4.1 *et seq.*
- N.J. Stat. Ann § 34:11-56a *et seq.*
- New Jersey Wage Collection Law: N.J. Stat. Ann. § 34:11-66
- N.J. Admin. Code §§ 12:56-4.3, 12:56-4.4

New Mexico

- N.M. Stat. Ann. § 50-4-1 *et seq.* (including, but not limited to, §§ 50-4-2(B), 50-4-14)
- N.M. Minimum Wage Act: N.M. Stat. A`nn. §§ 50-4-19 – 50-4-30 (including, but not limited to, § 50-4-26)

New York

- 12 N.Y.C.R.R. § 142-2.1 *et seq.* (including, but not limited to, § 142-2.2 and § 142.-2.14)
- N.Y. Lab. Law § 190 *et seq.* (including, but not limited to, § 191, § 193 and § 198)
- New York Minimum Wage and Hour Law: NY. Lab. Law § 650 *et seq.*
- N.Y. Lab. Law § 160

North Carolina

- North Carolina Wage and Hour Act: N.C. Gen. Stat. § 95-25.1 *et seq.* (including, but not limited to, §§ 95-25.4, 95-24.6, 95.25.8, 94-25.22)
- 13 N.C. Admin. Code § 12.0305

**SCHEDULE 2**

- 4 -

North Dakota

- Title 34 of the North Dakota Central Code (including, but not limited to, N.D. Cent. Code § 34-14-04.1)
- The North Dakota Minimum Wage and Work Conditions Order
- Title 46 of the North Dakota Administrative Code

Ohio

- Ohio Minimum Fair Wage Standards: Ohio Rev. Code Ann. ch. 4111 (including, but not limited to, § 4111.03)
- Ohio Rev. Code. Ann. §§ 4113.15, 4113.16, 4113.19, 4113.21

Oklahoma

- Oklahoma Payday Act: Okla. Stat. tit. 40, § 165.1 *et seq.*
- Okla. Admin Code §§ 380.30 1-7, 380-1-8

Oregon

- Or. Rev. Stat. Chapters 652 and 653
- Or. Admin. Rules 839-020-0030.

Pennsylvania

- Minimum Wage Act of 1968: 43 Pa. Stat. Ann. § 333.101 *et seq.*
- Wage Payment and Collection Law: 43 Pa. Stat. Ann. § 260.1 *et seq.*
- 34 Pa. Code § 231.21, § 231.31, § 231.36 and § 231.41

Rhode Island

- Rhode Island Minimum Wage Act: R.I. Gen. Laws § 28-12-1 *et seq.* (including, but not limited to, §§ 28-12-4.1, -4.2, -4.3, -4.4, -12, -16, -17, -18)
- Rhode Island Payment of Wages Act: R.I. Gen. Laws §§ 28-14-1 *et seq.* (including, but not limited to, §§ 28-14-3.1, -10, -10.1, -10.2, -18.1)
- Rhode Island Assignment of Future Wages Act: R.I. Gen. Laws § 28-15-1 *et seq.* (including, but not limited to, § 28-15-9)

South Carolina

- South Carolina Payment of Wages Act: S.C. Code Ann. § 41-10-10 *et seq.*
- South Carolina Payment of Post-Termination Claims To Sales Representatives Act: S.C. Code Ann. § 39-65-10 *et seq.*

South Dakota

- S.D. Codified Laws § 60-11-1 *et seq.*

**SCHEDULE 2**
- 5 -

Tennessee

- Wage Regulation Act: Tenn. Code Ann. § 50-2-101 *et seq.*

Texas

- Tex. Lab. Code Ann. § 61.001 *et seq.* (including, but not limited to, § 61.018)
- Texas Civil Practice & Remedies Code ch. 38

Utah

- Utah Payment of Wages Act: Utah Code Ann. § 34-28-1 *et seq.* (including, but not limited to, § 34-28-3(5))

Vermont

- Vt. Stat. Ann. tit. 21, §§ 384(b), 395
- Vermont Wages and Medium of Payment Act: Vt. Stat. Ann. tit. 21 § 341 *et seq.*

U.S. Virgin Islands

- V.I. Code Ann. tit. 24, § 17

Virginia

- Virginia Assignment of Wages Act: Va. Code Ann. § 40.1-29 *et seq.*
- Va. Code Ann. § 49.1-455 *et seq.*

Washington

- Washington Minimum Wage Act: Wash. Rev. Code § 49.46.005 *et seq.* (including, but not limited to, §§ 49.46.130(1))
- Wash. Rev. Code § 49.48.010 *et seq.*
- Wash. Rev. Code § 49.52.050-.080
- Wash. Admin. Code 296-126-025
- Wash. Admin. Code 296-126-028

West Virginia

- West Virginia Wage Payment and Collection Act: W.Va. Code § 21-5C-1 *et seq.* (including, but not limited to, § 21-5C-3)
- West Virginia Minimum Wage and Maximum Hour Act: W. Va. Code § 21-5-1 *et seq.* (including, but not limited to, §§ 21-5-3, 21-5-9(4))

Wisconsin

- Wis. Admin. Code DWD § 274.01
- Wis. Stat. §§ 103.01–103.03, 109.01-109.11
- Wis. Stat. § 103.455
- Wis. Stat. § 103.457

Wyoming

- Wyo. Stat. Ann. § 27-4-101 *et seq.* (including, but not limited to, § 27-4-101(b))

AGE:15820

**SCHEDULE 2**
- 7 -

101