1  FRANCIS M. GREGOREK (144785)
   RACHELE R. RICKERT (190634)
2  WOLF HALDENSTEIN ADLER
     FREEMAN & HERZ LLP
3  Symphony Towers
   750 B Street, Suite 2770
4  San Diego, CA 92101
   Telephone:  619/239-4599
5  Facsimile:  619/234-4599

6  JEFFREY G. SMITH (133113)
   WOLF HALDENSTEIN ADLER
7    FREEMAN & HERZ LLP
   270 Madison Avenue
8  New York, NY 10016
   Telephone:  212/545-4600
9  Facsimile:  212/545/4653

10  Attorneys for Plaintiffs

11  [Additional Counsel Appear on Signature Page]

12                    **UNITED STATES DISTRICT COURT**

13                   **SOUTHERN DISTRICT OF CALIFORNIA**

14

15  CARL J. BASILE, ALLAN B. ROSENTHAL,          )   CASE NO. 08 CV 0338 JAH-RBB
    PHILIP J. RICHMAN, JAMES D. NELSON,          )
16  DAVID STABILE, MARK STEEN and TERRY          )   CLASS ACTION
    TOBIN, on behalf of themselves and all others )
17  similarly situated,                          )   **PLAINTIFFS' UNOPPOSED**
                                                 )   **SUPPLEMENTAL**
18                                               )   **MEMORANDUM OF LAW**
                    Plaintiffs,                  )   **REGARDING CLASS**
19            v.                                 )   **CERTIFICATION IN SUPPORT**
                                                 )   **OF JOINT MOTION TO**
20  A.G. EDWARDS & SONS, INC.                    )   **CERTIFY SETTLEMENT CLASS**
                                                 )
21                  Defendant.                   )   DATE:      June 9, 2008
                                                 )   TIME:      2:30 p.m.
22                                               )   CRTRM:     11
                                                 )   JUDGE:     Hon. John A Houston
23                                               )
    _____   )
24

25

26

27

28

# TABLE OF CONTENTS

Page

I.    INTRODUCTION ..................................................................................1

      A.    Definition Of The Settlement Class ............................................1

      B.    Settlement Class Allegations .....................................................3

      C.    The Special Master And The Allocation Of The Settlement Consideration..............3

II.   ARGUMENT .......................................................................................5

      A.    The Settlement Class Should Be Certified..................................5

            1.    The Requirements of Rule 23 In The Context Of A Settlement Class ..........5

            2.    The Requirements Of Rule 23(a) Are Satisfied In This Case......................6

                  a.    The Class Is So Numerous That Joinder Of All Members Is
                        Impracticable...............................................................6

                  b.    This Case Involves Questions Of Law And Fact Common to
                        The Class......................................................................6

                  c.    The Claims Of The Representative Parties Are Typical Of
                        The Claims Of The Class ...............................................7

                  d.    The Representative Plaintiffs Will Fairly And Adequately
                        Protect The Interests Of the Class....................................8

            3.    The Proposed Class Satisfies The Requirements Of Rule 23(b)(3)..............9

                  a.    Common Questions Of Law And Fact Predominate Over
                        Individual Questions .....................................................9

                  b.    A Class Action Is Superior To Other Available Methods
                        For The Fair And Efficient Adjudication Of This Case...................10

      B.    The Collective Action Should Also Be Certified.......................................11

III.  CONCLUSION.......................................................................................11

TABLE OF AUTHORITIES

Page

CASES

*Amchem Products, Inc. v. Windsor*,
  521 U.S. 591 (1997)................................................................6, 9, 11

*Baby Neal v. Casey*,
  43 F.3d 48 (3rd Cir. 1994) .......................................................6

*Blackie v. Barrack*,
  524 F.2d 891 (9th Cir. 1975) ...................................................6

*Burns v. Merrill Lynch, etc.*,
  Case No. 04-CV-04135-MMC (N.D. Cal. June 21, 2006) .........................2

