\

# EXHIBIT A

1

2

3

4

5

6

7

8                          **UNITED STATES DISTRICT COURT**

9              **NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION**

10

11   GUITA BAHRAMIPOUR, AUSTIN            Case No. C 04-04440 CW
     HEBERGER, JR., and JANELLA           Case No. C 07-801 CW
12   HAIRSTON, individually, and on behalf of
     all others similarly situated,       **ORDER (1) GRANTING THE CLASS**
13                                          **REPRESENTATIVES' MOTION FOR**
                   Plaintiffs,            **FINAL APPROVAL OF CLASS ACTION**
14                                          **SETTLEMENT; (2) GRANTING CLASS**
     vs.                                  **COUNSEL'S MOTION FOR ATTORNEY'S**
15                                          **FEES AND LITIGATION EXPENSES; AND**
     CITIGROUP GLOBAL MARKETS INC.,       **(3) GRANTING IN PART CLASS**
16   formerly known as SALOMON SMITH      **COUNSEL'S MOTION FOR  PLAINTIFF**
     BARNEY, INC.,                        **ENHANCEMENTS**
17
                   Defendant.             Date:  March 13, 2008
18   _____     Time: 2:00 p.m.
     LARRY A. LaVOICE, DONITA A.          Ctrm: 2, 4th Floor
19   WILLIAMS, KENNETH W. GLICK,
     LEWIS SHAPIRO, and FRANCIS P.        Hon. Claudia Wilken
20   HEATH, MARK BRAHNEY, TERRY FOX,
     KEITH GILLMAN, STEVEN KOLODNER,
21   ANGELO MASSARO, RONALD
     ROSENZWEIG, ROBERT SCRABIS, and
22   JOSEPH BLOOD, individually, and on
     behalf of all others similarly situated,
23
                   Plaintiffs,
24   vs.

25   CITIGROUP GLOBAL MARKETS INC.,
     formerly known as SALOMON SMITH
26   BARNEY, INC.

27                 Defendant.
     _____
28

     [PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL, ETC.    Case Nos. 04-4440, 07-801 CW

1        On March 13, 2008, the Court heard the following motions: (1) the Class Representatives'

2  motion for final approval of the class action settlement, Docket No. 101 in Case No. 04-4440; and

3  (2) Class Counsel's motion for an award of attorney's fees, litigation expenses, and plaintiff

4  enhancements, Docket No. 102.[1]  The Court finds and orders as follows:

5       1.     For the purposes of this Order, the Court adopts all defined terms as set forth in the

6  "Joint Stipulation of Class Action Settlement and Release" ("Stipulation" or "Settlement"),

7  Docket No. 52.

8       2.     This Court has jurisdiction over the subject matter of this litigation and over all

9  parties and Class Members in this litigation.

10      3.     The Court finds, for purposes of settlement only, that the Class meets the

11  requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that: (1) the Class,

12  which consists of 17,674 members, is so numerous that joinder is impracticable; (2) there are

13  questions of law and fact that are common to all Class Members, which questions predominate

14  over individual issues; (3) the Class Representatives' claims are typical of the claims of the Class

15  Members; (4) Class Counsel have fairly and adequately protected the interests of the Class; and

16  (5) a class action is superior to other available methods for the fair and efficient adjudication of

17  the controversy.

18      4.     The Court finds that the distribution of the "Notice of Class Action Settlement"

19  and the publication of the summary notice in the <u>Wall Street Journal</u>, as described in the

20  Declaration of Caryn Donly, Docket No. 113, constituted the best notice practicable under the

21  circumstances and fully met the requirements of due process.

22      5.     The Court finds that the Settlement is fair, reasonable, and in the best interests of

23  the Class, and hereby grants final approval of the Settlement.  The Court finds that the Settlement

24  was the product of protracted, arm's length negotiations between experienced counsel, facilitated

25  by two respected mediators.  Furthermore, as discussed below, the Court has carefully weighed

26  the factors outlined in <u>Hanlon v. Chrysler Corp.</u>, 150 F.3d 1011, 1026 (9th Cir. 1998). The parties

27  are ordered to carry out the Settlement as provided in the Stipulation.

28

---

[1]    All docket references in this Order are to the <u>Bahramipour</u> docket, Case No. 04-4440 CW.

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL, ETC.    Case Nos. 04-4440, 07-801 CW

1        A.    <u>Strength of the Plaintiffs' Case.</u>  On November 27, 2006, the U.S.

2 Department of Labor issued an opinion letter holding that stockbrokers are exempt under the Fair

3 Labor Standards Act.  Subsequently, two district courts have followed the reasoning of that

4 opinion letter: <u>Hein v. PNC Financial Services Group, Inc.</u>, 511 F. Supp. 2d 563, 575 (E.D. Pa.

5 2007) and <u>Pontius v. Delta Financial Corp.</u>, 2007 U.S. Dist. LEXIS 50980, *20-22 (W.D. Pa.

6 March 20, 2007) *adopted at* 2007 U.S. Dist. LEXIS 34393 (W.D. Pa. May 9, 2007).  Although

7 the opinion letter is not dispositive of the issues before the Court, it does present a risk to the

8 plaintiffs.  Furthermore, plaintiffs' wage deduction claims are uncertain.  In <u>Steinhebel v. Los</u>

9 <u>Angeles Times Communications</u>, 126 Cal.App.4th 696 (2005), <u>Koehl v. Verio</u>, 142 Cal.App.4th

10 1313 (2006), and <u>Prachasaisoradej v. Ralphs Grocery</u>, 42 Cal.4th 217 (2007), California courts

11 have held that, in certain cases, an employer may lawfully deduct certain business costs from its

12 employees' compensation formula.  In other jurisdictions, there is very little case law regarding

13 the legality of wage deductions, as the Special Master found.  <u>See</u> Docket No. 70 at page 5:9-10.

14 The uncertainty of the plaintiffs' claims weighs in favor of approving the Settlement.

15        B.    <u>The Risk, Expense, Complexity, and Likely Duration of Further Litigation.</u>

16 The consolidated cases involve a class of 17,674 class members and the laws of 54 separate

17 jurisdictions.  If the cases had not settled, the litigation would have been risky, expensive,

18 complex, and time-consuming for both sides.  This factor weighs in favor of approval.

19        C.    <u>The Risk of Maintaining Class Action Status Throughout the Trial.</u>  If the

20 litigation had proceeded to a contested class certification motion, the defendant would have

21 argued that class certification should be denied because: (1) the Class Members' duties varied

22 from individual to individual; and (2) legality of the wage deductions must be examined on a

23 transaction-by-transaction basis.  The Court finds that the risk of maintaining class action status

24 throughout the trial weighs in favor of approving the Settlement.

25        D.    <u>The Amount Offered in Settlement.</u>  Class Counsel estimates that the

26 Settlement represents approximately 25-28% of defendant's exposure.  <u>See</u> Declaration of James

27 F. Clapp, Docket No. 103, para. 10.  The Court finds that this amount is reasonable given the risk

28 factors discussed above.  According, this factor weighs in favor of approving the Settlement.

3

1      E.     The Extent of Discovery Completed and the Stage of the Proceedings.
2 Class Counsel has represented that, before entering into settlement negotiations, the parties
3 exchanged initial disclosures, written discovery, and conducted extensive informal investigation,
4 including interviews with more than 100 class members. In addition, defendant provided Class
5 Counsel with work month, compensation, and expense deduction data from which Class Counsel
6 were able to calculate defendant's potential exposure. See Clapp declaration, Docket No. 103,
7 para. 12. The Court finds that Class Counsel was sufficiently familiar with the facts of the case to
8 negotiate a fair settlement. This factor weighs in favor of approval.

9      E.     The Experience and View of Class Counsel. Class Counsel support the
10 Settlement. The Court finds that Class Counsel are very experienced in wage and hour class
11 actions of this type. This factor weighs in favor of approval.

12      F.     The Presence of a Governmental Participant. There is no governmental
13 participant in this case.

14      G.     The Reaction of the Class to the Settlement. Out of 17,674 members, a
15 total of 12,426, or more than 70% of the Class, have filed claims. Only 43 Class Members
16 (0.24% of the Class) have opted-out of the Settlement, and only 25 Class Members (less than
17 0.15% of the Class), have filed or joined in an objection to the Settlement. The Court finds that
18 the Class views this Settlement favorably, which weighs in favor of approval.

19     6.     The Court finds that there were sixteen (16) written objections to the Settlement
20 (some of which were joined in by multiple Class Members). The objections are attached as
21 Exhibits 5-A through 5-P to the Clapp declaration, Docket No. 103.

22      A.     Twelve (12) of those objections – those submitted by Messrs. J. Barnes, R.
23 Barnes, Bower, Brown, Calkins, Konop, Monday, Peterson, Rearden, Stevenson, Thomas, and
24 Weisman – challenge the Special Master's formula for allocating the proceeds of the Settlement.
25 In his "Post-Hearing Report, Findings and Recommendations of the Special Master" ("Post-
26 Hearing Report"), Docket No. 96, the Special Master recommended that each of those objections
27 be overruled. The Court has reviewed the Special Master's factual findings for clear error and his
28 legal conclusions de novo. The Court finds that the Special Master's formula for allocating

4

1   Settlement proceeds is fair, reasonable, and equitable. Pursuant to Fed. R. Civ. P. 53(g), the

2   Court adopts the Post-Hearing Report in its entirety and overrules the 12 objections.

3           B.    Named Plaintiff Guita Bahramipour, who is a former employee of

4   defendant, objected to the Settlement on the ground that the Settlement unfairly favors those

5   Class Members who are former employees over those who are current employees. According to

6   Ms. Bahramipour, defendant allegedly reduced its 2007 compensation plan to pay for the

7   Settlement, and those reductions had a negative financial impact on current employees. In

8   support of her allegation, Ms. Bahramipour offers the "Declaration of Named Plaintiff Guita

9   Bahramipour in Support of Objection to Final Approval of Settlement," filed as Docket No. 92-2.

10  In response to her objection, defendant offers the "Declaration of Douglas Campbell, Jr. in

11  Support of Defendant's Response to Certain Objections Filed by Putative Members of the

12  Settlement Class," Docket No. 99. In his declaration, Mr. Campbell denies that defendant

13  reduced its 2007 compensation plan to fund the Settlement; in fact, according to Mr. Campbell,

14  the changes in the 2007 compensation actually cost defendant over fifteen million dollars

15  ($15,000,000.00), which inured to the benefit of Class Members who are current employees. Id.

16  at paras. 12-16. After carefully considering the declarations of Ms. Bahramipour and Mr.

17  Campbell, the Court finds that: (1) Mr. Campbell's testimony has foundation and is more credible

18  than Ms. Bahramipour's testimony; and (2) the Settlement does not unfairly favor Class Members

19  who are former employees over those who are current employees. In addition, at the hearing, Ms.

20  Bahramipour's counsel argued that the Court should disapprove the Settlement so that a higher

21  settlement amount could be negotiated – i.e., one that would reimburse the current employees for

22  the amounts they allegedly lost under the 2007 compensation plan. In response, Class Counsel

23  argued that this Settlement was the highest settlement amount that could have been achieved

24  under the circumstances of this case. The Court agrees with Class Counsel and finds that it is

25  unlikely that, if the Settlement were disapproved, a higher or better settlement could be

26  negotiated. Accordingly, Ms. Bahramipour's objection is overruled.

27          C.    There were five (5) other objections – filed by Messrs. Bartos, Calkins,

28  Kennedy, Knee, and Peterson – that challenged other aspects of the Settlement. The Court has

5

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL, ETC.    Case Nos. 04-4440, 07-801 CW

1   thoroughly considered the objections and finds that none of them has merit.  Accordingly, those

2   five objections are overruled.

3        7.     Concurrently with their motion for final approval of the Settlement, Class Counsel

4   have jointly moved for an award of attorney's fees in the amount of $24,500,000.00, which

5   represents approximately 23% of the settlement fund (including interest that has accrued since the

6   preliminary approval date), plus litigation expenses in the amount of $100,000.00.  That motion is

7   granted. The Court finds that Class Counsel have skillfully advanced novel and untested legal

8   theories on a contingent-fee basis over more than three and one-half (3 ½) years, and their efforts

9   have resulted in a substantial payment to the Class.  The Court has carefully considered the results

10  Class Counsel have achieved, the risk of litigation, the skill required and the quality of the work,

11  the contingent nature of the fee and the financial burden carried by Class Counsel, and awards

12  made in similar cases.  See Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048-50 (9th Cir. 2002).