*Garett v. Morgan Stanley*,
  Case No. 04-CIV-1858-BEN (S.D. Cal. Sept. 12, 2006)........................2

*Glass v. UBS Financial*,
  N.D. Cal. 06-4068).............................................................4

*Haley v. Medtronic, Inc.*,
  169 F.R.D. 643 (C.D. Cal. 1996) ............................................6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) ......................................*passim*

*In re Cardizem CD Antitrust Litigation*,
  200 F.R.D. 326 (E.D. Mich. 2001) ..........................................9

*In re Lorazepam & Clorazepate Antitrust Litig.*,
  202 F.R.D. 12 (D. D.C. 2001)...............................................9

*In re NASDAQ Market-Makers Antitrust Litigation*,
  169 F.R.D. 493 (S.D.N.Y. 1996) ...........................................9

*In re Potash Antitrust Litig.*,
  159 F.R.D. 682 (D. Minn. 1995)...........................................9

*Karim v. Banc of America Inv. Servs.*,
  No. 06-cv-00167-AHS-MLG (C.D. Cal. March 24, 2008)........................2

*Lerwill v. Inflight Motion Pictures, Inc.*,
  582 F.2d 507 (9th Cir. 1978) ...................................................................8, 10

*Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*,
  244 F.3d 1152 (9th Cir. 2001) .................................................................8, 9

*Mowdy v. Beneto Bulk Transp.*,
  No. C 06-05682 MHP, 2008 WL 901546  (N.D. Cal. March 31, 2008) ...................11

*Northwestern Fruit Co. v. A. Levy & J. Zentner Co.*,
  116 F.R.D. 384 (E.D. Cal. 1986) ...................................................................10

*Oregon Laborers-Employer Health & Welfare Trust Fund v. Phillip Morris, Inc.*,
  188 F.R.D. 365 (D. Oreg. 1998) ....................................................................7

*Takacs v. A.G. Edwards*,
  444 F. Supp. 2d 1100 (S.D. Cal. 2006)..............................................................2

*Weinberger v. Thornton*,
  114 F.R.D. 599 (S.D. Cal. 1986) ....................................................................7

*Whiteway v. FedEx Kinko's Office & Print Servs., Inc.*,
  No. C05-2320 SBA, 2006 WL 2642528 (N.D. Cal. Sept. 14, 2006)............................6

RULES AND STATUTES

Fair Labor Standards Act of 1938
  216(b) .........................................................................................1, 11

29 U.S.C.
  201 ..................................................................................................1

Fed. R. Civ. P.
  23.........................................................................................5, 6, 8, 11
  23(a) .....................................................................................passim
  23(a)(2) .........................................................................................6
  23(a)(3) ......................................................................................8, 9
  23(a)(4) ......................................................................................8, 9
  23(b).............................................................................................5
  23(b)(3) ..............................................................................5, 9, 10, 11

- iii -

## I.    INTRODUCTION

On March 7, 2008, the above parties jointly moved this Court for preliminary approval of a class and collective action settlement ("Settlement").  As explained by the parties, the Settlement calls for the conditional certification pursuant to Federal Rule of Civil Procedure 23, for settlement purposes only, of a class of individuals employed by A.G. Edwards & Sons, Inc. ("AGE") in the United States outside the state of California in the position of Financial Consultant during all or part of certain applicable limitations periods for the state in which the individual was employed. The Settlement also calls for the conditional certification under section 216(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. 201, *et seq.*, ("FLSA"), for settlement purposes only, of a collective action of all individuals employed by AGE in the United States outside the state of California in the position of Financial Consultant from July 6, 2003 through the notice approval date.