13  Additionally, the Court notes that the "benchmark" fee in the Ninth Circuit is 25% (see Paul,

14  Johnson, Alston & Hunt v. Graulty, 886 F.2d 268, 272 (9th Cir. 1989)), and here the award is less

15  than the benchmark. The Court further finds that Class Counsel's expenses were reasonably

16  incurred in prosecuting this case.  All objections to the requested attorney's fees and litigation

17  expenses are overruled.

18       8.     Class Counsel have also requested that the Court award enhancement payments to

19  the 15 Class Representatives.  After considering the services the Class Representatives performed

20  on behalf of the Class and the risks they undertook in bringing the litigation, the Court hereby

21  awards the 15 Class Representatives enhancement payments in the amount of $20,000 each.

22       9.     The Court will retain jurisdiction for purposes of enforcing this Settlement,

23  addressing settlement administration matters, and addressing such post-judgment matters as may

24  be appropriate under court rules or applicable law.

25       IT IS SO ORDERED.

26

27  Dated: _____  3/18/08

28                                  _____

HON. CLAUDIA WILKEN
United States District Judge

6

[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL, ETC.   Case Nos. 04-4440, 07-801 CW

# EXHIBIT B

FILED

08 JAN -8 PM 2: 28

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

                                        99kb DEPUTY
                              BY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF, on behalf of themselves, the general public, and all others similarly situated, | ) CASE NO 3:06-cv-02628-BEN-NLS<br>)<br>)<br>)<br>) ~~[PROPOSED]~~ **ORDER GRANTING**<br>) **PRELIMINARY APPROVAL OF**<br>) **CLASS AND COLLECTIVE**<br>) **ACTION SETTLEMENT**<br>)<br>)<br>) |
| Plaintiffs, | ) |
| vs. | ) |
| MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC., | ) |
| Defendants. | ) DATE:    January 7, 2008<br>) TIME:    10:30 a.m.<br>) CRTRM:  3, Fourth Floor<br>) JUDGE:  Hon. Roger T. Benitez |

The Court has heard a joint motion by Plaintiffs Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe Paul Roles, Janemarie Lenihan, David Andrew Gasman, Israel Harman, John Maskubi, Vernon D. Brown, Joseph Stowell, Jr., Kyle R. Armitage Christopher D. Bart, and Eric N. Wulff (collectively, "Plaintiffs" or "Class Representatives") and Defendants Morgan Stanley & Co. Incorporated and Morgan Stanley DW Inc. (collectively, "Morgan Stanley") for preliminary approval of a proposed class and collective action settlement. The Court has considered the Joint Stipulation And Settlement Agreement ("Stipulation") and the proposed Notice Regarding Pendency of Class Action ("Class Notice") and attached exhibits, and the submissions of counsel, and hereby finds and orders as follows:

1.      The Court finds that the settlement memorialized in the Stipulation filed with the Court falls within the "range of reasonableness" and therefore approves the settlement on a preliminary basis.

2.      Pursuant to Fed. R. Civ. P. 23(b)(3), the Court conditionally certifies, for settlement purposes only, the following class ("Class"): All individuals who were employed by Morgan Stanley in the United States outside the state of California, including Puerto Rico, in the position of Financial Advisor or Financial Advisor Trainee, and all individuals who were employed by Morgan Stanley in the United States, including Puerto Rico, in the position of Producing Branch Manager, Assistant Branch Manager, or Sales Manager who supervised Financial Advisors or Financial Advisor Trainees, during all or part of the applicable limitations period for the state in which the individual was employed by Morgan Stanley.

3.      Pursuant to 29 U.S.C., section 216(b), the Court further conditionally certifies, for settlement purposes only, the following collective action ("Collective Action"): All individuals who were employed by Morgan Stanley in the United States outside the state of California, including Puerto Rico, in the position of Financial Advisor or Financial Advisor Trainee, and all individuals who were employed by Morgan Stanley in the United States, including Puerto Rico, in the position of Producing Branch Manager, Assistant Branch Manager, or Sales Manager who supervised Financial Advisors or Financial Advisor Trainees, during the period between September 1, 2002 through the Notice and Allocation Approval Date.

- 1 -

CASE NO 3:06-cv-02628-BEN-NLS

4.    This Order, which conditionally certifies a class and collective action for settlement purposes only, shall not be cited in any matter for the purpose of seeking class or collective action certification or class or collective action notice.

5.    The Court appoints for settlement purposes only Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe Paul Roles, Janemarie Lenihan, David Andrew Gasman, Israel Harman, John Maskubi, Vernon D. Brown, Joseph Stowell, Jr., Kyle R. Armitage Christopher D. Bart, and Eric N. Wulff as representatives of both the Class and the Collective Action.

6.    The Court appoints for settlement purposes only the law firm of Wolf Haldenstein Adler Freemen & Herz LLP as Lead Class Counsel.

7.    The Court appoints Rust Consulting as the Claims Administrator for both the Class and the collective Action.

8.    Concurrently herewith, the Court has signed and entered the "Stipulation and [Proposed] Order Appointing the Hon. Charles A. Legge as Special Master." The parties shall file the Special Master's written recommendation (the "Recommendation") concerning the fairness of the allocation of settlement proceeds in light of the applicable law in the jurisdictions covered by the settlement and in light of the parties' Stipulation no later than two (2) court days following their receipt of the Recommendation.

9.    The Court will conduct a hearing approximately three weeks after the Court receives the Special Master's report to consider the fairness of the allocation of settlement proceeds recommended by the Special Master and to approve and authorize the mailing of class notice.

**IT IS SO ORDERED.**

DATED: 1/08/08

Hon. Roger T. Benitez,
United States District Court Judge

MORGAN STANLEY:15429.ORDER

- 2 -

CASE NO 3:06-cv-02628-BEN-NLS

# EXHIBIT C

FRANCIS M. GREGOREK (144785)
RACHELE R. RICKERT (190634)
WOLF HALDENSTEIN ADLER
    FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, California 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

Attorneys for Plaintiffs

SAM S. SHAULSON
MORGAN LEWIS & BOCKIUS, LLP
101 Park Avenue
New York, NY 10178
Telephone: 212/309-6000
Facsimile: 212/309-6001

Attorneys for Defendants

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF, on behalf of themselves, the general public, and all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC., <br><br> Defendants. | Case No. 06-CV-2628 BEN (NLS) <br><br><br> **JOINT STIPULATION AND SETTLEMENT AGREEMENT** |

IT IS HEREBY STIPULATED AND AGREED by and between ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF (as "Class Representatives"), on behalf of themselves and all others similarly situated, on the one hand, and MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC. (collectively, "Morgan Stanley"), on the other hand, as set forth below:

## I.    THE CONDITIONAL NATURE OF THIS STIPULATION

This Stipulation and Settlement Agreement and all associated exhibits or attachments (herein "Stipulation") is made for the sole purpose of settling the above-captioned action on a collective and class-wide basis. This Stipulation and the settlement it evidences is made in compromise of disputed claims. Because this action was pled as a class action, this settlement must receive preliminary and final approval by the Court. Accordingly, the Parties enter into this Stipulation and associated settlement on a conditional basis. In the event that the Court does not enter the Order Granting Final Approval of Settlement, or in the event that the associated Judgment does not become a Final Judgment for any reason, this Stipulation (except for those provisions relating to non-admissibility and non-admission of liability set forth in sections I, IV, 2.2.2, 2.12.4, and 2.12.5 and those provisions relating to the return of documents and discovery set forth in sections 2.13.1, 2.13.2, and 2.13.3) shall be deemed null and void *ab initio*, it shall be of no force or effect whatsoever, it shall not be referred to or utilized for any purpose whatsoever, and the negotiation, terms and entry of the Stipulation shall remain subject to the provisions of Federal Rule of Evidence 408, California Evidence Code Sections 1119 and 1152, and any other analogous rules of evidence that are applicable.

Morgan Stanley denies all claims as to liability, damages, penalties, interest, fees, restitution, injunctive relief and all other forms of relief as well as the collective and class allegations asserted in the Litigation, as that term is defined in section 1.21. Morgan Stanley has agreed to resolve the Litigation via this Stipulation, but to the extent this Stipulation is deemed void or the Effective Date does not occur, Morgan Stanley does not waive, but rather expressly reserves, all rights to challenge

- 1 -

Case No. 06-CV-2628 BEN (NLS)

1   all such claims and allegations in the Litigation upon all procedural and factual grounds, including
2   without limitation the ability to challenge class and collective action treatment on any grounds, to
3   raise federal law preemption of the asserted claims, as well as asserting any and all other potential
4   defenses or privileges. The Class Representatives and Class Counsel agree that Morgan Stanley
5   retains and reserves these rights and they agree not to take a position to the contrary; specifically the
6   Class Representatives and Class Counsel agree not to argue or present any argument, and hereby
7   waive any argument that based on this stipulation, Morgan Stanley could not contest class certification
8   or collective action certification on any grounds, raise federal law preemption of asserted claims, or
9   assert any and all other potential defenses and privileges if this Litigation were to proceed.

10  **II.      THE PARTIES TO THIS STIPULATION**

11          This Stipulation (with the associated exhibits) is made and entered into by and among the
12  following Settling Parties:  (i) the Class Representatives (on behalf of themselves and each of the
13  Settlement Class Members), with the assistance of Class Counsel; and (ii) Morgan Stanley, with the
14  assistance of its counsel of choice.  The Stipulation is intended by the Settling Parties to fully, finally,
15  and forever resolve, discharge, and settle the Released State Law Claims and Released Federal Law
16  Claims upon and subject to the terms and conditions hereof.

17  **III.     THE LITIGATION**

18          On September 1, 2005, Class Representative Robert Steinberg commenced a proposed class
19  action against Morgan Stanley in the Superior Court of New Jersey, Bergen County  ("*Steinberg*
20  action").  Morgan Stanley removed the Steinberg action to the United States District Court for the
21  District of New Jersey. After removal, an amended complaint was filed in the Steinberg action
22  alleging a collective action under the FLSA, as well as a class action. *Steinberg v. Morgan Stanley*,
23  D.N.J. Case No. 2:05-4856. On September 9, 2005, Class Representative David Andrew Gasman
24  commenced a proposed class and collective action against Morgan Stanley in the United States
25  District Court for the Southern District of New York ("*Gasman* action").  *Gasman v. Morgan Stanley*,
26  S.D.N.Y. Case No. 1:05-7889.  On May 22, 2006, the complaint in the Gasman action was amended
27  to add two additional named plaintiffs, John Maskubi and Israel Harman. On September 23, 2005,
28  Class Representative Paul Roles commenced a proposed class and collective action against Morgan

Case No. 06-CV-2628 BEN (NLS)

1   Stanley in the United States District Court for the Eastern District of New York ("*Roles* action").

2   *Roles v. Morgan Stanley*, E.D.N.Y. Case No. 2:05-4553. On May 22, 2006, Class Representative

3   Janemarie Lenihan commenced a proposed class and collective action against Morgan Stanley in the

4   United States District Court for the District of Connecticut ("*Lenihan* action"). *Lenihan v. Morgan*

5   *Stanley*, D. Conn., Case No. 3:06-794. On May 22, 2006, Class Representatives Robert N. Adler,

6   Frank V. Finizia, Brian C. Latz, and Gerard Scorziello commenced a proposed class action against

7   Morgan Stanley in the Superior Court of New Jersey, Bergen County ("*Adler* action"). *Adler v.*

8   *Morgan Stanley*, Superior Court of New Jersey, Bergen County, Case No. L 3823-06. On June 23,

9   2006, Class Representative Kyle R. Armitage commenced a proposed class and collective action

10  against Morgan Stanley in the United States District Court for the Eastern District of Texas

11  ("*Armitage* Action"). *Armitage v. Morgan Stanley*, Case No. 06-CV-0347 (E. D. Tex.). On August

12  24, 2006, Class Representative Joseph Stowell, Jr. commenced a proposed class and collective action

13  against Morgan Stanley in the United States District Court for the Northern District of Illinois

14  ("*Stowell* Action"). *Stowell v. Morgan Stanley*, Case No. 06-CV-01219 (N.D. Ill.). On September 25,

15  2006, Plaintiffs Jeff Quinn and John Volpe filed a purported class and collective action against

16  Morgan Stanley in the United States District Court of New Jersey. *Quinn v. Morgan Stanley*, Case

17  No. 3:06-04560 (D.N.J.) (the "*Quinn* Action")   On October 12, 2006, Class Representative Vernon

18  D. Brown commenced *Brown v. Morgan Stanley*, Case No. 06-CV-02325-WQH-LSP ("*Brown*

19  Action"), a proposed class and collective action against Morgan Stanley in the United States District

20  Court for the Southern District of California that he designated as related to *Garett v. Morgan Stanley*,

21  Case No. 04-CIV-1858 (BEN) ("*Garett* Action"). On January 19, 2007 Class Representatives

22  Christopher D. Bart and Eric N. Wulff commenced *Bart v. Morgan Stanley*, Case No 1:07-cv-00169-

23  DAO (N.D. Ohio) ("*Bart* Action"), a proposed class and collective action against Morgan Stanley in

24  the United States District Court for the Northern District of Ohio.