Following the parties' submission of their joint motion, this Court ordered supplemental briefing on the issue of whether the state law class the parties seek to be certified for settlement purposes meets the requirements of Federal Rule of Civil Procedure 23.  As set forth below in this unopposed supplemental memorandum of law, the proposed state law settlement class identified in this action (the "Settlement Class") satisfies the requirements of Fed. R. Civ. P. 23(a) and (b)(3) and should be certified.[1]

### A.    Definition Of The Settlement Class

The proposed Settlement Class in this action is very similar to slightly more complicated settlement classes approved in two virtually identical wage and hour cases: (1) *LaVoice v. Smith Barney*, No.: 07-CV-00801 CW (N.D. Cal. March 18, 2008) ("*Smith Barney*"), *see* Declaration of Jeffrey Smith, dated May 30, 2008 ("Smith Decl."), Ex. A; and (2) *Steinberg v. Morgan Stanley & Co.*, No. 06 CV 2628 BEN (NLS) (S.D. Cal. Jan. 8, 2008) ("*Morgan Stanley*"), Smith Decl., Ex. B.  In *Morgan Stanley*, the settlement class was certified in connection with the preliminary approval of the settlement. Final approval has not yet been reached.  In *Smith Barney*, the

---

[1]    While the parties also seek preliminary approval of a collective action pursuant to section 216(b) of the FLSA, the Court directed briefing solely as to the Rule 23 class.

08 CV 0338 JAH-RBB

- 1 -

settlement class was certified in connection with the final approval of the settlement.    This Court should reach the same conclusion. [2]

As described in the AGE Settlement Agreement, the proposed AGE Class consists of:

> [T]he group of individuals employed by AGE in a Covered Position during the Class Period, or the estates of such individuals.  The class does not include any Persons who were never employed by AGE in a Covered Position during the Class Period.

Settlement Agreement at ¶1.6.

"Covered Position" is also defined:

> Employment in a "Covered Position" means employment as a Financial Consultant by AGE in the United States outside of the State of California.  Financial Consultant Trainees, Branch Office Managers, Assistant Branch Office Managers and Financial Associates, whether or not registered or in production, are not Covered Positions.

Settlement Agreement at ¶ 1.16.

The very similar approved *Morgan Stanley* Class, which included certain positions explicitly excluded here, consisted of:

> All individuals who were employed by Morgan Stanley in the United States outside the state of California, including Puerto Rico, in the position of Financial Advisor or Financial Advisor Trainee, and all individuals who were employed by Morgan Stanley in the United States, including Puerto Rico, in the position of Producing Branch Manager, Assistant Branch Manager, or Sales Manager who supervised Financial Advisor or Financial Advisor Trainees, during all or part of the applicable limitations period for the state in which the individual was employed by Morgan Stanley.

Smith Decl., Ex. B, at ¶ 2; Ex. C at ¶ 1.5.

Similarly, the *Smith Barney* settlement class, which also included entry level or trainee

---

[2]    Similar but single state classes were approved in California cases, including this Court's decision in *Takacs v. A.G. Edwards*, 444 F. Supp. 2d 1100 (S.D. Cal. 2006) as well as *Burns v. Merrill Lynch, etc.,* Case No. 04-CV-04135-MMC (N.D. Cal. June 21, 2006) and *Garett v. Morgan Stanley*, Case No. 04-CIV-1858-BEN (S.D. Cal. Sept. 12, 2006).  In addition, a national class similar to the national class in the present case was approved in the case of *Karim v. Banc of America Inv. Servs.*, No. 06-cv-00167-AHS-MLG (C.D. Cal. March 24, 2008). Since this brief focuses on the AGE national class outside California, however, the comparison between this case and *Smith Barney* and *Morgan Stanley*, both of which are national classes, is more appropriate. Nevertheless, both the classes and claims are quite parallel in all other respects in all seven cases.

- 2 -

classes excluded here, and which was given final approval by Judge Wilken on March 13, 2008, was a very similar definition:

> All individuals who were classified as overtime-exempt while employed by CGMI anywhere in the United States (including all states, territories, and the District of Columbia) in the position(s) of Financial Consultant, Financial Advisor, Financial Consultant Associate, or Financial Advisor Associate (collectively, the "Covered Positions")....