25       On November 29, 2006, the Plaintiffs from each of the aforementioned actions, except the

26  *Brown*, *Bart*, and *Quinn* actions, filed a consolidated complaint in the United States District Court for

27  the Southern District of California ("Consolidated Action"), *Steinberg v. Morgan Stanley*, 06-cv-2628

28  BEN (NLS), that they designated as related to the *Garett* Action. In the Consolidated Action, the

Case No. 06-CV-2628 BEN (NLS)

1    Class Representatives alleged on behalf of Morgan Stanley employees nationwide that the Class

2    Members, among other things, (a) were misclassified as exempt from federal and state overtime laws

3    and not paid the required compensation for overtime hours they worked, including interest, liquidated

4    damages, and penalties, and (b) incurred business related expenses, that Morgan Stanley did not

5    reimburse them for those expenses as required by law, and that Morgan Stanley unlawfully made

6    deductions from their compensation.  Plaintiffs alleged original federal court jurisdiction on the basis

7    of federal question jurisdiction with respect to their Fair Labor Standards Act claims and Class Action

8    Fairness Act ("CAFA") diversity jurisdiction and supplemental jurisdiction with respect to their state

9    law claims.  *See* 28 U.S.C. §§1331-32, 1367.  On March 7, 2007, the Plaintiffs filed a First Amended

10   Class And Consolidated Complaint that included the Plaintiff and claims from the *Brown* action.  On

11   December 27, 2007, the Plaintiffs will file a Second Amended Class And Collective Action

12   Complaint that will include the Plaintiffs and claims from the *Armitage, Bart, Quinn*, and *Stowell*

13   actions, and assert claims under the California Labor Code Private Attorneys General Act of 2004

14   ("PAGA"), Cal. Lab. §2698 *et seq.*, on behalf of the State of California and all Class Members to

15   whom PAGA applies. The Plaintiffs previously had given written notice to the California Labor and

16   Workforce Development Agency of their intent to assert a claim under PAGA and the basis for that

17   claim.

18          Prior to the Class Representatives filing the Consolidated Action, through counsel experienced

19   in these types of cases, Morgan Stanley and the Class Representatives began a series of arms-length

20   negotiations which culminated in their reaching the conditional agreement reflected herein.

21   **IV.    DEFENDANTS' DENIAL OF WRONGDOING OR LIABILITY**

22          Morgan Stanley specifically and generally denies all of the claims asserted in the Consolidated

23   Action and the Litigation, denies any and all liability or wrongdoing of any kind whatsoever

24   associated with any of the facts or claims alleged in the Consolidated Action or the Litigation, and

25   makes no concessions or admissions of wrongdoing or liability of any kind whatsoever.  Morgan

26   Stanley maintains that all of its employees in Covered Positions are and always have been properly

27   classified as exempt employees, that no unlawful deductions have been made, that no reimbursement

28   of any type is owed, and that, for any purpose other than settlement, the Consolidated Action and the

- 4 -

Case No. 06-CV-2628 BEN (NLS)

Litigation are not suitable or appropriate for class or collective action treatment pursuant to either Federal Rule of Civil Procedure 23 or 29 U.S.C. §216(b).   Nonetheless, Morgan Stanley has concluded that further conduct of the Litigation would be protracted, distracting and expensive, and that it is desirable that the Litigation be fully and finally settled in the manner and upon the terms and conditions set forth in this Stipulation.  Morgan Stanley has also taken into account the uncertainty and risks inherent in any litigation.  Morgan Stanley has therefore determined that it is desirable and beneficial to it to settle the Litigation in the manner and upon the terms and conditions set forth in this Stipulation.

## V.    CLAIMS OF THE CLASS REPRESENTATIVES AND BENEFITS OF SETTLEMENT

The Class Representatives and Class Counsel believe that the claims asserted in the Litigation have merit and that evidence developed to date supports the claims.   However, the Class Representatives and Class Counsel recognize and acknowledge the expense and length of time of the type of continued proceedings necessary to prosecute the Litigation against Morgan Stanley through trial and through appeals.  The Class Representatives and Class Counsel have also taken into account the uncertain outcome and the risk of any litigation, as well as the difficulties and delays inherent in all litigation.   Based upon their evaluation, the Class Representatives and Class Counsel have determined that the settlement set forth in the Stipulation is in the best interests of the Class Representatives and the Settlement Class.

## VI.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, IT IS HEREBY FURTHER STIPULATED AND AGREED by and between the Class Representatives (for themselves and the Settlement Class Members) and Morgan Stanley, with the assistance of their respective counsel or attorneys of record, that, as among the Settling Parties, including all Settlement Class Members, the Litigation and the Released State Law Claims and Released Federal Law Claims shall be finally and fully compromised, settled, and released, and the Litigation shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of the Stipulation and the Judgment.

1.    _Definitions._

As used in all parts of this Stipulation, the following terms have the meanings specified below:

- 5 -

Case No. 06-CV-2628 BEN (NLS)

1    1.1   "Administrative Costs" means the amount to be paid to the Claims Administrator,

2    presently estimated to be about $300,000; the maximum $12,500,000 amount available to Class

3    Counsel in the form of attorneys' fees; the amount available to Class Counsel in the form of costs, up

4    to $100,000; the maximum amount to be paid as individual Enhancements to the Class

5    Representatives and key Class Members; any amount awarded by the Court to the Special Master for

6    fees and costs; the amount to be paid to the California Labor and Workforce Development Agency as

7    set forth in section 2.2.6; and any and all other costs in connection with consummating the terms of

8    this Stipulation, including the costs of all notices set forth in section 2.5 and its subsections.

9    1.2   "Allocation" means the form of distribution of the Net Settlement Amount to the

10   Class, which shall be developed as provided in section 2.2.1. of this Stipulation.

11   1.3   "Assistant Branch Manager" or "Assistant Branch Managers" means those

12   Persons employed by Morgan Stanley as Assistant Branch Managers who supervise or supervised

13   Financial Advisors or Financial Advisor Trainees, as those terms are commonly used by Morgan

14   Stanley.

15   1.4   "Claims Administrator" means the third-party claims administration firm of Rust

16   Consulting, or another administrator mutually agreed to by the Parties.

17   1.5   "Class" means the group of individuals employed by Morgan Stanley in Covered

18   Positions during the Class Period, or the estates of such individuals.  The Class does not include any

19   Persons who were never employed by Morgan Stanley in Covered Positions during the Class Period.

20   1.6   "Class Counsel" means, collectively, the law firm of Wolf Haldenstein Adler

21   Freemen & Herz LLP, the law firm of Winne, Banta, Hetherington, Basralian & Kahn, the Law Office

22   of John M. Kelson, the Law Office of Jerry K. Cimmet, the law firm of Folkenflik & McGerity, the

23   law firm of Strauss & Asher, the law firm of Futterman Howard Watkins Wylie & Ashley, Chtd., The

24   Coffman Law Firm, the law firm of  Durette Bradshaw PLC, the law firm of Shaheen Novoselsky

25   Staat Filipowski & Eccleston PC, the law firm of Diamond Hasser & Frost, the law firm of Dostart

26   Clapp & Coveney, LLP, the law firm of Carlson Lynch Ltd., and the law firm of Nagel, Rice, LLP.

27   1.7   "Class Lead Counsel" means, for settlement purposes, the law firm of Wolf

28   Haldenstein Adler Freeman & Herz LLP.

- 6 -

Case No. 06-CV-2628 BEN (NLS)

1        1.8    "Class Member" or "Member of the Class" means a Person who is a member of

2    the Class.

3        1.9    "Class Period" means the maximum applicable statute of limitations period for

4    the jurisdiction in which the Class Member was employed by Morgan Stanley (delineated for each

5    state in Exhibit 1) through the Notice and Allocation Approval Date.

6        1.10    "Class Representatives" or "The Class Representatives" means Robert Steinberg,

7    Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John Volpe, Paul

8    Roles, Janemarie Lenihan, David Andrew Gasman, Israel Harman, John Maskubi, Vernon D. Brown,

9    Joseph Stowell, Jr., Kyle R. Armitage, Christopher D. Bart, and Eric N. Wulff, plaintiffs in the

10    Litigation.

11        1.11    "Class Representatives' Released Claims" collectively means any and all claims,

12    obligations, demands, actions, rights, causes of action, and liabilities against Morgan Stanley

13    Releasees, of whatever kind and nature, character, and description, whether in law or equity, whether

14    sounding in tort, contract, federal, state and/or local law, statute, ordinance, regulation, common law,

15    or other source of law, whether known or unknown, and whether anticipated or unanticipated,

16    including Unknown Claims as defined in section 1.52 hereof, by a Class Representative arising, for

17    each Class Representative, during the period from the beginning of that Class Representative's dates

18    of employment at Morgan Stanley to the date on which the Court enters the Order of Final Approval

19    for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties

20    (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees,

21    litigation costs, restitution, or equitable relief.  The Class Representatives' Released Claims include,

22    but are not limited to, claims arising from or dependent upon any and all applicable federal, state, and

23    local laws and regulations including, but not limited to, claims arising from or dependent on

24    Connecticut wage and hours laws, Conn. Gen. Stat. 31-58, *et seq.*; the Connecticut Fair Employment

25    Practices Act, Conn. Gen. Stat. 46a-58 *et seq.*; Connecticut Family Leave Act, Conn. Gen. Stat. 31-

26    51kk *et seq.*; New Jersey Law Against Discrimination, N.J. Stat. Ann. §10:5-1 *et seq.*; the New Jersey

27    Wage and Hour Law, N.J. Stat. Ann. §34:11-56a *et seq.*; New Jersey Wage Payment Law, N.J. Stat.

28    Ann. §34:11-4.1 *et seq.*; the New Jersey Family Leave Act, N.J. Stat. Ann. §34:11B-1 *et seq.*; the

- 7 -

New Jersey Conscientious Employee Protection Act, N.J. Stat. Ann. §34:19-1; the New York Minimum Wage Act, N.Y. Lab. Law §650 *et seq.*; Article 6 of the New York Labor Law, §190 *et seq.*; the New York Human Rights Law, N.Y. Exec. Law §290 *et seq.*; the New York City Human Rights Law, N.Y.C. Admin. Code §8-101 *et seq.*; the Illinois Human Rights Act, 775 Ill. Comp. Stat. 5/1-101 *et seq.*; the Illinois Equal Wage Act, 820 Ill. Comp. Stat. 110/1 *et seq.*; the Illinois Equal Pay Act of 2003, 820 Ill. Comp. Stat. 112/1 *et seq.;* the Illinois Whistleblower Act, 740 Ill. Comp. Stat. 174/1 *et seq.*; the Illinois Wage Payment and Collection Act, 820 Ill. Comp. Stat 115/1 *et seq.*; the Illinois Minimum Wage Law, 820 Ill. Comp. Stat 105/1 *et seq.*; the Texas Employment Discrimination Law, Tex. Lab. Code Ann. §21.001 *et seq.*; the Texas Handicap Discrimination Law, Tex. Hum. Res. Code Ann. §121.001 *et seq.*; the Texas Family and Medical Leave Act, Tex. Gov't Code Ann. §661.912; the Texas Payment of Wages Law, Tex. Lab. Code Ann. §61.001 *et seq.*; the Ohio Fair Employment Practices Law, Ohio Rev. Code Ann. §§4112.01 *et seq.*; the Ohio Equal Pay Law, Ohio Rev. Code Ann. §§4111.13, 4111.17, and 4111.99; the Ohio Whistleblower Protection Law, Ohio Rev. Code Ann. §§4113.51 to 4113.53; California Labor Code 96 through 98.2 *et seq.*, the California Payment of Wages Law, and in particular, California Labor Code §200 *et seq.*, including California Labor Code §§200 through 243 and §§203 and 218 and 218.5 in particular, California Labor Code §300 *et seq.*; California Labor Code §400 *et seq.*; California Working Hours Law, California Labor Code §500 *et seq.*, California Labor Code §1194; California Labor Code §§2802 and 2804; the California Unfair Competition Act, and in particular, California Bus. & Prof. Code §17200 *et seq.*; the California Labor Code Private Attorneys General Act of 2004, codified at California Labor Code §§2698 through 2699, including without limitation claims asserted under this statute on behalf of the State of California; California Code of Civil Procedure §1021.5; any other provision of the California Labor Code or any applicable California Industrial Welfare Commission Wage Orders, in all of their iterations (including without limitation Wage Order 4 and the wage, overtime, meal, break, and rest period, record-keeping, and deduction provisions thereof); Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et seq.*; the Americans with Disabilities Act, 42 U.S.C. §12101 *et seq.*; the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001 *et seq.*; the Fair Labor Standards Act, 29 U.S.C. §201 *et seq;* and all of their implementing regulations.