Smith Decl., Ex. A at ¶ 1; Ex. D at III(A) .

**B.    Settlement Class Allegations**

The claims forming the bases of the Class allegations in AGE, Morgan Stanley, and Smith Barney are identical: (1) failure to pay overtime under applicable state wage and hour laws; (2) failure to reimburse class members for business related expenses as required by law; and (3) unlawful deductions from class members' compensation for, *inter alia*, errors, support staff compensation, and business expenses. The state overtime claims outside California are largely based on federal Fair Labor Standards Act overtime claims. The claims for failure to reimburse for business related expenses and unlawful deductions vary slightly from state to state. The essence of these claims, however, is the same: in violation of state law, defendants allegedly made unauthorized deductions from employees' wages. These alleged unlawful deductions were used to cover business expenses, errors, support staff compensation, and other business expenses that were not direct benefits to the employees.[3]

**C.    The Special Master And The Allocation Of The Settlement Consideration**

Within both the *Smith Barney* case and the *Morgan Stanley* case, plaintiffs' co-lead counsel, James F. Clapp, of the law firm of Dostart Clapp Gordon & Coveney LLP ("Dostart Clapp") and Jeffrey G. Smith of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP ("Wolf Haldenstein") requested that the courts appoint a special master to assist with the process of allocating the settlement proceeds fairly among the claimants in the various states in accordance

---

[3]    The parties have widely divergent views on the merits of Plaintiffs' claims. For the parties' respective positions on the merits, *see* Joint Motion for Preliminary Approval at pp. 6-15. AGE specifically and generally denies all of the claims asserted by Plaintiffs in the Consolidated Action.

with variations in applicable state laws. Toward that end, Plaintiffs' counsel in *Smith Barney* have obtained the consent of retired California federal judge Charles A. Legge, and the approval of the Hon. Claudia Wilken, to serve as Special Master. Under the terms of the stipulation, plaintiffs' counsel was to submit a non-binding allocation proposal to Judge Legge who would review that proposal and then submit a report to Judge Wilken. Judge Legge's charge was to consider any factors he deemed appropriate, including how the awards made to the claimants of different states should differ based on the differences in applicable wage and hour laws in the various states. Smith Decl. Ex. D at VII(C). In *Morgan Stanley* Judge Legge was also appointed by the court as Special Master and his report was recently approved on May 19, 2008 at the Notice and Allocation Approval Hearing. Smith Decl. Ex. B, at ¶8.  In the present case, Judge Legge has consented to serve as Special Master and the parties have requested, in their papers concurrently submitted, that this Court approve Judge Legge as Special Master in this case.

In his Report in the *Morgan Stanley* case, Judge Legge described the method utilized by counsel in determining the allocation as follows:

> They analyzed each state's statutes of limitation.   They then applied to each plaintiff the greater of the three year statutes of limitations of the FLSA or the applicable statute of limitations in the state of each plaintiff.   They obtained information from Morgan Stanley regarding the numbers of plaintiffs and their periods of employment.   From that information they calculated the number of work months for each plaintiff during the applicable period of limitations.  They also obtained data from Morgan Stanley regarding the deductions which were made from each plaintiff.   Some of this information from Morgan Stanley was in response to discovery, and other information was voluntarily provided.   The Special Master has no reason to question the accuracy or the completeness of the information from Morgan Stanley, since plaintiffs' counsel had an interest in seeing that complete and accurate information was produced.

Smith Decl, Ex. E, at 7.