- 8 -

Case No. 06-CV-2628 BEN (NLS)

1        1.12 "Consent to Join Settlement Form" means the form attached as Form D to the

2   Notice Regarding Pendency of Class Action, in the same or substantially the same form as set forth in

3   Form D attached to Exhibit 2, as approved by both the Parties and the Court, which a Class Member

4   must submit in addition to a Settlement Claim Certification Form in order to become a Participating

5   Claimant and recover a payment pursuant to section 2.2.

6        1.13 "Court" means the United States District Court for the Southern District of

7   California.

8        1.14 "Covered Positions" means, collectively, the following positions covered by this

9   Stipulation: (a) current and former Financial Advisors that have been employed by Morgan Stanley in

10  the United States outside of the State of California; (b) current and former Financial Advisor Trainees

11  that have been employed by Morgan Stanley in the United States outside of the State of California;

12  and (c) current and former Producing Branch Managers, Assistant Branch Managers, and Sales

13  Managers (together, "Managers") who supervise or supervised Financial Advisors or Financial

14  Advisor Trainees and have been employed by Morgan Stanley anywhere in the United States

15  (including California).

16        1.15 "Effective Date" means the date on which the Judgment becomes a Final

17  Judgment.

18        1.16 "Enhancement" means an amount approved by the Court to be paid to the Class

19  Representatives and key Class Members identified in section 2.9.2, in addition to their awards as

20  Participating Claimants, in recognition of their efforts in coming forward as Class Representatives.

21        1.17 "Final Judgment" means the latest of:  (i) the date of final affirmance on an

22  appeal of the Judgment; (ii) the date of final dismissal with prejudice of the last pending appeal from

23  the Judgment; or (iii) if no appeal is filed, the expiration date of the time for the filing or noticing of

24  any form of valid appeal from the Judgment.  Notwithstanding the foregoing, any proceeding or order,

25  or any appeal or petition for a writ pertaining solely to the award of attorneys' fees or attorneys' costs

26  shall not, by itself, in any way delay or preclude the Judgment from becoming a Final Judgment.

27        1.18 "Financial Advisor," "Financial Advisors," "Financial Advisor Trainee" or

28  "Financial Advisor Trainees" means those Persons employed by Morgan Stanley as Financial

- 9 -

1   Advisors or Financial Advisor Trainees, as those terms are commonly used by Morgan Stanley. This
2   term includes Financial Advisors or Financial Advisor Trainees in the Graduate Performance
3   Assessment Program ("GPA"), the Professional Foundations Program ("PFP"), and/or the Reach For
4   Excellence Program ("RFE").

5       1.19 "Judgment" means the judgment to be rendered by the Court pursuant to this
6   Stipulation.

7       1.20 "Last Known Address" or "Last Known Addresses" means the most recently
8   recorded mailing address for a Class Member as such information is contained in Morgan Stanley's
9   HR databases.

10      1.21 The "Litigation" or the "Lawsuit" means the *Steinberg, Gasman, Roles, Lenihan,*
11  *Adler, Quinn, Stowell, Armitage, Bart,* and *Brown* actions, as well as the consolidated civil action
12  entitled ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ,
13  GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN,
14  DAVID ANDREW GASMAN, ISRAEL HARMAN,  JOHN MASKUBI, VERNON D. BROWN,
15  JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N.
16  WULFF, on behalf of themselves, the general public, and all others similarly situated, Plaintiffs, vs.
17  MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC., Defendants,
18  United States District Court for the Southern District of California, Case No. 06-cv-2628 BEN (NLS).

19      1.22 "Maximum Settlement Amount" shall mean the maximum amount that Morgan
20  Stanley shall pay under the terms of this Stipulation, which is the gross sum of $50,000,000.

21      1.23 "Morgan Stanley" means, collectively, Morgan Stanley & Co. Incorporated and
22  Morgan Stanley DW Inc., the defendants in the Litigation.

23      1.24 "Morgan Stanley Releasees" means Morgan Stanley, each of its affiliates
24  (including, without limitation, their parents and subsidiaries), predecessors, successors, divisions, joint
25  ventures and assigns, and each of these entities' past or present directors, officers, employees,
26  partners, members, principals, agents, insurers, co-insurers, re-insurers, shareholders, attorneys, and
27  personal or legal representatives.

28

- 10 -

1    1.25 "Net Settlement Amount" means the Maximum Settlement Amount less the

2    Administrative Costs.

3    1.26 "Notice and Allocation Approval Date" means the date that the Court enters an

4    order preliminarily approving the Allocation and approving the form of notice to the Class. The

5    Notice and Allocation Approval Date occurs after the Notice and Allocation Approval Hearing.

6    1.27 "Notice and Allocation Approval Hearing" means the court hearing to approve

7    the Allocation and the form of the notice.

8    1.28 "Notice and Allocation Approval Hearing Date" means the date of the Notice and

9    Allocation Approval Hearing, which the Parties will ask the Court to schedule approximately three

10   weeks after the Court receives the Special Master's report.

11   1.29 "Notice and Allocation Order" means the order of this Court approving the form

12   of notice to the Class.

13   1.30 "Notice Regarding Pendency of Class Action" or "Notice To Class Members

14   Regarding Pendency of a Class Action and Notice of Hearing On Proposed Settlement" or "Class

15   Notice" means a notice (and associated response forms) entitled "Notice To Class Members

16   Regarding Pendency of a Class and Collective Action and Notice of Hearing On Proposed

17   Settlement" to be approved by the Court, substantially in the form attached hereto as Exhibit 2.

18   1.31 The "Notice Mailing Deadline" shall be the date forty-five (45) days after the

19   Notice and Allocation Approval Date.

20   1.32 The "Notice Response Deadline" shall be the date sixty (60) days after the Class

21   Notice is mailed to the Class Members by the Claims Administrator.

22   1.33 "Opt Out" or "Opt Outs" means written and signed requests by Class Members to

23   be excluded from the Settlement Class, which are submitted on the forms, in the manner, and within

24   the time set forth in the Notice Regarding Pendency of Class Action.

25   1.34 "Order of Final Approval" or "Order Granting Final Approval of Settlement"

26   shall mean an order to be entered and filed by the Court entitled "Order Determining Good Faith and

27   Granting Final Approval of Settlement."

28

- 11 -

Case No. 06-CV-2628 BEN (NLS)

1          1.35 "Participating Claimant" or "Participating Claimants" means each Member of the

2    Settlement Class who properly and timely submits both a Consent to Join Settlement Form and a

3    Qualifying Settlement Claim Certification Form in response to the Notice Regarding Pendency of

4    Class Action.

5          1.36 "Person" means a natural person.

6          1.37 "Preliminary Approval Date" means the date on which the Court enters the

7    Preliminary Approval Order.

8          1.38 "Preliminary Approval Order" means an order to be executed and filed by the

9    Court entitled "Order Granting Preliminary Approval of Class and Collective Action Settlement,"

10   substantially in the form attached hereto as Exhibit 3, approving the terms contained in this

11   Agreement, certifying a class and collective action for settlement purposes only as provided in section

12   2.1.1, referring this matter to the Special Master to review the Allocation of settlement funds pursuant

13   to the provisions of sections 2.2.1 and 2.2.6 of this Agreement.

14         1.39 "Producing Branch Manager" or "Producing Branch Managers" means those

15   Persons employed by Morgan Stanley as Producing Branch Managers who supervise or supervised

16   Financial Advisors or Financial Advisor Trainees, as those terms are commonly used by Morgan

17   Stanley.

18         1.40 A "Qualifying Settlement Claim Certification Form" shall mean a Settlement

19   Claim Certification Form that is completed, properly executed, and timely returned to the Claims

20   Administrator.

21         1.41 A "Reasonable Address Verification Measure" shall mean the utilization of the

22   National Change of Address Database maintained by the United States Postal Service to review the

23   accuracy of and, if possible, update a mailing address.

24         1.42 "Released State Law Claims" shall collectively mean any and all applicable state

25   law wage-and-hour claims, obligations, demands, actions, rights, causes of action, and liabilities

26   against Morgan Stanley Releasees, of whatever kind and nature, character, and description, whether in

27   law or equity, whether sounding in tort, contract, statute, or other applicable law, whether known or

28   unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in section

Case No. 06-CV-2628 BEN (NLS)

1.52 hereof, by a Class Member that accrued during the Class Period for any type of relief, including without limitation claims for wages, damages, premium pay, unpaid costs, penalties (including late payment penalties), liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on the following categories of allegations: (a) any and all claims asserted in the Lawsuit which arose under the law of any state; (b) any and all claims under applicable state laws for the failure to pay any type of overtime compensation or minimum wage to any Class Member in a Covered Position; (c) any and all claims which arose under applicable state laws for the failure to provide or pay for meal break, and/or rest periods in a Covered Position; (d) any and all claims under applicable state laws stemming from or based on the alleged misclassification of employees in Covered Positions as exempt employees, *i.e.*, employees who Morgan Stanley classified as exempt under state law from the wage and hour requirements imposed on employers but who actually do not qualify for any exemption, including without limitation the executive, administrative, or professional exemptions set forth in state law; (e) any and all claims, including without limitation state statutory and common law claims, alleging unlawful imposition, deduction, or chargeback from compensation for expenses or costs of or related to the Class Member in a Covered Position (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies, office equipment, desk fees, license registration fees, trading errors, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts) under applicable state laws; (f) any and all claims, including without limitation state statutory and common law claims, for failure to reimburse, indemnify, cover or pay for business costs and/or deductions of or related to the Class Member in a Covered Position (including without limitation claims for reimbursement of costs spent on support staff, any advertising or promotional expenses, seminar costs, training costs, telephone charges, ticket charges, mailing costs, subscriptions, office supplies, office equipment, desk fees, license registration fees, trading errors, client fees, costs to settle disputes with customers, or account fees for delinquent customer accounts); and (g) all claims for penalties or additional damages which allegedly arise from the claims described in (a) through (f) above under any applicable law. The Released State Law Claims are the claims meeting the above

- 13 -

definition under any and all applicable statutes, regulations, or common law, including without limitation those set forth in the compendium of state specific wage and hour laws set forth in attached Exhibit 4, which includes claims under PAGA on behalf of the State of California.

1.43 "Released Federal Law Claims" shall collectively mean any and all federal law claims, obligations, demands, actions, rights, causes of action, and liabilities against Morgan Stanley Releasees, of whatever kind and nature, character and description, whether known or unknown, and whether anticipated or unanticipated, including Unknown Claims as defined in Section 1.52 hereof, by a Class Member that accrued between September 1, 2002 through the Notice and Allocation Approval Date for any type of relief, including without limitation claims for wages, damages, unpaid costs, penalties (including late payment penalties), premium pay, liquidated damages, punitive damages, interest, attorneys' fees, litigation costs, restitution, or equitable relief, based on any and all claims arising under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §§201, et seq. for Class Members in Covered Positions.

1.44 "Sales Manager" or "Sales Branch Managers" means those Persons employed by Morgan Stanley as Sales Managers who supervise or supervised Financial Advisors or Financial Advisor Trainees, as those terms are commonly used by Morgan Stanley.

1.45 "Settlement Claim Certification Form" shall mean the form attached as Form C to the Notice Regarding Pendency of Class Action, in the same or substantially the same form as set forth in Form C attached to Exhibit 2, which a Class Member must submit in addition to a Consent To Join Settlement Form in order to become a Participating Claimant and recover a payment pursuant to section 2.2.

1.46 "Settlement Class" means all of the Class Members who do not opt out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.6.2, and thus means all of the Class Members who will become bound by the Released State Law Claims portion of the Judgment if the Effective Date occurs.

1.47 "Settlement Class Member" or "Member of the Settlement Class" means any Person who is a member of the Settlement Class.

- 14 -

1      1.48 "Settlement Hearing" or "Fairness and Good Faith Determination Hearing"

2  means a hearing set by the Court to take place on or about the date which is fifty-five (55) days after

3  the Notice Response Deadline (or such date as the Court may otherwise establish) for the purpose of

4  (i) determining the fairness, adequacy, and reasonableness of the Stipulation terms and associated

5  settlement pursuant to class action procedures and requirements; (ii) determining the good faith of the

6  Stipulation and associated settlement; and (iii) entering Judgment.

7      1.49 "Settling Parties" means Morgan Stanley and the Class Representatives on behalf

8  of themselves and all Members of the Settlement Class.