Later in his Report, Judge Legge noted the success of the allocation formula:

> The proposed allocation accomplishes some worthwhile objectives: First, all of the validly recognized claimants will get something.  Second, it is not a one-size-fits-all approach which ignores the many differences in the law among the states. Third, it attempts to be as consistent as the facts permit with other settlements which have been approved by courts in similar cases (*e.g., LaVoice v. Citigroup*, N.D. Cal. 07-801; *Glass v. UBS Financial*, N.D. Cal. 06-4068).   Fourth, it recognizes the distinctions between states that do and do not have wage deduction laws favorable to plaintiffs.   And finally, the proposal bows to the inevitable conclusion that attempting to work out an allocation that includes all variants of per person, per job description, per state, per type of claim, and per each type of state law is simply not doable.

- 4 -

Smith Decl., Ex. E, at 9.

## II.     ARGUMENT

### A.     The Settlement Class Should Be Certified[4]

#### 1.     The Requirements of Rule 23 In The Context Of A Settlement Class

Federal Rule of Civil Procedure 23 provides that a court must certify an action as a class action where, as here, plaintiffs satisfy the four prerequisites of Rule 23(a), and one of the three criteria set forth in Rule 23(b). *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998). Rule 23(a) provides that a class may be certified if:

>    (1)     the class is so numerous that joinder of all members is impracticable;
>
>    (2)     there are questions of law or fact common to the class;
>
>    (3)     the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
>    (4)     the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Because the parties seek certification of the class for settlement purposes pursuant to Rule 23(b)(3), Plaintiffs must also satisfy the requirements of that subsection, which provides that "an action may be maintained as a class action" if:

> the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Nevertheless, one aspect of whether a class action is superior under  Rule 23(b)(3) – *i.e.,* whether a class action is "manageable" – need not be satisfied in order to certify a class in the settlement context: "Confronted with a request for settlement only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems,

---

[4]     AGE has stipulated for purposes of settlement only that the requirements of Rule 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure have been met.  AGE expressly retains the right to dispute the propriety of class certification should the settlement not be approved.  Thus, this section otherwise summarizes Plaintiffs' position only.

... for the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 629 (1997).

## 2.    The Requirements Of Rule 23(a) Are Satisfied In This Case

### a.    The Class Is So Numerous That Joinder Of All Members Is Impracticable

The first requirement for maintaining a class action under Rule 23 is that the class be so numerous that joinder of all members would be "impracticable." Fed. R. Civ. P. 23 (a)(1). In order to determine if this requirement is met, "courts must examine the specific facts of each case," but it is generally held that "numerosity may be presumed at a level of forty members." *Whiteway v. FedEx Kinko's Office & Print Servs., Inc.*, No. C05-2320 SBA, 2006 WL 2642528, at *4 (N.D. Cal. Sept. 14, 2006). In this case the numerosity requirement is easily satisfied since AGE represented at mediation that there are approximately 7,955 Financial Consultants in the Settlement Class. Moreover, AGE has stipulated, for settlement purposes only, that the numerosity requirement is satisfied. *See* Settlement Agreement, ¶2.1.1 ("The Parties stipulate, for settlement purposes only, to the certification by the Court of a class as to all claims asserted in the Litigations pursuant to state law, and further stipulate, for settlement purposes only, to the certification by the Court of a collective action as to all claims asserted in the Litigations pursuant to the FLSA."). Thus, the proposed Class satisfies the numerosity requirement of Rule 23.

### b.    This Case Involves Questions Of Law And Fact Common to The Class

The second requirement for class certification under Rule 23 is that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23 (a)(2). A court must assess if "the class is united by a common interest in determining whether a defendant's course of conduct is in its broad outlines actionable." *Blackie v. Barrack*, 524 F.2d 891, 902 (9th Cir. 1975). The Ninth Circuit has stated that Rule 23(a)(2) should be construed "permissively." *Hanlon*, 150 F.3d at 1019; *accord Baby Neal v. Casey*, 43 F.3d 48, 56 (3rd Cir. 1994) (noting that the requirements of Rule 23(a)(2) are "easily met"). "All questions of fact and law need not be common to satisfy the rule. The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. *See also, Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 647 (C.D. Cal. 1996).