9      1.50 "Special Master" means the person selected by the Settling Parties, as evidenced

10  by Exhibit 5 hereto, with the Court's approval, to assist the Settling Parties in devising a fair

11  allocation for the distribution of the Net Settlement Amount to the Participating Claimants.

12      1.51 "Stipulation" means this agreement, *i.e.*, the Stipulation and Settlement

13  Agreement together with all of its attachments and exhibits, which the Settling Parties understand and

14  agree sets forth all material terms and conditions of the Settlement between them, and which is subject

15  to Court approval. It is understood and agreed that Morgan Stanley's obligations for payment under

16  this Stipulation are conditioned on, *inter alia,* the occurrence of the Effective Date.

17      1.52 "Unknown Claims" means (a) any Released State Law Claims which the Class

18  Representatives or any Settlement Class Member (including all Participating Claimants) does not

19  know or suspect to exist in his or her favor at the time of the time of the release, and which, if known

20  by him or her might have affected his or her decision to settle with and release of the Morgan Stanley

21  Releasees, or might have affected his or her decision to opt out of the Class or to object to this

22  settlement, and (b) any Released Federal Law Claims which the Class Representatives or any

23  Participating Claimant does not know or suspect to exist in his or her favor at the time of the release,

24  and which, if known by him or her might have affected his or her decision to settle with and release of

25  the Morgan Stanley Releasees, or might have affected his or her decision to opt out of the Class or to

26  object to this settlement. With respect to any and all claims being released, the Settling Parties

27  stipulate and agree that, upon the Effective Date, the Class Representatives shall have expressly,

28  knowingly, and intentionally waived for themselves and, by operation of the Judgment, each of the

- 15 -

Case No. 06-CV-2628 BEN (NLS)

Settlement Class Members shall be deemed to have waived the benefits and rights of any statute, rule, doctrine, or common law principle of any jurisdiction whatsoever that provides that a general release does not extend to unknown claims, including without limitation any applicable benefits or rights under California Civil Code §1542, which provides:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, likewise waived all such benefits and rights. The Class Representatives and each Settlement Class Member may hereafter discover facts in addition to or different from those which he or she now knows or believes to be true with respect to the subject matter of the Released State Law Claims and Released Federal Law Claims, but Class Representatives and each Settlement Class Member (including all Participating Claimants), upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released State Law Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Likewise, Class Representatives and each Participating Claimant, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released any and all Released Federal Law Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which then exist, or heretofore have existed upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Class Representatives acknowledge the significance and consequence of this waiver, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged the consequence and

- 16 -

Case No. 06-CV-2628 BEN (NLS)

significance and assume full responsibility for any loss that may be incurred by reason of such waiver. The Class Representatives further acknowledge, and the Settlement Class Members (including Participating Claimants) shall be deemed by operation of the Judgment to have acknowledged that the foregoing waiver was separately bargained for and a key element of the settlement of which this release is a part.

1.53 "Updated Address" means a mailing address that was updated via a Reasonable Address Verification Measure or via an updated mailing address provided by the United States Postal Service or a Class Member, or any other source.

2.  *The Settlement.*

2.1 *Certification of a Class and Collective Action for Settlement Purposes Only.*

2.1.1    The Parties stipulate, for settlement purposes only, to the certification by the Court of a class as to all claims asserted in the Litigation pursuant to state law, and further stipulate, for settlement purposes only, to the certification by the Court of a collective action as to all claims asserted in the Litigation pursuant to the FLSA.

2.1.2    If for any reason the Court does not approve this Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, or if this Settlement Agreement and Stipulation is lawfully terminated for any other reason, Morgan Stanley shall retain the absolute right to dispute the propriety of class certification and collective action certification on all applicable grounds.

2.2 *Consideration to Settlement Class Members.*

2.2.1    Morgan Stanley, itself or through the Claims Administrator, and according to the terms, conditions, and procedures set forth in Section 2.7 of this Stipulation, shall pay each Participating Claimant according to the Allocation formula.    The Allocation formula will be developed by Class Counsel and provided to Morgan Stanley counsel at least 21 days prior to the parties' hearing before the Special Master. Class Counsel, in good faith, will consider any revisions to the Allocation formula proposed by Morgan Stanley counsel.  If the Settling Parties agree upon a proper Allocation formula, the parties will submit such formula to the Special Master for consideration and approval.  If the Settling Parties are unable to reach agreement as to a proper

- 17 -

1    Allocation formula, each side will submit its position to the Special Master, who will decide the

2    proper formula. Under no circumstances may the Allocation violate any terms of this Stipulation.

3    The Allocation formula may take into account such factors as: (a) the Class Member's tenure in each

4    Covered Position during the maximum applicable limitations period; (b) the Covered Position(s) held

5    by each Class Member; (c) the relative merits of the claims asserted on behalf of each Covered

6    Position; (d) the different statutes of limitation in each state; and (e) whether the Member worked

7    overtime. The formula will result in the complete distribution of the Net Settlement Amount based on

8    the assumption that all Class Members become Participating Claimants. If fewer than all Class

9    Members participate in the distribution, the residual shall remain the exclusive property of Morgan

10    Stanley.

11    2.2.2    For the purposes of developing the Allocation formula, Morgan Stanley agrees

12    to cooperate with Class Counsel to provide relevant information regarding Class membership, months

13    worked by Class Members in each Covered Position by state, wages earned by Class Members in each

14    Covered Position by state, and alleged wage deductions or adjustments to earnings for expenses and

15    errors incurred by Class Members in each Covered Position by state. This exchange of information,

16    which may include sworn testimony in a form to be agreed upon by the Settling Parties, shall in no

17    way alter the Net Settlement Amount. Any sworn testimony obtained pursuant to this section 2.2.2

18    shall not be used for any purpose other than to effectuate the terms of this Stipulation and if the Court

19    fails to enter the Order of Final Approval, such sworn testimony will be treated as a confidential

20    settlement communication under Federal Rules of Evidence 408 and any other analogous rules of

21    evidence that are applicable and will be inadmissible for any purpose.

22    2.2.3    To the extent administratively convenient, the payment to each Participating

23    Claimant shall be made via a single check.

24    2.2.4    The payments set forth in section 2.2.1 shall be allocated for reporting reasons

25    as set forth below: (a) fifty percent (50%) shall be deemed payment in settlement of claims for unpaid

26    wages; and (b) fifty percent (50%) shall be deemed payment in settlement for claims of penalties,

27    liquidated damages, interest, and all other non-wage recovery.

28

- 18 -

1        2.2.5   As further detailed in sections 2.3.1 and 2.3.2, and for each payment made

2  pursuant to sections 2.2, 2.7, and 2.9 of this section VI, Morgan Stanley, itself or through the Claims

3  Administrator, will report each payment to government authorities including the Internal Revenue

4  Service as required by law, and it shall make all required deductions, withholdings, and/or payroll tax

5  payments.

6        2.2.6   In addition to the payments to Participating Claimants set forth in section 2.2.1,

7  Morgan Stanley, itself or through the Claims Administrator, shall also make a payment in the amount

8  of $37,717 to the California Labor and Workforce Development Agency as consideration for the

9  release of PAGA claims on behalf of the State of California. Such payment shall be included as part

10  of the Administrative Costs and be paid out of the Maximum Settlement Amount.

11     2.3 *Taxes.*

12        2.3.1   Those payments allocated to the settlement of claims for unpaid wages (a) shall

13  be subject to required withholdings and deductions, and so the net amounts payable will be less than

14  the gross amounts; and (b) shall be reported in the year of payment as wage income to the

15  Participating Claimant on a Form W-2 and such other state or local tax reporting forms as may be

16  required by law. Those payments allocated to all other claims, including without limitation claims for

17  penalties, reimbursement, liquidated damages, interest, and other non-wage recovery (a) shall not be

18  subject to required withholdings and deductions, and so the net amounts payable will be equal to the

19  gross amounts; and (b) shall be reported in the year of payment as non-wage income to the

20  Participating Claimants on a Form 1099 and such other state or local tax reporting forms as may be

21  required by law. Other than as set forth above, Morgan Stanley will not make from the payment to

22  each Participating Claimant any deductions, withholdings, or additional payments, including without

23  limitation, medical or other insurance payments or premiums, employee 401(k) contributions or

24  matching employer contributions, wage garnishments, or charity withholdings, and entry of the Order

25  of Final Approval by the Court shall be deemed authority not to make such deductions, withholdings,

26  or additional payments. Any amount paid to Participating Claimants shall not create any credit or

27  otherwise affect the calculation of any deferred compensation, benefit, pension, or other compensation

28  or benefit plan provided by Morgan Stanley.

- 19 -

2.3.2   Other than the withholding and reporting requirements set forth in Paragraph 2.3.1, Participating Claimants shall be solely responsible for the reporting and payment of the employee's share of any federal, state, and/or local income or other tax or any other withholdings, if any, on any of the payments made pursuant to this section VI of this Stipulation. Morgan Stanley acknowledges that it will be responsible for paying the employer's share of any applicable payroll taxes. Morgan Stanley makes no representations and it is understood and agreed that Morgan Stanley has made no representations as to the taxability to any Participating Claimants of any portions of the settlement payments, the payment of any costs or an award of attorneys' fees, or any payments to The Class Representatives.  The Notice Regarding Pendency of Class Action will advise each Class Member to seek his or her own personal tax advice prior to acting in response to that notice, and Morgan Stanley, the Class Representatives, and Class Counsel agree that each Class Member will have an adequate opportunity to seek tax advice prior to acting in response to the notice.

2.4 *Court Approval of Notice to the Class and A Settlement Hearing.*

2.4.1   On or before December 27, 2007, the Class Representatives and Morgan Stanley, through their counsel of record in the Litigation, shall file this Stipulation with the Court and jointly move for preliminary approval of this Stipulation.  Via this submission, and a supporting motion, the Settling Parties, through their counsel of record, will request that the Court enter the Preliminary Approval Order approving the terms of this Stipulation, certify a class and collective action for settlement purposes only as provided in section 2.1.1, refer this matter to the Special Master to review the proposed allocation of settlement funds, and schedule a Notice and Allocation Approval Hearing approximately three weeks after the Court receives the Special Master's report.  After the Special Master has reviewed the proposed allocation of settlement funds and issued his Recommendations and Report, the Settling Parties shall move the Court for an order preliminarily approving the allocation of settlement funds, entering the Notice and Allocation Order, and scheduling the Settlement Hearing for the purposes of determining the fairness of the settlement, granting final approval of the settlement, granting final approval of this Stipulation, and entering Judgment.

2.4.2   Subject to Court availability, the Class Representatives and Morgan Stanley shall endeavor to notice the joint motion for entry of the Preliminary Approval Order described in

- 20 -

Paragraph 2.4.1 for a hearing before the Court on or before January 7, 2008. A decision by the Court not to enter the Preliminary Approval Order in its entirety, or a decision by the Court to enter the Preliminary Approval Order with modifications that Morgan Stanley determines in its reasonable and good faith judgment to be material, will be grounds for Morgan Stanley to terminate the settlement and the terms of this Stipulation within twenty-one (21) days of receipt of the Court's decision.

2.4.3   If any deadlines related to this Settlement cannot be met, Class Counsel and counsel for Morgan Stanley shall meet and confer to reach agreement on any necessary revisions of the deadlines and timetables set forth in this Stipulation. In the event that the Settling Parties fail to reach such agreement, any of the Settling Parties may apply to the Court via a noticed motion for modification of the dates and deadlines in this Stipulation, provided that such a request to the Court may seek only reasonable modifications of the dates and deadlines contained in this Stipulation and no other changes.

2.4.4   If the Court enters the Notice and Allocation Order, then at the resulting Settlement Hearing, the Class Representatives and Morgan Stanley, through their counsel of record, shall address any timely written objections from Class Members or any concerns from Class Members who attend the hearing as well as any timely stated concerns of any state official who receives a CAFA notice, if any, and any concerns of the Court, if any, and shall and hereby do, unless provided otherwise in this Stipulation, stipulate to final approval of this Stipulation and entry of the Judgment by the Court.

2.5 *Notice to Class Members.*

2.5.1   If, by entering the Preliminary Approval Order and the Notice and Allocation Order, the Court provides authorization to send the Notice Regarding Pendency of Class Action to Class Members, Morgan Stanley, through the Claims Administrator, will facilitate the mailing of the Class Notice to all Class Members at their Last Known Addresses. This Class Notice shall be mailed via first class mail through the United States Postal Service, postage pre-paid.