- 6 -

The commonality requirement is readily satisfied here. AGE treated all of its Financial Advisors the same. The allegations of the Consolidated Complaint are 1) that all class members were misclassified by AGE and, thus, did not receive overtime pay as required by the FLSA and state wage and hour laws, and (2) that AGE made improper deductions from class members' compensation in violation of the wage and hour laws of 21 states. Thus, all class members have an overtime claim in common, and class members in 21 states have, in addition, a deduction claim in common. Furthermore, this requirement was satisfied in *Morgan Stanley* and *Smith Barney*. Because all three cases are similar, this requirement should be satisfied in the present case. Moreover, AGE has stipulated, for settlement purposes only, that the commonality requirement is satisfied. *See* Settlement, ¶2.1.1

### c. The Claims Of The Representative Parties Are Typical Of The Claims Of The Class

The third requirement for maintaining a class action under Rule 23(a) is that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." "[R]epresentative *claims* are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020. "Typicality determines whether a sufficient relationship exists between the injury to the named Plaintiff and the conduct affecting the class, so that the court may properly attribute a collective nature to the challenged conduct." *Oregon Laborers-Employer Health & Welfare Trust Fund v. Phillip Morris, Inc.*, 188 F.R.D. 365, 373-74 (D. Oreg. 1998) (internal quotations and citations omitted). The purpose of the typicality requirement is to ensure that the named plaintiffs' interests are aligned with those of the class. *Weinberger v. Thornton*, 114 F.R.D. 599, 603 (S.D. Cal. 1986). The Ninth Circuit has further held that the standard for typicality, like that for commonality, is "permissive." *Hanlon*, 150 F.3d at 1020.

The typicality requirement exists to ensure that the named plaintiffs have the incentive to prove the claims of all class members. The facts surrounding the Settlement also amply demonstrate that Plaintiffs' claims are typical. As in *Morgan Stanley* and *Smith Barney*, the class representatives and the members of the Settlement Class in *AGE* are all Financial Consultants, are (or were) all classified as exempt by AGE, and are (or were) all subject to the same compensation

- 7 -

arrangements which include what Plaintiffs allege to be improper deductions.  Moreover, AGE has stipulated, for settlement purposes only, that the typicality requirement is satisfied.  *See* Settlement ¶2.1.1 Therefore, the typicality requirement of Rule 23(a)(3) is satisfied.

### d.    The  Representative  Plaintiffs  Will  Fairly  And Adequately Protect The Interests Of the Class

The fourth requirement of Rule 23 mandates that the representative plaintiff fairly and adequately represent the class.  Fed. R. Civ. P. 23 (a)(4).  The adequacy requirement consists of two separate inquiries.  First, the representative plaintiffs must not possess interests which are antagonistic to the interests of the class.  Second, plaintiffs must be represented by counsel of sufficient diligence and competence to fully litigate the claim.  *Hanlon*, 150 F.3d at 1020; *Local Joint Executive Board of Culinary/Bartender Trust Fund v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162 (9th Cir. 2001); *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

The representative Plaintiffs here meet both prongs of the adequacy test.  There are no actual or potential conflicts of interest between the class representatives and the members of the Settlement Class.  Plaintiffs, as well as each member of the class, alleged they were misclassified and did not receive overtime pay for their overtime work as required by the FLSA and state wage and hour laws. In addition, Plaintiffs in 21 states also alleged that AGE improperly deducted certain business expenses from their compensation for items such as transaction errors.  The adequacy of Plaintiffs is amply demonstrated by the excellent settlement before the Court for preliminary approval.  All Class Members will share proportionately in the Settlements.  Thus, the Court need not speculate as to whether the named Plaintiffs will adequately protect the interests of absent Class Members since they have already done so.