2.5.2   This Class Notice and its envelope or covering shall be marked to denote the return address of the Claims Administrator.

- 21 -

Case No. 06-CV-2628 BEN (NLS)

2.5.3    Morgan Stanley shall prepare the name and Last Known Address for each Class Member for the Claims Administrator so that the Claims Administrator can engage in the processing and mailing of each Class Notice.

2.5.4    Prior to mailing the Class Notice to each Class Member, the Claims Administrator shall undertake a Reasonable Address Verification Measure to ascertain the current accuracy of the Last Known Address of each Class Member.  To the extent this process yields an Updated Address, that Updated Address shall replace the Last Known Address and be treated as the new Last Known Address for purposes of this Stipulation and for subsequent mailings in particular.

2.5.5    Unless the parties agree otherwise in writing or the Court so orders, each of the Notices shall be mailed to the Last Known Addresses of the Class Members no later than the Notice Mailing Deadline.

2.5.6    Part of the fees paid to the Claims Administrator by Morgan Stanley shall include all costs of the mailing described in Paragraph 2.5.1, which shall be the fees charged by the Claims Administrator, the cost of the envelopes in which the Class Notice will be mailed, the cost of reproducing the Class Notice, and the cost of postage to send the Class Notice.  The following Forms will be included with the Class Notice in this mailing: Change of Name or Address Information (Form A), Election to Opt Out of Settlement and Class Action (Form B), Settlement Claim Certification Form (Form C), and Consent to Join Settlement Form (Form D).  The Class Representatives acknowledge that Morgan Stanley's agreement to pay the claims administration and mailing costs constitutes part of the consideration to the Class.

2.5.7    Unless the Claims Administrator receives a Class Notice returned from the United States Postal Service for reasons discussed below in this paragraph, that Class Notice shall be deemed mailed and received by the Class Member to whom it was sent five days (5) days after mailing.  In the event that subsequent to the first mailing of a Notice Regarding Pendency of Class Action and prior to the deadline for a response, that Notice is returned to the Claims Administrator by the United States Postal Service with a forwarding address for the recipient, the Claims Administrator shall re-mail the notice to that address, the notice will be deemed mailed as of that date, and the forwarding address shall be deemed the Updated Address for that Class Member.  In the event that

- 22 -

Case No. 06-CV-2628 BEN (NLS)

1    subsequent to the first mailing of a Class Notice, and at least fourteen (14) days prior to the Notice

2    Response Deadline, that Notice is returned to the Claims Administrator by the United States Postal

3    Service because the address of the recipient is no longer valid, *i.e.*, the envelope is marked "Return to

4    Sender," the Claims Administrator shall perform a standard skip trace, in the manner that the Claims

5    Administrator customarily performs skip traces, in an effort to attempt to ascertain the current address

6    of the particular Class Member in question and, if such an address is ascertained, the Claims

7    Administrator will re-send the Notice within fourteen (14) days of receiving such information; if no

8    Updated Address is obtained for that Class Member, the Class Notice shall be sent again to the Last

9    Known Address.  In either event, the Notice Regarding Pendency of Class Action shall be deemed

10   received once it is mailed for the second time.

11           2.5.8    To the extent a Class Member, whose address has not been deemed unknown

12   by the Claims Administrator, has not submitted to the Claims Administrator some form of written

13   response to the Class Notice by the date that is thirty (30) days before the Notice Response Deadline,

14   the Claims Administrator shall send that Class Member a postcard (a) referencing the name of the

15   Consolidated Action; (b) stating that the Class Member received a notice in this action; (c) providing

16   the address for the Claims Administrator; (d) stating the Notice Response Deadline, *i.e.*, the deadline

17   to respond to the Class Notice if the recipient desires to do so; and (e) stating that the Class Member

18   can contact the Claims Administrator to receive an additional copy of the notice.  The postcard shall

19   not contain additional information or statements.  Nothing in this Paragraph 2.5.8 shall be construed to

20   extend the Notice Response Deadline for any Class Member, and the reasonable costs expended in

21   association with the preparation and mailing of the postcards contemplated by this Paragraph shall be

22   included as part of the Administrative Costs and be paid out of the Maximum Settlement Amount.

23           2.5.9    If the Court provides authorization to send the Notice Regarding Pendency of

24   Class Action to Class Members by entering the Notice and Allocation Order, in addition to the

25   mailing of the Class Notice to all Class Members at their Last Known Addresses as set forth above,

26   Morgan Stanley, with input from Class Lead Counsel, will arrange for publication in the national

27   edition of the Wall Street Journal on a date to be agreed upon by the Settling Parties of a notice

28   summarizing the language contained in the Notice Regarding Pendency of Class Action, in the same

- 23 -

Case No. 06-CV-2628 BEN (NLS)

or substantially the same form as set forth in Exhibit 6. The cost of the publication shall be included as part of the Administrative Costs and be paid out of the Maximum Settlement Amount.

2.5.10  Within ten days following the filing of this Stipulation with the Court, Morgan Stanley shall serve upon the Attorney General of the United States and the appropriate State official of each State in which any Class Member resides a notice of the proposed Settlement in compliance with the requirements of CAFA, 28 U.S.C. §1715. A copy of the CAFA Notice is attached as Exhibit 7.

2.5.11  Additionally, within ten days following the filing of this Stipulation with the Court, Class Counsel shall provide written notice to the California Labor and Workforce Development Agency of the proposed Settlement.

2.6 *Responses to the Notice Regarding Pendency of Class Action; Motion for Final Approval.*

2.6.1  Class Members have the option to retain their own attorney(s) in connection with this Lawsuit at their own expense. Class Members who choose this option will be responsible for any attorneys' fees or costs incurred as a result of this election. The Notice Regarding Pendency of Class Action will advise Class Members of this option.

2.6.2  Class Members may elect to "opt out" of the Settlement Class and thus exclude themselves from the Lawsuit, the settlement, and the Settlement Class. Class Members who wish to exercise this option must fully complete, properly execute, and timely mail, per the instructions therein, the form entitled "Election to Opt Out of Settlement and Class Action" attached to the Notice Regarding Pendency of Class Action as Form B. If a fully completed and properly executed Opt Out form is not received by the Claims Administrator from a Class Member on or before the Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her right to opt out of the Settlement Class. Class Members who do not timely submit fully completed and properly executed Opt Out forms shall be deemed Members of the Settlement Class. Class Members who do timely submit fully completed and properly executed Opt Out forms shall have no further role in the Litigation, and for all purposes they shall be regarded as if they never were either a party to this Litigation or a Class Member, and thus they shall not be entitled to any benefit as a result of the Litigation, this settlement, or this Stipulation.

- 24 -

1          2.6.3    Class Members who do not opt out of the Settlement Class pursuant to section

2    2.6.2 may object to the Stipulation by submitting written objections to the Court and mailing copies of

3    their written objection so they are received by Class Counsel, counsel for Morgan Stanley, and the

4    Claims Administrator no later than the Notice Response Deadline.   The Class Notice shall advise

5    Class Members of this option.   The Claims Administrator shall immediately provide copies of any

6    such objections to counsel of record.

7          2.6.4    Class Members who do not opt out of the Settlement Class pursuant to section

8    2.6.2 may elect to become Participating Claimants.  Class Members who wish to exercise this option

9    and certify their entitlement to payment under the settlement must fully and timely complete, execute,

10   and mail, per the instructions therein, both of the following forms:  (a) the form entitled "Consent to

11   Join Settlement Form" attached to the Notice Regarding Pendency of Class Action as Form D and (b)

12   the form entitled "Settlement Claim Certification Form" attached to the Notice Regarding Pendency

13   of Class Action as Form C.  If both a completed and properly executed Settlement Claim Certification

14   Form and a completed and properly executed Consent To Join Settlement Form are not received by

15   the Claims Administrator and Class Counsel, respectively, from a Class Member on or before the

16   Notice Response Deadline, then that Class Member will be deemed to have forever waived his or her

17   right to be a Participating Claimant and receive payment under this settlement.  However, as long as

18   they do not properly submit Opt Outs, Class Members shall be deemed Members of the Settlement

19   Class and shall be subject to the Judgment even if they do not submit a Settlement Claim Certification

20   Form or a Consent To Join Settlement Form in a timely and proper fashion.  Only Participating

21   Claimants whose completed and properly executed Consent To Join Settlement Forms are filed with

22   the Court shall be entitled to payment pursuant to the settlement and this Stipulation.

23         2.6.5    Class Members who submit an Opt Out and also submit either a Settlement

24   Claim Certification Form and/or a Consent To Join Settlement Form, shall be sent a cure letter (in a

25   form similar to that attached as Exhibit 8) by the Claims Administrator seeking clarification of

26   whether they intend to opt out of the settlement and the Settlement Class or become a Participating

27   Claimant.  Absent a response to the contrary, such Class Members will be deemed to have opted out

28   of the Settlement Class pursuant to section 2.6.2.

- 25 -

Case No. 06-CV-2628 BEN (NLS)

2.6.6    Class Members who, for future reference and mailings from the Court or Claims Administrator, if any, wish to change the name or address listed on the envelope in which the Class Notice was first mailed to them, must fully complete, execute, and mail, per the instructions therein, the form entitled "Change of Name or Address Information" attached to the Notice Regarding Pendency of Class Action as Form A. The address provided shall be the "Updated Address" for any such Class Member.

2.6.7    Prior to the Settlement Hearing and consistent with the rules imposed by the Court, the Class Representatives and Morgan Stanley shall jointly move the Court for entry of the Order of Final Approval and the associated entry of Judgment. The Settling Parties shall make all reasonable efforts to secure entry of the Order of Final Approval and the associated entry of Judgment. If the Court rejects the Stipulation, fails to enter the Order of Final Approval, or fails to enter the Judgment, this Stipulation shall be void *ab initio,* and Morgan Stanley shall have no obligations to make any payments under the Stipulation, except for Administrative Costs already incurred by the Claims Administrator as well as the cost of any newspaper or other publication that has already been incurred.

2.7 *Timing of Payment to Participating Claimants and Notice of Final Approval to Settlement Class Members.*

2.7.1    Within twenty (20) days of and only after the Effective Date, the Claims Administrator shall mail to each Participating Claimant at his or her Last Known Address, or Updated Address if obtained, his or her individual payment pursuant to section 2.2 and in accordance with the terms of section 2.2.1, from an account administered by the Claims Administrator but funded by Morgan Stanley, less the employee's share of relevant withholdings.

2.7.2    Checks issued to Participating Claimants pursuant to this Agreement shall remain negotiable for a period of one hundred eighty (180) days from the date of mailing. The Claims Administrator will make reasonable efforts under the direction of the Parties to locate and contact Participating Claimants who have not negotiated checks issued to them pursuant to section 2.7.1. The funds associated with any checks not properly or timely negotiated shall remain the property of Morgan Stanley and shall not be paid to any Person other than Morgan Stanley, except that if a Class

- 26 -

1  Member demonstrates to the satisfaction of counsel for Morgan Stanley and Class Counsel that he or
2  she had a reasonable excuse for failing to negotiate the check within 180 days, Morgan Stanley shall
3  reissue the check, which shall become void if not negotiated within 30 days.  The Settling Parties
4  hereby agree that such funds represent settlement payments for matters disputed in good faith, not
5  uncontested wage payments, and they shall not be subject to escheat rules, *cy pres,* or other
6  distribution not provided for in this Stipulation.  Participating Claimants who fail to negotiate their
7  check(s) in a timely fashion shall, like all Settlement Class Members, remain subject to the terms of
8  the Stipulation and Judgment.

9      2.7.3    Following the mailing of (a) the Notices of Final Approval to the Settlement
10  Class and (b) the payments to Participating Claimants discussed in Paragraph 2.7.1, the Claims
11  Administrator shall provide counsel for the parties with a written confirmation of this mailing.  Upon
12  receipt of this confirmation, Class Counsel will file a notice or acknowledgement of satisfaction of
13  judgment with the Court in the Litigation on behalf of the Settlement Class.

14      2.8 *Releases.*

15      2.8.1    Upon the Effective Date, the Class Representatives and each of the Settlement
16  Class Members, including all Participating Claimants, on behalf of themselves, and each of their heirs,
17  representatives, successors, assigns, and attorneys, shall be deemed to have, and by operation of the
18  Judgment shall have, fully, finally, and forever released, dismissed with prejudice, relinquished, and
19  discharged all Released State Law Claims as defined in section 1.42.