Moreover, there is no dispute that Plaintiffs have retained highly capable and well-recognized counsel with extensive experience in wage and hour cases.  Plaintiffs' counsel has procured the significant settlements before the Court and other courts.  In addition, the counsel in *AGE* is the same as the counsel in *Morgan Stanley* and *Smith Barney.*  In *AGE*, Jeffrey G. Smith of the law firm of Wolf Haldenstein is lead counsel for settlement purposes.  In *Morgan Stanley*, Wolf Haldenstein was also lead counsel for settlement purposes.  In *Smith Barney*, Wolf Haldenstein was co-lead counsel for settlement purposes with James F. Clapp of the law firm of

- 8 -

Dostart Clapp.

In addition to meeting the two prongs described above, the use of the Special Master further ensures that the interests of the Class are protected in this case. Moreover, AGE has stipulated, for settlement purposes only, that the adequacy requirement is satisfied. *See* Settlement ¶2.1.1. Thus, the named plaintiffs satisfy the requirements of Rule 23(a)(4).

### 3. The Proposed Class Satisfies The Requirements Of Rule 23(b)(3)

Once it is determined that the proposed class satisfies the requirements of Rule 23(a), a class must be certified under Rule 23(b)(3) if "the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." As the Ninth Circuit has explained: "Rule 23(b)(3) focuses on the relationship between the common and individual issues. When common issues present a significant aspect of the case and they can be resolved for all members of the class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis." *Local Joint Executive Board*, 244 F.3d at 1162. One of the factors of the "predominance" analysis is "difficulties likely to be encountered in the management of a class action." F.R.C.P. 23 (b)(3)(D). That factor, however, is inapplicable to certification of a settlement class. *Amchem*, 521 U.S. at 620.

### a. Common Questions Of Law And Fact Predominate Over Individual Questions

"The Rule 23(a)(3) predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Hanlon*, 150 F.3d at 1022. Common questions need only predominate; they do not need to be dispositive of the litigation as a whole. *In re Lorazepam & Clorazepate Antitrust Litig.*, 202 F.R.D. 12, 29 (D. D.C. 2001); *In re Cardizem CD Antitrust Litigation*, 200 F.R.D. 326, 339 (E.D. Mich. 2001); *In re Potash Antitrust Litig.*, 159 F.R.D. 682, 693 (D. Minn. 1995). The predominance standard is met "unless it is clear that individual issues will overwhelm the common questions and render the class action valueless." *In re NASDAQ Market-Makers Antitrust Litigation*, 169 F.R.D. 493, 517 (S.D.N.Y. 1996).

1    The common questions in this case are (1) whether the Class Members did not receive

2  proper overtime pay under the state and federal laws; and (2) whether the Class Members had

3  money deducted from their paychecks, in violation of state statutes.  The only individual issue in

4  this case is the actual amount of the award that each individual class member will receive.  As

5  already described, this issue will be handled in the allocation process.  Hence, common questions

6  predominate in this case.

7               **b.    A Class Action Is Superior To Other Available Methods
                        For The Fair And Efficient Adjudication Of This Case**

8    Rule 23(b)(3) provides that certification of a case is appropriate if class treatment "is

9  superior to other available methods for the fair and efficient adjudication of the controversy."  It

10  sets forth four factors to be considered: (1) the interest of members of the class in individually

11  controlling the prosecution of separate actions; (2) the extent and nature of any litigation

12  concerning the controversy already commenced by members of the class; (3) the desirability of

13  concentrating the litigation of the claims in a particular forum; and (4) the difficulties likely to be

14  encountered in the management of a class action.  Fed. R. Civ. P. 23(b)(3).  Settling this action as

15  a class action is clearly superior to other methods of adjudicating this matter.