20      2.8.2    In addition, upon the Effective Date, the Class Representatives and each of the
21  Participating Claimants, on behalf of themselves, and each of their heirs, representatives, successors,
22  assigns, and attorneys, shall be deemed to have, and by operation of the Judgment shall have, fully,
23  finally, and forever released, dismissed with prejudice, relinquished, and discharged all Released
24  Federal Law Claims as defined in section 1.43.

25      2.9 *Payment of Costs and Attorneys' Fees to the Class Representatives.*

26      2.9.1    Not more than twenty (20) days after the Effective Date, and only if the
27  Effective Date occurs, subject to Court approval, Morgan Stanley will pay Class Counsel an amount
28  allowed by the Court not to exceed $12,500,000 for all attorneys' fees, and up to $100,000 for all

- 27 -

1    allowable Litigation costs and expenses.  Payments made per this paragraph shall constitute full
2    satisfaction of any claim for fees or costs, and the Class Representatives and Class Counsel, on behalf
3    of themselves and all Settlement Class Members, agree that they shall not seek nor be entitled to any
4    additional attorneys' fees or costs under any theory.  The Class Representatives and Class Counsel
5    agree that they shall be responsible for justifying the amount of this cost and fee payment to the Court,
6    and they agree to submit, as appropriate, the necessary materials to justify this payment along with the
7    Settling Parties' joint motion for final approval of the Stipulation pursuant to Paragraph 2.6.7.
8    Provided it is consistent with this Stipulation, Morgan Stanley will not oppose the amount of fees or
9    costs requested by Class Counsel.  In the event that the Court (or any appellate court) awards less than
10   the amount requested for attorneys' fees and/or costs, or less than the amount requested for
11   Enhancement payments for Class Representatives and other key Class Members as set forth in section
12   2.9.2, only the awarded amounts shall be paid and shall constitute satisfaction of the obligations of
13   this paragraph and full payment thereunder, and any remaining or unawarded portion of the requested
14   fee, cost, and/or Enhancement awards shall remain the property of Morgan Stanley.  If the Effective
15   Date occurs, Morgan Stanley shall wire Class Lead Counsel the total payment amount set forth in this
16   Paragraph. Class Lead Counsel shall provide counsel for Morgan Stanley with the pertinent taxpayer
17   identification numbers, Form W-9s, and instructions on the total amount of the payment to be
18   allocated to each law firm serving as Class Counsel for reporting purposes in time for Morgan Stanley
19   to timely undertake such reporting.  Other than any reporting of this fee payment as required by this
20   Stipulation or law, which Morgan Stanley shall make, Class Counsel, the Class Representatives, and
21   any other Class Members who have received Enhancements shall alone be responsible for the
22   reporting and payment of any federal, state, and/or local income or other form of tax on any payment
23   that they have received pursuant to this paragraph.
24         2.9.2   Not more than twenty (20) days after the Effective Date, and only in the event
25   that the Effective Date occurs, Morgan Stanley will forward two separate checks payable to Robert
26   Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff Quinn, John
27   Volpe, Paul Roles, Janemarie Lenihan, David Andrew Gasman, Israel Harman, John Maskubi, Joseph
28   Stowell, Jr., Kyle R. Armitage, Christopher D. Bart, Eric N. Wulff, and Vernon D. Brown, in their

- 28 -

Case No. 06-CV-2628 BEN (NLS)

1   personal capacity only and via their counsel of record. The first said check for each Class
2   Representative shall be his or her individual payment as a Participating Claimant, pursuant to sections
3   2.2 and 2.7.1. The second said check shall be compensation and consideration of an amount approved
4   by the court not to exceed $20,000 as an Enhancement payment for the efforts of the Class
5   Representatives in the Litigation. Each Class Representative shall be required to sign a full, general,
6   and comprehensive release of the Class Representatives' Released Claims set forth in section 1.11, in
7   the same or substantially the same form as set forth in Exhibit 9, in exchange for receiving an
8   Enhancement payment. In addition, Class Counsel has identified certain key Class Members whose
9   consents to become a party plaintiff pursuant to §216(b) of the FLSA have been filed in the *Roles*
10  action prior to May 22, 2006. Each of these key Class Members will be eligible to receive, in addition
11  to their individual payment as a Participating Claimant, pursuant to sections 2.2 and 2.7.1, a second
12  check of an amount approved by the Court not to exceed $2,500 as an Enhancement payment in
13  recognition of their early participation in the *Roles* action. Each key Class Member identified herein
14  shall be required to sign a full, general, and comprehensive release of the Class Representatives'
15  Released Claims set forth in section 1.11, in the same or substantially the same form as set forth in
16  Exhibit 9, in exchange for receiving an Enhancement payment or, alternatively, may choose to forgo
17  receiving an Enhancement payment and decline to sign a comprehensive release. Through this
18  agreement, Robert Steinberg, Robert N. Adler, Frank V. Finizia, Brian C. Latz, Gerard Scorziello, Jeff
19  Quinn, John Volpe, Paul Roles, Janemarie Lenihan, David Andrew Gasman, Israel Harman, John
20  Maskubi, Joseph Stowell, Jr., Kyle R. Armitage, Christopher D. Bart, Eric N. Wulff, and Vernon
21  Brown each agree to be a Member of the Settlement Class and a Participating Claimant subject to the
22  Judgment, and in light of this agreement, it shall not be necessary for them to be sent a Notice
23  Regarding Pendency of Class Action or for them to complete a Consent to Join Settlement Form or
24  Settlement Claim Certification Form. The Settling Parties agree that Morgan Stanley shall report the
25  Enhancement payment as non-wage income in the year of payment, and that Morgan Stanley will
26  report the payment of each Class Representative's individual payments pursuant to section 2.2
27  according to the terms of this Agreement, and with the understanding that each Class Representative
28  will be deemed to have submitted a timely and valid claim. Other than the reporting and withholding

- 29 -

Case No. 06-CV-2628 BEN (NLS)

1    set forth in this paragraph, and with the exception of the employer's share of any federal, state, and

2    local taxes, each Class Representative shall be responsible for the reporting and payment of any

3    federal, state, and/or local income or other form of tax on any payment made to him or her pursuant to

4    this paragraph.

5          2.9.3   Morgan Stanley shall have no responsibility for, and no liability whatsoever

6    with respect to, the allocation among the Class Representatives, key Class Members, Class Counsel,

7    and/or any other Person who may assert some claim thereto, of any award or payment issued or made

8    in the Litigation or pursuant to this Stipulation, including, but not limited to, any award or payment

9    pursuant to Paragraph 2.9.1 or 2.9.2.

10          2.9.4   If the Effective Date does not occur, neither the Class Representatives nor Class

11    Counsel shall have any responsibility or obligation for the payment of costs incurred in the Litigation

12    and its settlement by the Claims Administrator, including the cost of mailing the Notice and any

13    publication.

14          2.10   *Claims Administrator.*

15          2.10.1 A portion of the Maximum Settlement Amount shall be allocated to the fees

16    and expenses reasonably incurred by the Claims Administrator as a result of procedures and processes

17    expressly required by this Stipulation. The Class Representatives and Class Counsel shall have no

18    responsibility for such fees or expenses. Based on current estimates, the Settling Parties anticipate

19    that the total sum paid to the Claims Administrator will not exceed $300,000, but the Settling Parties

20    understand and agree that this figure represents just an estimate, and the sum charged by the Claims

21    Administrator may be different, but in no event will the fees and expenses incurred by the Claims

22    Administrator cause Morgan Stanley's total payments to exceed the Maximum Settlement Amount.

23          2.10.2 The actions of the Claims Administrator shall be governed by the terms of this

24    Stipulation. Morgan Stanley may engage in communications with the Claims Administrator and make

25    payment to the Claims Administrator for its services and engage in related communications with the

26    Claims Administrator without notice or copies to Class Counsel, any Class Members, or the Court.

27    Class Counsel may provide relevant information needed by the Claims Administrator per this

28

1    Stipulation and engage in related communications with the Claims Administrator with notice and

2    copies to Morgan Stanley.

3                2.10.3  In the event that either Morgan Stanley or Class Counsel take the position that

4    the Claims Administrator is not acting in accordance with the terms of the Stipulation, such party shall

5    meet and confer with opposing counsel prior to raising any such issue with the Claims Administrator

6    or the Court.

7          2.11    *Termination of Settlement*

8                2.11.1  In the event that the Stipulation is not approved in its entirety as is by the Court,

9    excluding modifications that Morgan Stanley determines in its reasonable and good faith judgment to

10   not be material modifications, or in the event that the settlement set forth in the Stipulation is

11   terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the

12   Judgment does not become a Final Judgment, or if the Effective Date does not occur, no payments

13   shall be made by Morgan Stanley to anyone in accordance with the terms of this Stipulation, except

14   for Administrative Costs already incurred by the Claims Administrator and publication costs already

15   incurred, the Settling Parties will bear their own costs and fees with regard to the efforts to obtain

16   Court approval, and the Class Representatives shall dismiss with prejudice the *Brown* action and shall

17   dismiss without prejudice the Consolidated Action.  In such event, this Stipulation (except for those

18   provisions relating to non-admissibility and non-admission of liability set forth in sections I, IV, 2.2.2,

19   2.12.4, and 2.12.5 and those provisions relating to the return of documents and discovery set forth in

20   sections 2.13.1, 2.13.2, and 2.13.3) shall be deemed null and void, its terms and provisions shall have

21   no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or

22   in any other proceeding for any purpose, and any Judgment or order entered by the Court in

23   accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.

24   Notwithstanding any other provision of this Stipulation, no order of the Court, or modification or

25   reversal on appeal of any order of the Court, reducing the amount of any attorneys' fees or costs to be

26   paid by Morgan Stanley to Class Counsel or reducing the amount of any entitlement paid to the Class

27   representatives or other key Class Members shall constitute grounds for cancellation or termination of

28   the Stipulation or grounds for limiting any other provision of the Judgment.

- 31 -

Case No. 06-CV-2628 BEN (NLS)

2.11.2 Morgan Stanley shall have the absolute discretionary right to terminate this Settlement Agreement and Stipulation in the event that any of the following conditions occur:

2.11.2.1 In the event that either (a) five percent (5%) or more of all Class Members nationwide, or (b) at least ten percent (10%) and 30 total Class Members in any individual state, opts out of the Settlement Class by submitting Opt Outs pursuant to Paragraph 2.6.2.

2.11.2.2 In the event that the Stipulation is construed in such a fashion that would require Morgan Stanley to pay more than the Maximum Settlement Amount.

2.11.2.3 In the event that the Court does not certify, for settlement purposes, a class action and collective action consistent with section 2.1.1, or otherwise makes an order materially inconsistent with any of the terms of this Stipulation.

2.11.2.4 In the event that any court, prior to the Court's Order of Final Approval, whether on a conditional basis or not, certifies a class or collective action that involves any claim included in the Released State Law Claims, Released Federal Law Claims, or Class Representatives' Released Claims set forth, respectively, in sections 1.42, 1.43 or 1.11.

2.11.2.5 In the event that any pending litigation or other litigation that is filed prior to the Court's Order of Final Approval in any way prevents any of the claims covered by this settlement and Stipulation, including without limitation the Released State Law Claims, the Released Federal Law Claims, and the Class Representatives' Released Claims from being extinguished.

2.11.3 To the extent Morgan Stanley chooses to exercise the option established in section 2.11.2 and its subsections, it must do so through written notice to Class Counsel prior to the Order of Final Approval and within 21 days of the occurrence of the operative condition.

2.11.4 In the event that the settlement set forth in the Stipulation is terminated, cancelled, declared void, or fails to become effective in accordance with its terms, or if the Judgment does not become a Final Judgment, or if the Effective Date does not occur, notwithstanding any of the provisions of this section 2.11 and all its subsections, the *Steinberg* action, the *Gasman* action, the *Roles* action, the *Lenihan* action, the *Adler* action, the *Stowell* action, and the *Armitage* action  may proceed without prejudice as if this settlement had not been entered and Morgan Stanley will not raise delay in prosecution as a defense insofar as it relates to the period between October 9, 2006 and the

- 32 -

Case No. 06-CV-2628 BEN (NLS)

date that the settlement set forth in the Stipulation becomes void. Furthermore, in any such event, if the class and/or collective action described in section 2.1 has already been certified for settlement purposes, the Parties will jointly move, as soon as practicable, to decertify the class and/or collective action.