16    The alternative to a class action – many duplicative individual actions – would be

17  inefficient and unfair.  "Numerous individual actions would be expensive and time-consuming and

18  would create the danger of conflicting decisions as to person similarly situated."  *Lerwill*, 582 F.2d

19  at 512.  In the case of overtime claims, the Ninth Circuit has held that a single class action is

20  preferable to a multitude of individual lawsuits, since "[n]umerous individual actions would be

21  expensive and time consuming and would create a danger of conflicting decisions as to persons

22  similarly situated."  *Lerwill*, 582 F.2d at 512-13.  Further, it would deprive many class members of

23  any practical means of redress.    Most class members would be effectively foreclosed from

24  pursuing their claims absent class certification.  *Hanlon*, 150 F.3d at 1023 ("many claims [that]

25  could not be successfully asserted individually … would not only unnecessarily burden the

26  judiciary, but would prove uneconomic for potential plaintiffs"); *Northwestern Fruit Co. v. A.*

27  *Levy & J. Zentner Co.*, 116 F.R.D. 384, 389 (E.D. Cal. 1986) ("Multiple lawsuits … would be

28  costly and inefficient, and the exclusion of every class member that cannot afford separate

- 10 -

1   representation would be neither 'fair' nor an 'adjudication' of their claims."). The proposed class

2   thus satisfies the requirements of Rule 23(b)(3).[5]   Absent this Class Action, individual Class

3   Members would have to bring individual claims.  This would be highly inefficient for the court

4   system, as well as for individual plaintiffs.

5   **B.    The Collective Action Should Also Be Certified**

6          As noted, the parties also seek approval of a collective action pursuant to section 216(b) of

7   the FLSA, which would consist of "[a]l individuals who were employed by AGE in the United

8   States outside the state of California in the position of Financial Consultant, during all or part of

9   the period from July 6, 2003 through the Notice and Allocation Approval Date."  The standard for

10  conditional certification under section 216(b) is more lenient than that under Rule 23.  *See, e.g.,*

11  *Mowdy v. Beneto Bulk Transp.*, No. C 06-05682 MHP, 2008 WL 901546, at * 2 (N.D. Cal. March

12  31, 2008).  As it is appropriate to conditionally certify the class for settlement purposes only under

13  Rule 23, it also follows that conditional certification of the collection action under section 216(b)

14  of the FSLA is appropriate.   Indeed, similar collective actions were conditionally certified for

15  settlement purposes in both *Morgan Stanley* and *Bank of America.*

16  **III.   CONCLUSION**

17         For the reasons set forth above, the Settlement Class satisfies the requirements of Fed. R.

18  Civ. P. 23(a) and (b)(3) and should be certified.

19  DATED: May 30, 2008                      WOLF HALDENSTEIN ADLER
                                              FREEMAN & HERZ LLP
20                                            FRANCIS M. GREGOREK
                                              RACHELE R. RICKERT
21
22                                            _____
                                              RACHELE R. RICKERT
23
24                                            750 B Street, Suite 2770
                                              San Diego, CA 92101
25                                            Telephone:  619/239-4599
                                              Facsimile:  619/234-4599
26
    _____
    [5]       As noted above, the manageability criterion of Rule 23 need not be considered when a
27  class is being certified for settlement purposes. *Amchem*, 521 U.S. at 620.

28

                                         - 11 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
JEFFREY G. SMITH
ROBERT ABRAMS
270 Madison Avenue
New York, NY 10016
Telephone:  212/545-4600
Facsimile:   212/545/4653

HOFFMAN & LAZEAR
H. TIM HOFFMAN
180 Grand Avenue, Suite 1550
Oakland, CA 94612
Telephone: 510/763-5700

THIERMAN LAW FIRM P.C.
MARK THIERMAN
7287 Lakeside Drive, Suite 101
Reno, NV 89511
Telephone:  775/284-1500

CARLSON LYNCH LTD
GARY F. LYNCH
36 N. Jefferson Street
Post Office Box 7635
New Castle, PA 16107
Telephone:  724/656-1555

SCHIFFRIN BARROWAY TOPAZ
  & KESSLER, LLP
GERALD D. WELLS
280 King of Prussia Road
Radnor, PA 19807
Telephone:  610/667-7706

Attorneys for Plaintiffs

AGE:16081.BRF

- 12 -