2.12    *Miscellaneous Provisions.*

2.12.1  The only Class Members, other than the Class Representatives and key Class Members identified in section 2.9.2, entitled to any payment under this Stipulation and the associated Judgment are Participating Claimants, and they shall be entitled to their individual payments pursuant to section 2.2 only. This Stipulation and the associated Judgment do not and will not create any unpaid residue or unpaid residual, and no distribution of such shall be required. The provisions of California Code of Civil Procedure Section 384 do not apply to this action or this Stipulation, and a holding to the contrary will be a ground for Morgan Stanley to void the settlement within twenty-one (21) days after such holding becomes final. Those parts of the Maximum Settlement Amount that are not claimed shall remain the property of Morgan Stanley, and any holding to the contrary will be a ground for Morgan Stanley to void the settlement.

2.12.2  Morgan Stanley's sole obligations to Class Counsel and the Claims Administrator are set forth in this Stipulation. Class Counsel and the Claims Administrator shall hold Morgan Stanley harmless for an award of fees or costs beyond those made in accordance with the Stipulation and shall not seek to recover any fees or costs awarded in excess of the terms in this Stipulation.

2.12.3  The Settling Parties (a) acknowledge that it is their intent to consummate this agreement; and (b) agree to cooperate to the extent reasonably necessary to effect and implement all terms and conditions of the Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of the Stipulation, including but not limited to obtaining the dismissal, transfer to the Court, or stay of any pending or subsequently-filed class or collective action lawsuit that alleges any of the Released State Law Claims and/or Released Federal Law Claims set forth in sections 1.42 and 1.43, respectively, of this Stipulation.

- 33 -

2.12.4 The Stipulation compromises claims which are contested in good faith, and it shall not be deemed an admission by any of the Settling Parties as to the merits of any claim or any potential defense. The Settling Parties agree that the amounts paid in Settlement and the other terms of the settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

2.12.5 Morgan Stanley specifically and generally denies any and all liability or wrongdoing of any sort with regard to any of the claims asserted in the Litigation and makes no concessions or admissions of liability of any sort. Neither the Stipulation nor the settlement, nor any act performed or document executed pursuant to, or in furtherance of, the Stipulation or the settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, or of any wrongdoing or liability of the Morgan Stanley Releasees, or any of them; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Morgan Stanley Releasees, or any of them, in any civil, criminal or administrative proceeding in any court, administrative agency, or other tribunal. The Class Representatives and Class Counsel agree not to argue or present any argument, and hereby waive any argument, that Morgan Stanley could not contest (or is estopped from contesting) class or collective action certification on any grounds if the Court fails to enter the Order of Final Approval; this Stipulation shall not be deemed an admission by, or ground for estoppel against, Morgan Stanley that class or collective action certification in the Litigation is proper or cannot be contested on any grounds.

2.12.6 All of the exhibits to the Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

2.12.7 The Stipulation may be amended or modified only by a written instrument signed by authorized representatives of all Settling Parties or their respective successors-in-interest.

2.12.8 The Stipulation constitutes the entire agreement among the Settling Parties hereto and no representations, warranties, or inducements have been made to any party concerning the Stipulation or its exhibits other than the representations, warranties, and covenants contained and

- 34 -

1    memorialized in such documents. Except as otherwise provided herein, each party shall bear its own

2    costs.

3          2.12.9      Class Counsel, on behalf of the Class, represent that, after consultation with

4    and approval by all of the Class Representatives, they are expressly authorized by the Class

5    Representatives to take all appropriate action required or permitted to be taken by the Class pursuant

6    to the Stipulation to effect its terms, and also are expressly authorized to enter into any modifications

7    or amendments to the Stipulation on behalf of the Class which they deem appropriate. Similarly,

8    Morgan Stanley Counsel represents that it is expressly authorized to take all appropriate action

9    required or permitted to be taken by Morgan Stanley pursuant to the Stipulation to effect its terms, and

10   also are expressly authorized to enter into any modifications or amendments to the Stipulation on

11   behalf of Morgan Stanley which they deem appropriate.

12         2.12.10     Each counsel or other Person executing the Stipulation or any of its exhibits

13   on behalf of any party hereto hereby warrants that such Person has the full authority to do so.

14         2.12.11     The Stipulation may be executed in one or more counterparts. All executed

15   counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of

16   original executed counterparts shall be filed with the Court.

17         2.12.12     Whenever this Stipulation requires or contemplates that one party, the Court

18   or the Claims Administrator shall or may give notice to another, notice shall be provided by facsimile

19   and/or next-day (excluding Sundays and Court holidays) express delivery service as follows:

20               (i) If to Morgan Stanley, then to both:

21   Sam S. Shaulson                          James F. Basile
     Morgan Lewis & Bockius LLP               Kirkland & Ellis LLP
22   101 Park Avenue                          555 California, 27th Floor
     New York, New York  10178                San Francisco, CA 94104
23   Facsimile: 215/309-6001                  Facsimile:  415/439-1500

24               (ii)  If to Class Representatives, then to:

25   Jeffrey G. Smith
     Robert Abrams
26   Wolf Haldenstein Adler Freemen & Herz LLP
     270 Madison Avenue
27   New York, NY 10016
     Facsimile: 212/545-4653.
28

- 35 -

Case No. 06-CV-2628 BEN (NLS)

2.12.13    The Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto; but this Stipulation is not designed to and does not create any third party beneficiaries either express or implied.

2.12.14    The Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Stipulation, and all parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the settlement embodied in the Stipulation. Any action to enforce this Stipulation shall be commenced and maintained only in the Court.

2.12.15    The parties agree and understand that there shall be no injunctive relief included as part of any Court Order as to them.

2.12.16    The Stipulation and the exhibits hereto shall be considered to have been negotiated, executed, and delivered, and to have been wholly performed, in the State of California, and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the substantive laws of the State of California without giving effect to that State's choice of law principles.

2.12.17    The language of all parts of this Stipulation shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against either party. No party shall be deemed the drafter of this Stipulation. The parties acknowledge that the terms of the Stipulation are contractual and are the product of arms-length negotiations between the parties and their counsel. Each party and their counsel cooperated in the drafting and preparation of the Stipulation. In any construction to be made of the Stipulation, the Stipulation shall not be construed against any party and the canon of contract interpretation set forth in California Civil Code §1654 shall not be applied.

2.12.18    Other than necessary disclosures made to a court, the Class Representatives, Morgan Stanley, and their respective counsel agree to keep the fact of settlement, this Stipulation and any attached documents, and their settlement negotiations confidential and will not disclose that information to any third party (including the press) until such time as the Class Representatives and Morgan Stanley move for preliminary approval of this Stipulation or otherwise agree in writing. After preliminary approval, Class Representatives, Class Counsel and their agents may communicate with Class Members; however, the Parties shall issue no statements to the press or any other media

- 36 -

Case No. 06-CV-2628 BEN (NLS)

1    regarding this settlement prior to Final Approval by the Court other than a joint press release on a date

2    to be determined by Morgan Stanley after the parties' motion for preliminary approval of this

3    Stipulation motion is filed.

4        2.13    *Return of All Documents and Other Discovery.*

5        2.13.1    Within thirty days (30) after the Effective Date or the date that the

6    Settlement terminates as set forth in section 2.11 and its subsections, Class Representatives and Class

7    Counsel shall return to Defendants all originals and duplicate copies of materials produced or obtained

8    from Defendant during the Litigation, whether by formal or informal discovery.  This provision

9    includes all documents conveyed by Morgan Stanley to Class Representatives by initial disclosures,

10    formal discovery, or informal discovery including all settlement discussions.  This shall include, but

11    not be limited to, business records, proprietary information, compensation information, or any other

12    documents materials, summaries, or notes dealing with or in any way related to the claims asserted.

13        2.13.2    No discovery materials shall be offered for sale or distributed to any Person

14    or entity by any Class Representative or Class Counsel.  All originals or reproductions of any

15    discovery materials given to any party, expert, consultant, or other Person shall be retrieved by Class

16    Counsel and returned to Defendants, and all parties receiving such documents shall certify within

17    thirty days (30) of the Effective Date, or within thirty days (30) of the date the Settlement terminates

18    as set forth in section 2.11 and its subsections, that they have returned all such documents or

19    information and all copies thereof.

20        2.13.3    This provision and the provisions of paragraphs 2.13.1 and 2.13.2 are not

21    intended to cover work product produced by Class Counsel, but are intended to cover any documents

22    or other materials described herein that are attached to any work product and all such documents or

23    materials attached to work product shall be returned to Morgan Stanley.  All such documents,

24    information or materials incorporated into any work product shall be excised.

25

26

27

28

- 37 -

Case No. 06-CV-2628 BEN (NLS)

1     IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be

2  executed.

3  DATED:  December 27, 2007                    Respectfully submitted,

4

5  _Jeffrey G. Smith /mcu_                       _Mark S. Dichter /mcu_

6  Jeffrey G. Smith                              Mark S. Dichter
   Robert Abrams                                 MORGAN LEWIS & BOCKIUS LLP

7  WOLF HALDENSTEIN ADLER FREEMAN                1701 Market Street
     & HERZ LLP                                  Philadelphia, PA 19103

8  270 Madison Avenue                            Telephone:  215/963-5000
   New York, NY 10016

9  Telephone:  212/545-4600

10 _Max Falkenflik /mcu_                          _Sam S. Shaulson /mcu_

11 Max Folkenflik                                Sam S. Shaulson
   FOLKENFLIK & MCGERITY                         MORGAN LEWIS & BOCKIUS LLP

12 1500 Broadway, 21st Floor                     101 Park Avenue
   New York, NY 10036                            New York, NY  10178

13 Telephone:  212/757-0400                      Telephone:  212/309-6000

14

15 _Edward P. D'Alessio /mcu_                     James F. Basile
                                                 Christopher W. Keegan

16 Edward P. D'Alessio                           KIRKLAND & ELLIS LLP
   WINNE, BANTA, HETHERINGTON,                   555 California Street, 27th Floor

17   BASRALIAN & KAHN                            San Francisco, CA  94104-1501
   Court Plaza South                             Telephone:  415/439-1400

18 21 Main Street
   Hackensack, NJ 07601                          Attorneys for Defendants MORGAN

19 Telephone:  201/562-1022                      STANLEY & CO. INCORPORATED &
                                                 MORGAN STANLEY DW INC.

20

21 _John M. Kelson /mcu_

22 John M. Kelson
   1999 Harrison St., Suite 700

23 Oakland, CA 94612
   Telephone:  510/465-1326

24

25 _Jerry K. Cimmet /mcu_

26 Jerry K. Cimmet
   177 Bovet Road, Suite 600

27 San Mateo, CA 94402
   Telephone:  650/866-4700

28

                            - 38 -

DATED:  December 27, 2007

*James F. Clapp /mcu*

James F. Clapp
J. Kirk Donnelly
Marita Murphy Lauinger
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Drive, Suite 970
San Diego, CA  92122
Telephone:  858/623-4200

*David Strauss /mcu*

David Strauss
STRAUSS & ASHER
1111 South Sixth Avenue, Suite 404
San Diego, CA 92101
Telephone:  619/237-5300

*Richard L. Coffman /mcu*

Richard L. Coffman
THE COFFMAN LAW FIRM
1240 Orleans Street, Suite 200
Beaumont, TX 77701
Telephone:  409/832-4767

*Charles Watkins /mcu*

Charles Watkins
John Wylie
FUTTERMAN HOWARD WATKINS WYLIE &
   ASHLEY, CHTD.
122 S. Michigan Avenue, Suite 1800
Chicago, IL 60603
Telephone:  312/427-6300

*Wyatt B. Durette /mcu*

Wyatt B. Durette, Jr.
DURRETTE BRADSHAW, PLC
Main Street Centre
600 East Main Street, Twentieth Floor
Richmond, VA 23219
Telephone:  804/775-6900

- 39 -

Case No. 06-CV-2628 BEN (NLS)

DATED:  December 27, 2007

*Jack L. Haan  /mca*

Jack L. Haan
James J. Eccleston
SHAHEEN NOVOSELSKY STAAT FILIPOWSKI
  & ECCLESTON PC
20 N. Wacker Drive, Suite 2900
Chicago, IL 60606
Telephone:  312/621-4400

DATED:  December 27, 2007

*James E. Hasser  /mca*

James E. Hasser
DIAMOND HASSER & FROST
1325 Dauphine Street
Mobile, AL 36604
Telephone:  251/432-3362

*Gary Lynch  /mca*

Gary Lynch
CARLSON LYNCH LTD.
36 N. Jefferson St.
P.O. Box 7635
New Castle, PA 16107
Telephone:  724/656-1555

*Bruce H. Nagel  /mca*

Bruce H. Nagel
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068
Telephone:  973/618-0400

Attorneys for Plaintiffs ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF, on behalf of themselves, the general public, and all others similarly situated

MORGAN STANLEY:15422.STIP

- 40 -

Case No. 06-CV-2628 BEN (NLS)