# EXHIBIT D

1  JAMES F. CLAPP (145814)
   DOSTART CLAPP GORDON & COVENEY, LLP
2  4370 La Jolla Village Dr. Ste. 970
   San Diego, California 92122
3  Tel. (858) 623-4200
   Fax. (858) 623-4299
4

5  *Attorneys Continued on Following Page*

6

7

8            **UNITED STATES DISTRICT COURT**

9           **NORTHERN DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| 11  GUITA BAHRAMIPOUR, AUSTIN HEBERGER, JR., and JANELLA 12  HAIRSTON, individually, and on behalf of all others similarly situated, 13 | Case No. C 04-04440 CW Case No. C 07-801 CW |
| 14          Plaintiffs, | **JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE** |
| 15  vs. | Hon. Claudia Wilken |
| 16  CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON 17  SMITH BARNEY, INC., | |
| 18          Defendant. | |
| 19  LARRY A. LaVOICE, DONITA A. WILLIAMS, KENNETH W. GLICK, LEWIS SHAPIRO, and FRANCIS P. 20  HEATH, MARK BRAHNEY, TERRY FOX, KEITH GILLMAN, STEVEN 21  KOLODNER, ANGELO MASSARO, RONALD ROSENZWEIG, ROBERT 22  SCRABIS, and JOSEPH BLOOD, individually, and on behalf of all others 23  similarly situated, | |
| 24          Plaintiffs, | |
|     vs. 25 | |
| 26  CITIGROUP GLOBAL MARKETS INC., formerly known as SALOMON SMITH BARNEY, INC. | |
| 27          Defendant. | |
| 28 | |

1    *Attorneys Continued from Previous Page*

2    JEFFREY G. SMITH
     WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
3    270 Madison Avenue
     New York, New York 10016
4    Tel.  (212) 545-4600
     Fax. (212) 545-4653
5
     JERRY K. CIMMET (33731)
6    177 Bovet Rd Ste 600
     San Mateo, CA 94402-3122
7    Tel.  (650) 866-4700
     Fax. (650) 866-4770
8
     EDWARD P. D'ALESSIO
9    WINNE, BANTA, HETHERINGTON, BARALIAN & KAHN, P.C.
     21 Main Street, P.O. Box 647
10   Hackensack, New Jersey 07602-0647
11   Tel. (201) 487-3800
     Fax.(201) 487-8529
12
     MAX FOLKENFLIK
13   FOLKENFLIK & McGERITY
     1500 Broadway, 21st Floor
14   New York, New York 10036
     Tel.  (212) 757-0400
15
     SHANNON LISS-RIORDAN
16   PYLE, ROME, LICHTEN, EHRENBERG & LISS-RIORDAN, P.C.
     18 Tremont Street, Ste. 500
17   Boston, Massachusetts 02108
     Tel.  (617) 367-7200
18   Fax. (617)367-4820
19   BRUCE M. NAGEL
     NAGEL RICE, LLP
20   103 Eisenhower Parkway
     Roseland, New Jersey 07068
21   Tel.  (973) 618-0400
     Fax. (973) 618-9194
22
     **Attorneys for Plaintiffs**
23

24

25

26

27

28

                                         2

1  CHRIS A. HOLLINGER  (147637)
   CHRISTOPHER T. SCANLAN  (211724)
2  O'MELVENY & MYERS LLP
   Embarcadero Center West
3  275 Battery Street
   San Francisco, CA  94111-3305
4  Tel. (415) 984-8700
   Fax.(415) 984-8701
5
   FRAMROZE M. VIRJEE  (120401)
6  ADAM P. KOHSWEENEY  (229983)
   O'MELVENY & MYERS LLP
7  400 South Hope Street
   Los Angeles, California 90071-2899
8  Tel.  (213) 430-6000
   Fax. (213) 430-6407
9
   **Attorneys for Defendant**
10 **Citigroup Global Markets Inc.**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1    This Joint Stipulation of Class Action Settlement and Release ("Agreement" or

2    "Settlement") is entered into between plaintiffs Austin Heberger, Jr. ("Heberger"), Janella

3    Hairston ("Hairston"), Larry A. LaVoice ("LaVoice"), Donita A. Williams ("Williams"),

4    Kenneth W. Glick ("Glick"), Lewis Shapiro ("Shapiro"), Francis P. Heath ("Heath"),

5    Mark Brahney, ("Brahney"), Terry Fox ("Fox"), Keith Gillman ("Gillman"), Steven

6    Kolodner    ("Kolodner"),    Angelo    Massaro    ("Massaro"),    Ronald    Rosenzweig

7    ("Rosenzweig"), Robert Scrabis ("Scrabis"), and Joseph Blood ("Blood") (collectively,

8    the "Settling Named Plaintiffs"), individually and as class representatives on behalf of the

9    settlement class defined in Section III of this Agreement, on the one hand, and defendant

10    Smith Barney, a division of Citigroup Global Markets Inc., ("CGMI"), on the other hand.

11    The Settling Class (as defined in Section III(A)) and CGMI will be referred to collectively

12    herein as the "Settling Parties."

13                                        **I.**

14                                    **RECITALS**

15    A.    CGMI is a full-service brokerage firm, with offices located throughout the

16    United States and with its principal place of business at 388 Greenwich Street, New York,

17    New York, 10013.

18    B.    Bahramipour, Heberger, and Hairston were employed by CGMI as Financial

19    Consultants and/or Financial Consultant Associates in the State of California and are the

20    named plaintiffs in an action pending in the United States District Court for the Northern

21    District of California entitled <u>Bahramipour et al. v. Citigroup Global Markets Inc.</u>, Case

22    No. C 04-04440 CW (the "Bahramipour Action"). Generally, the Bahramipour Action

23    alleges that individuals who were employed by CGMI as Financial Consultants (currently

24    known as Financial Advisors) or Financial Consultant Associates (currently known as

25    Financial Advisor Associates) in the State of California are owed overtime pay, as well as

26    related damages, penalties, monies for missed rest periods, and interest, because CGMI

27    misclassified those individuals as "exempt" employees, in violation of the Fair Labor

28    Standards Act of 1938, as amended, 29 U.S.C. § 201 <u>et seq.</u> ("FLSA") and California law.

                                        4

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE         C-04-04440 CW

1    In addition, the Bahramipour Action alleges that, under California law, CGMI is required

2    to reimburse its California Financial Consultants (currently known as Financial Advisors)

3    and Financial Consultant Associates (currently known as Financial Advisor Associates)

4    for: certain deductions from wages they incurred in the course of their jobs, including

5    without limitation deductions for losses due to trading errors, advertising and promotional

6    expenses, and wages paid to their support staff; and other allegedly business-related

7    expenses which were incurred by California Financial Consultants and Financial

8    Consultant Associates but not reimbursed by CGMI.

9        C.    LaVoice, Williams, Glick, Shapiro, Heath, Brahney, Fox, Gillman,

10   Kolodner, Massaro, Rosenzweig, Scrabis, and Blood (collectively, the "Non-California

11   Plaintiffs") were employed by CGMI as Financial Consultants and/or Financial

12   Consultant Associates in the United States but outside the State of California. The Non-

13   California Plaintiffs are currently prosecuting the following actions against CGMI

14   (collectively the "Other Pending Actions"), all of which allege claims on behalf of certain

15   groups of Financial Consultants, Financial Advisors, Financial Consultant Associates,

16   and/or Financial Advisor Associates employed by CGMI which are substantially similar

17   to, and in some cases overlap with, the allegations and claims asserted in the Bahramipour

18   Action and each other:

19        1.    LaVoice v. Citigroup Global Markets Inc., U.S. District Court,

20   Southern District of New York, Case No. 06-CV-0756;

21        2.    Williams v. Citigroup Global Markets Inc., U.S. District Court,

22   Eastern District of New York, Case No. CV-06-1937;

23        3.    Glick et al. v. Citigroup Global Markets Inc., New Jersey Superior

24   Court Law Division, Bergen County, Docket No. BER-L-3369-06;

25        4.    Heath v. Citigroup Global Markets Inc., U.S. District Court, Southern

26   District of New York, Case No. 06-CV-3458;

27        5.    Brahney et al. v. Smith Barney, Inc. et al., U.S. District Court,

28   District of New Jersey, Case No. 05-CV-5545; and

5

---

1          6.    Blood v. Citigroup Global Markets Inc., U.S. District Court, District

2    of Massachusetts, Case No. 06-CA-10848.

3          D.    Solely for the purpose of effectuating this Settlement, the Non-California

4    Plaintiffs have jointly filed an action in the United States District Court for the Northern

5    District of California entitled LaVoice et al. v. Citigroup Global Markets, Inc., Case No.

6    07-801 CW (the "Consolidated Action"). Generally, the Consolidated Action alleges that

7    individuals who were employed by CGMI as Financial Advisors and Financial Advisor

8    Associates in the United States but outside the State of California are entitled to overtime

9    pay, as well as related damages, penalties, monies for missed meal and/or rest periods, and

10   interest, because CGMI misclassified those individuals as "exempt" employees, in

11   violation of the FLSA as well as applicable state law.  In addition, the Consolidated

12   Action alleges that, under applicable state law, CGMI is required to reimburse its

13   Financial Advisors and Financial Advisor Associates for: certain deductions from wages

14   they incurred in the course of their jobs, including without limitation deductions for losses

15   due to trading errors, advertising and promotional expenses, and wages paid to their

16   support staff; and other business-related expenses which were incurred by Financial

17   Advisors and Financial Advisor Associates but not reimbursed by CGMI.

18         E.    Contrary to the allegations of the Bahramipour Action, the Consolidated

19   Action, and the Other Pending Actions (collectively referred to as the "Actions"), CGMI

20   believes that all of its Financial Advisors and Financial Advisor Associates are and always

21   have been properly classified as exempt employees, that no unlawful deductions have

22   been made and no reimbursement of any type is owed, and that the Actions are not

23   suitable for class treatment. Conversely, the Settling Named Plaintiffs and their counsel

24   ("Plaintiffs' Counsel") believe the Actions are meritorious and may properly be

25   prosecuted as class actions.  Nevertheless, the Settling Parties have agreed to enter into

26   this Settlement to avoid the risks, costs, and delays associated with further litigation.

27         F.    This Settlement is the product of lengthy and often contentious negotiations

28   over the course of approximately fifteen (15) months.  These negotiations included three

                                              6

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1   formal mediation sessions before two different mediators: The first mediation session was
2   held on October 7, 2005, before Susan W. Haldeman, Esq., a well-respected mediator.
3   That mediation was unsuccessful. The second and third mediation sessions were held on
4   May 8, 2006, and September 8, 2006, respectively, before David A. Rotman, Esq., another
5   well-respected mediator. The second and third mediation sessions resulted in a settlement
6   in principle that formed the basis for the Settlement memorialized in this Agreement. The
7   Settling Parties have also engaged in lengthy and numerous settlement discussions outside
8   of these formal mediation sessions. At all times, the settlement negotiations have been
9   adversarial, non-collusive, and at arm's length.

10       G.      The Settling Parties have conducted discovery and have exchanged detailed
11  information concerning the claims, defenses, and alleged damages at issue. The Settling
12  Named Plaintiffs and Plaintiffs' Counsel are sufficiently familiar with the facts of this
13  case and the applicable federal and state laws to make an informed judgment as to the
14  fairness of the Settlement. The Settling Named Plaintiffs and Plaintiffs' Counsel have
15  concluded that the Settlement is fair, reasonable, and in the best interests of the class
16  members and respectfully request that the Settlement be approved by the Court.

17                                        **II.**

18            **CONDITIONS PRECEDENT TO EFFECTIVENESS OF AGREEMENT**

19       A.      This Agreement will become final and effective only upon the occurrence of
20  all of the following events:

21            1.      The Court enters an order, in a form substantially similar to Exhibit A
22  hereto, approving the terms contained in this Agreement, certifying the Settlement Class
23  as provided in Section III, staying the Other Pending Actions, and referring this matter to
24  a special master to review the allocation of settlement funds pursuant to the provisions of
25  Section VII(C) of this Agreement (the date the Court enters this order shall be referred to
26  as the "Preliminary Approval Date");

27            2.      After the special master has reviewed the allocation and made his or
28  her independent and neutral recommendations with respect to the same, and the Settling

7

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE        C-04-04440 CW

1    Parties have executed any supplemental documentation which is necessary to implement

2    said recommendations (to the extent necessary), the Court enters an order approving the

3    allocation and approving the form of notice to the class (the date the Court enters this

4    order shall be referred to as the "Notice Approval Date");

5           3.    The Court enters an order granting final approval of the Settlement;

6    and

7           4.    The Effective Date occurs.  The "Effective Date" shall be the later of:

8    (i) the day the time to appeal or seek permission to appeal or seek other judicial review of

9    the entry of the final order approving the Settlement has expired, with no appeal or other

10   judicial review having been taken or sought; or (ii) if an appeal or other judicial review

11   has been taken or sought, the date the final order is finally affirmed or the appeal or

12   request for judicial review has been dismissed, with no possibility of subsequent appeal or

13   other judicial review therefrom.

14       B.    The Settling Parties, and their respective counsel, shall cooperate with each

15   other and do all things reasonably necessary to obtain preliminary approval of the

16   Settlement; to obtain final approval of the Settlement; to protect and support the

17   Settlement if an appeal is taken or any other form of judicial review is sought; and to

18   otherwise ensure that the Effective Date occurs.  The Settling Named Plaintiffs and CGMI

19   hereby waive their right to appeal or seek other judicial review of any order that is

20   materially consistent with the terms of this Agreement.  In other words, the effectuation

21   and binding nature of this Settlement is not contingent on the Court awarding a specific

22   amount of attorneys' fees, litigation expenses, or enhanced awards.  Notwithstanding the

23   foregoing, Co-Lead Class Counsel (as defined in Section III(B) below) and the other

24   Plaintiffs' Counsel shall have the right to appeal any award of attorney's fees, litigation

25   expenses, or enhanced awards to the Settling Named Plaintiffs that is less than the

26   amounts provided in Sections V and VI below, but any such appeal, if taken, or the

27   outcome thereof, will not otherwise affect the binding nature of this Settlement, including

28   but not limited to the release set out in Section X.

8

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE        C-04-04440 CW

## III.

## CLASS CERTIFICATION

A.    Solely for the purpose of effectuating this Settlement, and subject to Court approval, the Settling Parties hereby stipulate to class certification of a settlement class ("Settlement Class") comprised of all individuals who were classified as overtime-exempt while employed by CGMI anywhere in the United States (including all states, territories, and the District of Columbia) in the position(s) of Financial Consultant, Financial Advisor, Financial Consultant Associate, or Financial Advisor Associate (collectively, the "Covered Positions"), at any time during the following time periods (collectively referred to as the "Applicable Recovery Periods"):

1.    For those individuals who were employed by CGMI in a Covered Position in the State of California, the Applicable Recovery Period is from September 16, 2000, through January 1, 2007.

2.    For those individuals who were employed by CGMI in a Covered Position in the State of New York, the Applicable Recovery Period is from January 31, 2000, through January 1, 2007.

3.    For those individuals who were employed by CGMI in a Covered Position in the State of New Jersey, the Applicable Recovery Period is from May 4, 2000, through January 1, 2007.

4.    For those individuals who were employed by CGMI in a Covered Position in the State of Massachusetts, the Applicable Recovery Period is from May 15, 2000, through January 1, 2007.

5.    For those individuals who were employed by CGMI in a Covered Position in the State of Wyoming, the Applicable Recovery Period is from the date that is eight years prior to the filing of the Consolidated Action through January 1, 2007.

6.    For those individuals who were employed by CGMI in a Covered Position in the State of Hawaii, the State of Maine, the State of Ohio, or the State of Oregon, the Applicable Recovery Period is from the date that is six years prior to the

9

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1  filing of the Consolidated Action through January 1, 2007.

2        7.    For those individuals who were employed by CGMI in a Covered

3  Position in the State of Kentucky, the State of Illinois, or the State of Montana, the

4  Applicable Recovery Period is from the date that is five years prior to the filing of the

5  Consolidated Action through January 1, 2007.

6        8.    For those individuals who were employed by CGMI in a Covered

7  Position in the State of Nebraska, the State of Texas, or the State of Utah, the Applicable

8  Recovery Period is from the date that is four years prior to the filing of the Consolidated

9  Action through January 1, 2007.

10        9.    For those individuals who were employed by CGMI in a Covered

11  Position in any other state or territory in the United States (including the District of

12  Columbia) not listed in (1) through (8) above, the Applicable Recovery Period is from the

13  date that is three years prior to the filing of the Consolidated Action through January 1,

14  2007.

15      B.    Solely for the purpose of effectuating this Settlement, and subject to Court

16  approval, the Settling Parties stipulate that the law firms of Dostart Clapp Gordon &

17  Coveney, LLP and Wolf Haldenstein Adler Freeman & Herz LLP shall be appointed as

18  Co-Lead Class Counsel for the Bahramipour Action, the Consolidated Action, and the

19  Settlement Class. Co-Lead Class Counsel shall be responsible for delegating work among

20  Plaintiffs' Counsel to carry out the Settlement, receiving and distributing to Plaintiffs'

21  Counsel any orders or other communications from the Court, responding to inquiries from

22  the Court about the Settlement, and jointly conveying to CGMI and the Claims

23  Administrator Plaintiffs' Counsel's instructions concerning the distribution of any

24  attorney's fees, litigation expenses, or enhancements that may be awarded by the Court.

25      C.    Solely for the purpose of effectuating this Settlement, and subject to Court

26  approval, Heberger, Hairston, LaVoice, Williams, Glick, Shapiro, Heath, Brahney, Fox,

27  Gillman, Kolodner, Massaro, Rosenzweig, Scrabis, and Blood shall be appointed as class

28  representatives of the Settlement Class.

10

1      D.    Subject to Court approval, the Settling Parties agree that Rust Consulting

2 will be appointed as Claims Administrator. The Claims Administrator will be responsible

3 for mailing the class notices; receiving and logging the claim forms and requests for

4 exclusion; researching and updating addresses through skip-traces and similar means;

5 answering questions from the Settlement Class members; reporting on the status of the

6 Settlement to the Settling Parties; preparing a declaration regarding its due diligence in the

7 claims administration process; providing the Settling Parties with data regarding the filing

8 of Claim Forms and Requests for Exclusion; distributing settlement checks; and doing

9 such other things as the Settling Parties may direct.

10 **IV.**

11 **SETTLEMENT PAYMENTS**

12      A.    Not later than five (5) court days following the Preliminary Approval Date,

13 CGMI shall deposit the total sum of ninety-eight million dollars and no cents

14 ($98,000,000.00) into a separate account ("Segregated Funds Account") bearing interest

15 at a rate equal to 3-month LIBOR plus one percent (1%), compounded daily. The

16 $98,000,000.00 sum, plus all interest accruing thereon, shall be referred to as the "Gross

17 Settlement Value." The Segregated Funds Account shall be maintained at an institution

18 owned or controlled by, or affiliated with, Citigroup Inc.

19      B.    The Gross Settlement Value shall be used to pay:

20          1.    The timely and valid claims of the members of the Settlement Class,

21 as provided herein;

22          2.    The costs and fees of the Claims Administrator;

23          3.    The costs and fees of the special master, as provided in Section

24 VII(C);

25          4.    Plaintiffs' Counsel's attorney's fees, costs, and litigation expenses, as

26 provided in Section V and as approved by the Court; and

27          5.    The enhanced awards to the Settling Named Plaintiffs for their

28 services as class representatives, as provided in Section VI and as approved by the Court.

11

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE       C-04-04440 CW

1     C.   CGMI understands and agrees that it shall be responsible to pay the

2 employer's share of any applicable payroll taxes separate and apart from, and in addition

3 to, the Gross Settlement Value. For the purposes of calculating applicable payroll taxes,

4 fifty percent (50%) of each settlement payment shall be classified as wages, and fifty

5 percent (50%) of each settlement payment shall be classified as interest and penalties.

6 V.

7 **ATTORNEY'S FEES AND LITIGATION EXPENSES**

8     Co-Lead Class Counsel and the other Plaintiffs' Counsel will file a joint motion for

9 an award of attorney's fees, and the total amount of the requested award shall not exceed

10 twenty-five percent (25%) of the Gross Settlement Value ("Proposed Attorney's Fees"),

11 plus up to one hundred thousand dollars and no cents ($100,000.00) in litigation expenses

12 ("Proposed Litigation Expenses") that have been or will be incurred in the Actions. The

13 amounts set forth above will cover all work performed and all expenses incurred in the

14 Actions through the Effective Date. CGMI agrees that it will not oppose this motion.

15 Unless otherwise ordered by the Court, not later than ten (10) court days following the

16 Effective Date, CGMI shall pay to Co-Lead Class Counsel from the Gross Settlement

17 Value the attorney's fees and litigation expenses awarded by the Court. Payments shall be

18 made by check, by wire transfer, or by some combination thereof, at the joint direction of

19 Co-Lead Class Counsel. CGMI will issue to Co-Lead Class Counsel an IRS Form 1099

20 for any attorney's fees and litigation expenses paid under this Section.

21 VI.

22 **ENHANCED AWARDS TO THE SETTLING NAMED PLAINTIFFS**

23     Co-Lead Class Counsel and the other Plaintiffs' Counsel will file a joint motion

24 requesting an enhanced award of up to twenty-five thousand dollars and no cents

25 ($25,000.00) to each of the Settling Named Plaintiffs ("Proposed Enhanced Awards") to

26 compensate the Settling Named Plaintiffs for the time they spent, and the risk they

27 undertook, in prosecuting the Actions. CGMI agrees that it will not oppose this motion.

28 Unless otherwise ordered by the Court, not later than ten (10) court days following the

12

1    Effective Date, CGMI shall pay to the Settling Named Plaintiffs from the Gross

2    Settlement Value the enhanced awards approved by the Court. CGMI will issue each

3    Settling Named Plaintiff an IRS Form 1099 for any award paid under this Section.

### VII.

### ALLOCATION OF THE SETTLEMENT

6    A.    The "Net Settlement Value" means the Gross Settlement Value less the

7    Proposed Attorney's Fees, Proposed Litigation Expenses, the Proposed Enhanced Awards,

8    the fees and costs of the special master, and the fees and costs of the Claims

9    Administrator.

10    B.    Subject to the provisions of Section VII(C) of this Agreement, the Net

11    Settlement Value shall be allocated as follows:

12    1.    Forty-eight point ninety-eight hundredths percent (48.98%) (the

13    "Initial California Net Settlement Value") to those individuals who were employed by

14    CGMI in a Covered Position in California during the Applicable Recovery Period, to be

15    distributed pursuant to the terms set forth in Section IX; and

16    2.    Fifty-one point two hundredths percent (51.02%) (the "Initial Non-

17    California Net Settlement Value") to those individuals who were employed by CGMI in a

18    Covered Position anywhere in the United States (excluding California) during the

19    Applicable Recovery Period, to be distributed pursuant to the terms set forth in

20    Section IX.

21    C.    The parties shall jointly select a retired federal judge to serve, subject to the

22    Court's approval, as special master for the purposes of: reviewing the percentage

23    allocation of the Net Settlement Value between the Initial California Net Settlement Value

24    and Initial Non-California Net Settlement Value; and determining a formula for

25    distribution of the Final Non-California Net Settlement Value (as that term is defined in

26    Section VII(C)(3).

27    1.    Co-Lead    Class    Counsel    may    submit    their    non-binding

28    recommendations regarding the appropriate allocation formulae to the special master, and

13

1  CGMI agrees that it will not comment on any such recommendation, and instead it will
2  defer to the independent and neutral recommendation of the special master.

3       2.    In making his or her independent and neutral recommendation, the
4  special master, in addition to whatever other factors he or she deems appropriate, shall
5  consider: any non-binding recommendations made by Co-Lead Class Counsel; and
6  whether and by how much the funds made available to members of the Settlement Class
7  in the various states and territories should vary based on differences in applicable wage-
8  and-hour law among said states or territories.

9       3.    Once the special master has made his or her independent and neutral
10  recommendations, and the final allocations are approved by the Court as provided in
11  Section II(A)(2) above, the Initial California Net Settlement Value (as modified, if
12  applicable) will be called the Final California Net Settlement Value and the Initial Non-
13  California Net Settlement Value (as modified, if applicable) will be called the Final Non-
14  California Net Settlement Value.

15       4.    If approved by the Court, the special master's allocation formula
16  shall be set forth in the Notice of Class Action Settlement (Exhibit B).  Pursuant to
17  Section IV(B)(2), the fees and costs of the special master shall be paid from the Gross
18  Settlement Value.

19       5.    The special master shall be obligated to conduct an independent
20  review of the matters referenced in Section VII(C).  However, in no event shall the special
21  master's independent and neutral recommendations: cause the Gross Settlement Value or
22  Net Settlement Value to increase; cause the Final California Net Settlement Value to
23  exceed forty-eight point ninety-eight hundredths percent (48.98%) of the Net Settlement
24  Value; or alter in any manner the provisions of Section IX(C)(3) of this Agreement.

25  **VIII.**

26  **CLAIMS PROCEDURE**

27      A.    Not later than ten (10) calendar days following the Preliminary Approval
28  Date, the Claims Administrator, at CGMI's direction, shall notify the Attorney General

14

1   and Department of Labor (or functional equivalent, regardless of title) in each of the fifty

2   (50) states of the existence of this Settlement; the Claims Administrator shall also issue a

3   supplemental notice not later than ten (10) calendar days following the Notice Approval

4   Date. A list of the names and addresses of these agencies and entities is attached hereto as

5   Exhibit E. The Claims Administrator shall document all efforts under this Section

6   VIII(A), and shall provide the Court, Co-Lead Class Counsel, and CGMI's counsel with a

7   declaration certifying its compliance no later than five (5) business days after each such

8   mailing is complete. Wherever necessary or appropriate, Co-Lead Class Counsel and

9   CGMI will assist the Claims Administrator by providing information which is necessary

10  for the preparation of the notice required by this Section VIII(A). Said notice shall

11  include:

12          1.      All current and former complaints in the Bahramipour Action and

13  Consolidated Action, as well as all orders of this Court which were issued in connection

14  with said actions;

15          2.      A schedule of upcoming judicial hearings in said actions;

16          3.      The Notice of Class Action Settlement;

17          4.      A true and correct copy of this Agreement; and

18          5.      An estimate of the number of members of the Settlement Class who

19  reside in the jurisdiction of the entity or agency receiving the notice, and the estimated

20  proportionate share of the entire settlement being offered to those individuals.

21          Notwithstanding the foregoing, CGMI understands and agrees that, as the

22  settling defendant, CGMI is ultimately responsible for notifying the appropriate federal

23  and state officials pursuant to 28 U.S.C. § 1715.

24          B.      Not later than ten (10) court days following the Notice Approval Date,

25  CGMI will provide to Co-Lead Class Counsel and the Claims Administrator an electronic

26  database containing the following information for each Settlement Class member: (1) the

27  person's full name, (2) last-known address contained in CGMI's records, (3) last-known

28  telephone number contained in CGMI's records, (4) social security number, and (5) for

15

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1  each state or territory in the United States in which he or she was employed by CGMI in

2  Covered Position, the dates of his or her employment in that state or territory in a Covered

3  Position during the Applicable Recovery Period. The database will be true and accurate to

4  the best of CGMI's knowledge. CGMI agrees to consult with the Claims Administrator

5  prior to the production date to ensure that the format of the database is acceptable to the

6  Claims Administrator, and shall cooperate and provide any information that the Claims

7  Administrator reasonably may need to carry out its duties under this Agreement.

8      C.    Not later than ten (10) court days following the date on which it receives the

9  electronic database referenced in the preceding Section VIII(B), the Claims Administrator

10  will:

11      1.    Mail to each member of the Settlement Class the Court-approved

12  Notice of Class Action Settlement (Exhibit B), Claim Form (Exhibit C), Request for

13  Exclusion (Exhibit D), and a postage pre-paid return envelope (collectively the

14  "Settlement Documents") to that person's last-known address, as reflected in CGMI's

15  electronic database. Prior to the mailing, the Claims Administrator will run the addresses

16  through the U.S. Postal Service's National Change of Address ("NCOA") database. In the

17  event of an inconsistency between CGMI's database and the NCOA database, the Claims

18  Administrator will mail the Settlement Documents to both addresses; and

19      2.    Publish, in the Wall Street Journal – or similar national publication as

20  may be ordered by the Court – a copy of the Notice of Class Action Settlement.

21      D.    If any Settlement Documents are returned to the Claims Administrator as

22  undeliverable, the Claims Administrator will immediately perform a skip-trace and/or

23  other customary address search in an attempt to locate a valid address, and if a new

24  address is obtained, re-mail the Settlement Documents to that address.  The Claims

25  Administrator shall take such further steps as are reasonable and expedient in the Claims

26  Administrator's judgment to provide notice to all members of the Settlement Class, and to

27  follow up as appropriate.

28

16

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1    E.    In order to receive a share of the Net Settlement Value, members of the

2    Settlement Class must complete a Claim Form and return that form by mail to the Claims

3    Administrator not later than sixty (60) days following the date of mailing of the Notice of

4    Class Action Settlement, unless that deadline is extended as provided in this Section. The

5    date of return of a Claim Form shall be the date the Claim Form is deposited in the U.S.

6    Mail, postage pre-paid, as evidenced by the postmark. The Claims Administrator shall

7    review the Claim Form for timeliness and completeness. In the event a Claim Form is

8    timely but is not complete or is otherwise deficient, the Claims Administrator shall

9    immediately notify the Settlement Class member about the deficiency, and the Class

10   member shall have until seventy-five (75) days following the date of mailing of the Notice

11   of Class Action Settlement to cure the deficiency. Unless otherwise ordered by the Court,

12   any Settlement Class member who fails to submit a timely and complete Claim Form

13   pursuant to this Section shall not receive a share of the Net Settlement Value. Any dispute

14   about the timeliness or completeness of any Claim Form that cannot be resolved by

15   agreement of the Settling Parties shall be submitted to the Court for resolution via a

16   noticed motion.

17   F.    Each Claim Form will be pre-printed with the number of Compensable

18   Work Months each Settlement Class member was employed in each state or territory in

19   the United States during the Applicable Recovery Period(s). For purposes of this

20   Agreement, a "Compensable Work Month" means a calendar month in which the

21   Settlement Class member was employed in a Covered Position in a particular state or

22   territory in the United States for at least fifteen (15) days during the Applicable Recovery

23   Period. For example, if a Settlement Class member was employed as a Financial Advisor

24   for CGMI from January 23, 2006, until June 30, 2006, that person's Compensable Work

25   Months for such employment would be five (5); however, if a Settlement Class member

26   was employed as a Financial Advisor for CGMI from January 9, 2006, until June 30,

27   2006, that person's Compensable Work Months for such employment would be six (6).

28

17

1    G.    If a Settlement Class member disagrees with the number(s) of Compensable

2    Work Months pre-printed on his or her Claim Form, that individual must write what the

3    Settlement Class member believes to be the appropriate number(s) of Compensable Work

4    Months on the Claim Form and provide evidence (which may include, but is not

5    necessarily limited to, pay stubs or other payroll documents) to support his or her claim.

6    The Compensable Work Months listed on the Claim Form are presumed to be accurate

7    unless the Settlement Class member proves otherwise. In the event of any dispute over an

8    individual's Compensable Work Months, the Settling Parties shall meet and confer in

9    good faith in an attempt to resolve the dispute, and if the dispute cannot be resolved, it

10   shall be submitted to the Claims Administrator for a binding, non-appealable final

11   determination.

12   H.    Any Settlement Class member who wishes to be excluded from the

13   Settlement must complete the Request for Exclusion and return that form by mail to the

14   Claims Administrator not later than sixty (60) days following the date of mailing of the

15   Notice of Class Action Settlement. The date of return of a Request for Exclusion is

16   deemed to be the date the form is deposited in the U.S. Mail, postage pre-paid, as

17   evidenced by the postmark. Any Settlement Class member who submits a timely and

18   valid Request for Exclusion shall receive no share of the Net Settlement Value, but also

19   shall not be bound by the release of substantive rights set forth in Section X. If a

20   Settlement Class member submits both a timely Claim Form and a timely Request for

21   Exclusion, the Claims Administrator will attempt to contact that individual to ascertain his

22   or her intent, and if those efforts are unsuccessful, whichever document was mailed later

23   will govern, and if both documents were mailed simultaneously, or the sequence of

24   mailings cannot be determined, then the Claim Form shall govern.

25   I.    Any Settlement Class member who wishes to object to the Settlement must

26   file a written objection with the Court, with copies to the Claims Administrator, Co-Lead

27   Class Counsel, and CGMI's Counsel, not later than sixty (60) days following the date of

28   mailing of the Notice of Class Action Settlement. The objection must set forth, in clear

18

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE        C-04-04440 CW

1   and concise terms, the legal and factual arguments supporting the objection.  Unless

2   otherwise ordered by the Court, Settlement Class members shall not be entitled to speak at

3   the final approval hearing unless they have submitted a timely written objection pursuant

4   to this Section.

5       J.    Not later than 20 days before the claim filing deadline, the Claims

6   Administrator shall mail out a reminder postcard to all members of the Settlement Class

7   who have not yet returned Claim Forms or Requests for Exclusion.

8       K.    CGMI will neither discourage members of Settlement Class from filing

9   Claim Forms nor encourage those individuals to file Requests for Exclusion. CGMI will

10   not retaliate against, discriminate against, or harass any Settling Named Plaintiff or any

11   member of the Settlement Class for participating in the Settlement or assisting in any of

12   the Actions.  CGMI may, however, take reasonable good-faith steps to publicize this

13   Settlement among Settlement Class members.

14       L.    CGMI, in its sole and independent discretion, shall have the right, but not

15   the obligation, to withdraw from this Agreement if five percent (5%) or more of the

16   Settlement Class members file timely and valid Requests for Exclusion.  CGMI must

17   provide notice of its intent to exercise this right, if at all, no later than five (5) court days

18   prior to the final approval hearing.  In the event that CGMI exercises its withdrawal rights

19   under this Section, CGMI shall be liable for all of the fees and costs of the Claims

20   Administrator incurred through the date of CGMI's withdrawal.

21   IX.

22   **PAYMENTS TO SETTLEMENT CLASS MEMBERS**

23       A.    Settlement Class members who return timely and valid Claim Forms as

24   provided in Section VIII above shall be referred to as "Participating Class Members."

25       B.    The Claims Administrator, in consultation with the Settling Parties, will

26   calculate a "California Monthly Payment" by dividing the Final California Net Settlement

27   Value by the total number of Compensable Work Months the members of the Settlement

28   Class were employed by CGMI in a Covered Position in California during the Applicable

19

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE    C-04-04440 CW

1    Recovery Period ("California Work Months"), without regard to whether those Settlement

2    Class members have returned Claim Forms.

3         C.    After the deadline for filing claims has passed, the Claims Administrator, in

4    consultation with the Settling Parties, will make the Final Non-California Net Settlement

5    Value available for distribution as follows:

6              1.    The sum of two hundred thousand dollars and no cents ($200,000.00)

7    (the "Set Aside") shall be deducted from the Final Non-California Net Settlement Value

8    to satisfy any late or disputed claims that cannot be resolved by the date of the final

9    approval hearing.

10             2.    The remainder of the Final Non-California Net Settlement Value

11   shall be distributed to the Participating Class Members according to the formula or

12   formulae recommended by the special master pursuant to Section VII(C) and as approved

13   by the Court.

14             3.    The Settling Parties intend that – regardless of the applicable formula

15   or formulae recommended by the special master and approved by the Court or the number

16   of Claim Forms which are filed – a certain minimum amount of the Net Settlement Value

17   will be distributed to Participating Class Members with respect to Compensable Work

18   Months stemming from a jurisdiction other than the State of California (the "Guaranteed

19   Amount").  The Guaranteed Amount shall be equal to fifty-one point two hundredths

20   percent (51.02%) of the Net Settlement Value, less the Set Aside, and may not be

21   increased or decreased by the special master or the Court.

22        D.    Each Participating Class Member shall receive a share of the Net Settlement

23   Value equal to the following (less the employee's share of applicable federal, state, and

24   local taxes and withholding):

25             1.    That individual's California Work Months (if any), multiplied by the

26   California Monthly Payment; plus

27

28

20

1           2.    A portion of the Final Non-California Net Settlement Value as

2    determined by the formula or formulae established by the special master pursuant to

3    Section VII(C) and as approved by the Court.

4           E.    Any portion of the Set Aside left over after payment of late or disputed

5    claims shall be donated to the United Way, or to another charity mutually agreed upon by

6    the Settling Parties.

7           F.    Not later than ten (10) court days in advance of the final approval hearing,

8    the Claims Administrator shall fax a report (the "Payment Report") to Co-Lead Class

9    Counsel and counsel for CGMI listing the following information for each Participating

10    Class Member: (1) the individual's full name; (2) last-known address, updated as

11    necessary through the claims process; (3) the gross settlement payment to that individual,

12    before deduction of the employee's share of taxes and withholding ("Gross Settlement

13    Payment"); and (4) the net settlement payment to that individual, after deduction of the

14    employee's share of taxes and withholding ("Net Settlement Payment"). In addition, not

15    later than ten (10) court days in advance of the final approval hearing, the Claims

16    Administrator shall fax a report (the "Exclusion Report") listing the full name of each

17    member of the Settlement Class who submitted timely and valid Requests for Exclusion.

18    The Exclusion Report shall be attached as an exhibit to the proposed order granting final

19    approval.

20           G.    Not later than thirty (30) court days following the Effective Date, for each

21    Participating Class Member, CGMI shall deliver to the Claims Administrator a settlement

22    check in the amount of that individual's Net Settlement Payment, along with a wage

23    statement showing the taxes and withholdings taken from that individual's Gross

24    Settlement Payment. Not later than fifteen (15) court days following its receipt of said

25    settlement checks and wage statements, the Claims Administrator shall mail the same to

26    the Participating Class Members at their last-known addresses as reflected in the Payment

27    Report. In the event that any settlement check is returned to the Claims Administrator as

28    undeliverable, the Claims Administrator will attempt to contact the Participating Class

21

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1    Member by telephone, or if necessary, perform a skip-trace or other customary means to

2    locate a new address.    If a new address is located, the Claims Administrator will

3    immediately re-mail the settlement check and wage statement.    If the Claims

4    Administrator cannot reach the Participating Class Member by telephone and cannot

5    locate a new address, the Claims Administrator will immediately notify Co-Lead Class

6    Counsel and will hold the settlement check and wage statement until it is claimed.

7        H.    Any settlement check that is not cashed within one hundred and twenty

8    (120) days of its mailing by the Claims Administrator will be void.    Notwithstanding the

9    preceding sentence, if a Participating Class Member demonstrates to the reasonable

10   satisfaction of the Claims Administrator that he or she had good cause for failing to cash

11   the check within this one hundred and twenty (120) day period, then CGMI will promptly

12   reissue the check.

13       I.    GGMI will be responsible for timely remitting all employee withholdings,

14   as well as the employer's share of all applicable federal, state, and local taxes, to the

15   appropriate governmental agencies.

16       J.    Except as provided in Section IX(E) above, and provided that CGMI has

17   satisfied its payment obligations under Sections V, VI, and IX, on the 150th day following

18   the Effective Date, CGMI shall be entitled to close the Segregated Funds Account and any

19   amounts remaining therein shall remain CGMI's property.

20                            **X.**

21                **RELEASES OF CLAIMS**

22       A.    The Settlement Class, including without limitation the Settling Named

23   Plaintiffs, hereby releases, discharges, and covenants not to sue CGMI – including its

24   predecessors, parents, subsidiaries, affiliates, and related companies, and all of its and

25   their respective past and present employees, directors, officers, attorneys, representatives,

26   insurers, agents, successors, and assigns (individually and collectively "the CGMI

27   Releasees") – from and with respect to any and all wage and hour actions, causes of

28   action, suits, liabilities, claims, and demands whatsoever, and each of them, whether

22

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE    C-04-04440 CW

1    known or unknown, from the commencement of the Applicable Recovery Period through

2    and including January 1, 2007 (the "Applicable Release Period"), which the Settlement

3    Class, or individual members thereof, has, had, or hereafter may claim to have, against the

4    CGMI Releasees, or any of them, which are based on: (1) the claims alleged in the

5    Actions; (2) any claim for unpaid overtime or missed meal or rest periods based on the

6    Settlement Class members' alleged misclassification as exempt employees while

7    employed in a Covered Position in the United States; (3) any claim for improper

8    deductions from or chargebacks to commissions, wages, or any other payments to the

9    Settlement Class members while employed in a Covered Position in the United States

10   (excluding claims arising from or related to deductions for employee benefits, including

11   without limitation health insurance deductions, 401(K) deductions, deferred compensation

12   deductions, and stock purchase deductions, as well as claims arising from or related to

13   participation in any Capital Accumulation Plan); (4) any claim for failure to reimburse

14   business expenses that were incurred by Settlement Class members while employed in a

15   Covered Position in the United States; and (5) any penalty or additional damages which

16   arise from the claims described in (1) through (4) above under federal or applicable state,

17   local, or territorial law (collectively, the "Released Claims").

18          B.      The release of claims set forth in Section X(A) is intended as a complete

19   release of the Released Claims.   In furtherance of this intention, members of the

20   Settlement Class expressly waive any rights or protections under any statute, legal

21   doctrine, or other authority that restricts the release of unknown claims, including but not

22   limited to Section 1542 of the California Civil Code (and any other similar state statute).

23   Section 1542 states:

24              "A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH
                THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS
25              OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE,
                WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY
26              AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR."

27          C.      Notwithstanding any other provision of this Agreement, including without

28   limitation Section X(A), "Released Claims" shall not include claims under the Fair Labor

23

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1  Standards Act of 1938, 29 U.S.C. § 201 et seq. arising from a Settlement Class member's

2  employment in a Covered Position outside the State of California unless that Settlement

3  Class member has affirmatively opted-in to the Consolidated Action by submitting a

4  timely and valid Claim Form, as provided in Section VIII; provided, however, that, as

5  described in Section XII.B, CGMI shall have the right to request that members of the

6  Settlement Class who worked for CGMI in a Covered Position outside of the State of

7  California who neither submit a timely Claim Form nor a timely Request for Exclusion

8  will forfeit, release, and waive all rights to bring or participate in a collective or class

9  action under the Fair Labor Standards Act against the CGMI Releasees for the time period

10  covered by the Actions (i.e., from three years prior to the filing of the first Action

11  covering a given state through to and including January 1, 2007), though said individuals

12  will have the right to pursue an individual action under the FLSA. In addition,

13  notwithstanding any other provision of this Agreement, "Released Claims" does not

14  include any claim for retaliation, discrimination, or harassment that any Settling Named

15  Plaintiff or any Settlement Class member may have arising from the Settlement, the

16  exercise of any rights under the Settlement, or participation in any of the Actions.

17       D.     Notwithstanding any other provision of this Agreement, including without

18  limitation Section X(A), "Released Claims" does not include the claims alleged as of the

19  Preliminary Approval Date in the action entitled Nitzberg v. Citigroup, d/b/a/ Citicorp

20  Investment Services, Inc., d/b/a Citigold, New York Supreme Court, County of New

21  York, Index No. 60442305, and neither CGMI nor any related entity or person will

22  attempt to assert this Agreement as a bar or defense to any claim alleged in that lawsuit.

23       E.     The Settling Parties acknowledge that, during the Applicable Release

24  Period, certain Settlement Class members may have entered into agreements to repay

25  losses due to trading errors and/or omissions ("Repayment Agreements"), and that

26  amounts that have been paid or will be paid under those Repayment Agreements are one

27  of the issues in dispute in the Actions. Accordingly, except for those Settlement Class

28  members who file timely and valid Requests for Exclusion, CGMI hereby releases and

24

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1   discharges those Settlement Class members, and each of their heirs, representatives,

2   successors, and assigns, from any and all claims, suits, debts, or demands based upon or

3   arising from such Repayment Agreements, and CGMI will cease collecting in connection

4   with such Repayment Agreements effective thirty (30) calendar days after it receives from

5   the Claims Administrator, pursuant to Section III(D), a final list of individuals who have

6   filed Requests for Exclusion; provided, however, that this Section X(E) is not intended to

7   have, and will not have, any effect on agreements to repay monies in connection with

8   commission overpayments or to contribute to customer settlements and/or arbitration

9   awards. Furthermore, the Settling Parties agree that this Section X(E) shall be without

10   force or effect in the event the Settlement fails, pursuant to Section XI below.

11

### XI.

12

### FAILURE OF SETTLEMENT

13       A.     If the Settling Parties comply with their obligations in Section II(B) above

14   but (1) the Court nevertheless enters a final order disapproving the Settlement, or (2) the

15   appellate court overturns the Settlement in a final decision that is not subject to further

16   appeal or judicial review, or (3) CGMI exercises its right to withdraw from the Settlement

17   pursuant to Section VIII(L) above, then the following shall occur:

18            1.     The Consolidated Action will be dismissed without prejudice;

19            2.     Following the dismissal of the Consolidated Action, the Settling

20   Parties will jointly move to lift the stay of the Other Pending Actions;

21            3.     This Agreement shall be rescinded and shall be without legal effect

22   or import of any kind, including, without limitation, having no effect on, or relevance to,

23   any future attempt by the Settlement Class to certify one or more classes for litigation

24   purposes, or any future attempt by any Settling Party to move to coordinate, consolidate,

25   or transfer the Bahramipour Action and/or the Other Pending Actions, individually or

26   collectively;

27            4.     All funds in the Segregated Funds Account shall remain the property

28   of CGMI;

25

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE    C-04-04440 CW

1         5.    CGMI and the Settling Named Plaintiffs will litigate the

2    Bahramipour Action and the Other Pending Actions as if this Agreement had never

3    occurred, without prejudice to any claims or defenses they may have, and nothing in this

4    Agreement shall be construed as a determination, admission, or concession of any issue in

5    the Bahramipour Action or the Other Pending Actions, and nothing in this Agreement

6    may be offered into evidence in any trial on the merits of the claims asserted in the

7    complaints filed in the Bahramipour Action or the Other Pending Actions or in any

8    subsequent pleading; and

9         6.    CGMI on the one hand, and the Settling Named Plaintiffs on the

10   other, shall each be responsible for one-half of the fees and costs of the Claims

11   Administrator and the special master referenced in Section VII(C) incurred through that

12   date. Notwithstanding the preceding sentence, if CGMI withdraws from this Agreement

13   pursuant to Section VIII(L) above, then CGMI shall be responsible for the entire costs and

14   fees of the Claims Administrator incurred through that date.

15   **XII.**

16   **MISCELLANEOUS TERMS AND CONDITIONS**

17       A.   <u>Final Approval Order.</u>  The Final Approval Order shall contain findings and

18   rulings to the effect that:

19        1.    Members of the Settlement Class who submit a Claim Form to the

20   Claims Administrator thereby indicate their desire to opt-in to a class settlement of FLSA

21   claims. Accordingly, the submission of a Claim Form shall constitute binding and

22   irrefutable evidence that the Settlement Class member in question desired and intended to,

23   and did, opt in to an FLSA settlement and release all claims under the Fair Labor

24   Standards Act of 1938, as amended;

25        2.    Members of the Settlement Class employed in the State of California

26   chose to bring FLSA claims through the procedural mechanism of Section 17200 et seq.

27   of the California Business & Professions Code ("Section 17200), thereby benefiting from

28   certain advantages of that statute, including but not limited to an extended statute of

26

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE      C-04-04440 CW

1   limitations and an "opt-out" class mechanism. The Court in the Bahramipour Action has

2   already recognized that an FLSA claim may be brought under the mechanism of Section

3   17200. The Final Approval Order shall recognize that, as a necessary result of this prior

4   ruling, FLSA claims may also be settled through Section 17200's procedural mechanism

5   and, accordingly, the release set out in Section X(A) shall effect the release of all FLSA

6   claims with respect to members of the Settling Class for time periods in which they

7   worked in the State of California in a Covered Position during the Applicable Recovery

8   Period, regardless of whether or not a valid and timely Claim Form is submitted, except to

9   the extent that members of the Settlement Class submit timely and valid Requests for

10  Exclusion; and

11          3.      The Actions are dismissed with prejudice.

12      B.      Additional Request By CGMI. CGMI shall be entitled to request that the

13  Court also find, and specify in the Final Approval Order, that the Bahramipour Action and

14  the Consolidated Action are the only opportunity for putative members of the Settlement

15  Class to bring or participate in a FLSA claim against the CGMI Releasees on a class or

16  collective basis for the time period covered by the Actions (i.e., from three years prior to

17  the filing of the first Action covering a given state through to and including January 1,

18  2007), and that therefore those members of the Settlement Class who worked for CGMI

19  outside of the State of California in a Covered Position, and who fail to either submit a

20  timely Claim Form or a timely Request for Exclusion, will have forfeited, released, and

21  waived all rights to bring or participate in a collective or class action under the FLSA

22  against the CGMI Releasees for the time period covered by the Actions, although any

23  such members of the Settlement Class will retain the right to bring an individual action

24  alleging violations of said statute. The Settling Named Plaintiffs, Co-Lead Class Counsel,

25  and all other Plaintiffs' Counsel each agree that they will take no position regarding

26  CGMI's request to include this provision in the Final Approval Order. If the Court

27  refuses to grant CGMI's request, this refusal shall not affect the binding nature of this

28  Settlement.

27

C.    No Admission of Liability.    Nothing herein shall constitute any admission by CGMI of wrongdoing or liability or of the truth of any factual or legal allegation in any of the Actions.    Nothing herein shall constitute an admission by CGMI that any of the Actions were properly brought as a class or representative action other than for settlement purposes.    To the contrary, CGMI has denied and continues to deny each and every material factual allegation and alleged claim asserted in the Actions.    To this end, the settlement of the Actions, the negotiation and execution of this Agreement, and all acts performed or documents executed pursuant to or in furtherance of this Agreement or the Settlement are not, shall not be deemed to be, and may not be used as, an admission or evidence of any wrongdoing or liability on the part of CGMI or of the truth of any of the factual or legal allegations in any of the Actions; and are not, shall not be deemed to be, and may not be used as, an admission or evidence of any fault or omission on the part of CGMI in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.

D.    Plaintiffs' Counsel as Signatory.    The Settling Parties understand and agree that because the members of the Settlement Class are so numerous, it is impossible or impractical to have each individual member of the Settlement Class execute this Settlement.    The respective signatories to this Agreement represent that they are fully authorized to enter into this Agreement and bind the respective Settling Parties to the terms and conditions herein.

E.    Modification by Writing Only.    This Agreement, and its terms and Exhibits, may be modified only in a writing signed by Co-Lead Class Counsel jointly and CGMI's counsel.

F.    Representations by Settling Parties.

    1.    On or about January 5, 2007, CGMI made certain representations to plaintiffs concerning the number of months worked by Settlement Class Members in each state or territory of the United States during the Applicable Recovery Periods.    CGMI warrants that those representations were true and correct to the best of its knowledge.

28

1       2.      The Settling Parties represent, covenant, and warrant that they have

2   not directly or indirectly, assigned, transferred, encumbered, or purported to assign,

3   transfer, or encumber to any person or entity any portion of any liability, claim, demand,

4   action, cause of action or right released and discharged in this Agreement.

5       3.      The Settling Named Plaintiffs, on behalf of themselves and the

6   Settlement Class, have expressly authorized Co-Lead Class Counsel to take all appropriate

7   action required or permitted to be taken pursuant to this Agreement to effectuate its terms.

8       4.      Each attorney executing this Agreement or any of its Exhibits on

9   behalf of any party hereto hereby warrants that he or she has full authority to do.

10      G.    Notices.   Except for Class member notices which are required herein to be

11  made to or by the Claims Administrator, all notices, requests, demands and other

12  communications related to or in connection with this Agreement shall be in writing, and

13  shall be provided by appropriate method depending on the urgency (e.g., personal

14  delivery, telecopy, overnight delivery, or First Class U.S. Mail) to:

**TO CO-LEAD CLASS COUNSEL:**       **TO CGMI:**

James F. Clapp, Esq.                       Framroze M. Virjee, Esq.
Dostart Clapp Gordon & Coveney, LLP        O'Melveny & Myers LLP
4370 La Jolla Village Dr. Ste. 970         400 South Hope Street
San Diego, CA 92122                        Los Angeles, CA 90071-2899
Tel. (858) 623-4200                        Tel. (213) 430-6000
Fax. (858) 623-4299                        Fax. (213) 430-6407

Jeffrey G. Smith, Esq.
Wolf Haldenstein Adler
    Freeman & Herz LLP
270 Madison Avenue
New York, New York 10016
Tel. (212) 545-4600
Fax. (212) 545-4653

24      H.    C.C.P. § 384 Does Not Apply.   The Settling Parties agree that California

25  Code of Civil Procedure § 384, which is a California state law procedural rule relating to

26  class actions, does not apply to the Actions.   Nonetheless, the Settling Parties represent

27  and agree that the Gross Settlement Value represents an amount that has been made

28  available by CGMI to effectuate this Settlement, and that this Settlement contemplates a

29

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1    claims-made process as set out in Section VIII.  Accordingly, no obligation to pay any

2    given member of the Settling Class is created until said member of the Settling Class files

3    a valid Claim Form, at which point an obligation arises to pay only the amount calculated

4    pursuant to Section IX.

5         I.    Construction and Integration.    This Agreement, including its Exhibits,

6    constitutes the entire agreement between the Settling Parties concerning the subject matter

7    hereof.  No representations, warranties, or inducements have been made to any party

8    concerning the subject matter of this Agreement and/or Exhibits other than the

9    representations, warranties, and covenants contained in these documents.  This Agreement

10   and related Exhibits shall be construed each as a whole, and with reference to one another,

11   according to their fair meaning and intent.  The Settling Parties agree that the rule of

12   construction that ambiguities in agreements must be construed against the drafting party

13   shall not apply in interpreting this Agreement or its Exhibits.

14        J.    Governing Law.    In the event of any dispute among the Settling Parties

15   concerning this Agreement, this Agreement shall be construed and enforced in accordance

16   with, and be governed by, the laws of the State of California without regard to

17   California's choice of law principles.

18        K.    Counterparts.    This Agreement may be executed in one or more faxed

19   counterparts, which may be filed with the Court.  All executed counterparts, and each of

20   them, shall be deemed to be one and the same instrument.  Once available, a complete set

21   of original executed counterparts shall be filed with the Court.

22        L.    Attorney's Fees, Costs and Expenses.    Except as otherwise specifically

23   provided for herein, each Settling Party shall bear its own attorney's fees, costs and

24   expenses, taxable or otherwise, incurred by it in connection with the Actions.

25        M.    Continuing Jurisdiction.    Except as otherwise specifically provided for

26   herein, the United States District Court for the Northern District of California shall retain

27   jurisdiction to interpret and enforce this Agreement and the Settlement; to supervise all

28   class notices; to oversee the administration of the Settlement and the distribution of the

                                          30

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1    Gross Settlement Value; and to hear and adjudicate any dispute arising from or related to

2    the Settlement and/or the Agreement.

3        IN WITNESS WHEREOF, the undersigned duly-authorized representatives of the

4    Settling Parties accept and agree to this Agreement and hereby execute it voluntarily and

5    with a full understanding of its consequences.

6    Dated: February _16_, 2007        DOSTART CLAPP GORDON &
                                        COVENEY, LLP
7

8                                       By: _____
9                                           James F. Clapp
                                            Co-Lead Class Counsel

10   Dated: February _____, 2007        WOLF HALDENSTEIN ADLER
                                        FREEMAN & HERZ LLP
11

12                                      By: _____
13                                          Jeffrey G. Smith
                                            Co-Lead Class Counsel

14   Dated: February _16_, 2007         O'MELVENY & MYERS LLP

15

16                                      By: _____
17                                          Framroze M. Virjee
                                            Chris A. Hollinger
18                                          Attorneys for Defendant
                                            Citigroup Global Markets Inc.
19

20                                      AND

21   Dated: February _16_, 2007         DOSTART CLAPP GORDON &
                                        COVENEY, LLP
22

23                                      By: _____
                                            James F. Clapp
24

25                                      Attorneys for Plaintiffs Austin Heberger,
                                        Jr., and Janella Hairston
26

27

28

                                        31

1    Gross Settlement Value; and to hear and adjudicate any dispute arising from or related to

2    the Settlement and/or the Agreement.

3        IN WITNESS WHEREOF, the undersigned duly-authorized representatives of the

4    Settling Parties accept and agree to this Agreement and hereby execute it voluntarily and

5    with a full understanding of its consequences.

6    Dated: February _____, 2007            DOSTART CLAPP GORDON &
                                             COVENEY, LLP
7

8                                          By:_____
                                              James F. Clapp
9                                             Co-Lead Class Counsel

10   Dated: February _16_, 2007             WOLF HALDENSTEIN ADLER
                                             FREEMAN & HERZ LLP
11

12                                         By:_____
                                              Jeffrey G. Smith
13                                            Co-Lead Class Counsel

14   Dated: February _16_, 2007             O'MELVENY & MYERS LLP

15

16                                         By:_____
                                              Framroze M. Virjee
17                                            Chris A. Hollinger
                                              Attorneys for Defendant
18                                            Citigroup Global Markets Inc.

19

20                                         **AND**

21   Dated: February _____, 2007            DOSTART CLAPP GORDON &
                                             COVENEY, LLP
22

23                                         By:_____
                                              James F. Clapp
24
                                           Attorneys for Plaintiffs Austin Heberger,
25                                         Jr., and Janella Hairston

26

27

28

                                    31

1    Dated: February ___16___, 2007              WOLF HALDENSTEIN ADLER
                                                  FREEMAN & HERZ LLP
2

3                                                 By: _____

4                                                 Jeffrey G. Smith

5                                                 Attorneys for Plaintiff Larry LaVoice

6    Dated: February _____, 2007               WINNE, BANTA, HEHERINGTON,
                                                  BASRALIAN & KAHN, P.C.
7

8                                                 By: _____

9                                                 Edward P. D'Alessio

10                                                Attorneys for Plaintiffs Donita A.
                                                  Williams, Kenneth W. Glick, and Lewis
11                                                Shapiro

12   Dated: February _____, 2007               FOLKENFLICK & McGERITY
                                                  SCHRADER & ISRAELY, LLP
13

14                                                By: _____

15                                                Max Folkenflick

16                                                Attorneys for Plaintiffs Francis P. Heath

17   Dated: February _____, 2007               NAGEL RICE, LLP

18                                                By: _____

19                                                Bruce Nagel

20                                                Attorneys for Plaintiffs Mark Brahney,
                                                  Terry Fox, Keith Gillman, Steven
21                                                Kolodner, Angelo Massaro, Ronald
                                                  Rosenzweig, and Robert Scrabis
22

23   Dated: February _____, 2007               PYLE, ROME, LICHTEN, EHRENBERG,
                                                  & LISS-RIORDAN, P.C.
24

25                                                By: _____

26                                                Shannon Liss-Riordan

27                                                Attorneys for Plaintiff Joseph P. Blood

28

                                          32

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

1    Dated: February_____, 2007

2

3

4

5    Dated: February 15___, 2007

6

7

8

9

10

11

12   Dated: February _____, 2007

13

14

15

16

17   Dated: February _____, 2007

18

19

20

21

22

23   Dated: February_____, 2007

24

25

26

27

28


WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP


By:_____
    Jeffrey G. Smith

Attorneys for Plaintiff Larry LaVoice

WINNE, BANTA, HEHERINGTON,
BASRALIAN & KAHN, P.C.


By:_____
    Edward P. D'Alessio

Attorneys for Plaintiffs Donita A.
Williams, Kenneth W. Glick, and Lewis
Shapiro

FOLKENFLICK & McGERITY
SCHRADER & ISRAELY, LLP


By:_____
    Max Folkenflick

Attorneys for Plaintiffs Francis P. Heath

NAGEL RICE, LLP


By:_____
    Bruce Nagel

Attorneys for Plaintiffs Mark Brahney,
Terry Fox, Keith Gillman, Steven
Kolodner, Angelo Massaro, Ronald
Rosenzweig, and Robert Scrabis

PYLE, ROME, LICHTEN, EHRENBERG,
& LISS-RIORDAN, P.C.


By:_____
    Shannon Liss-Riordan

Attorneys for Plaintiff Joseph P. Blood


32

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE         C-04-04440 CW

| | | |
|---|---|---|
| 1 | Dated: February _____, 2007 | WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP |
| 2 | | |
| 3 | | By:_____ |
| 4 | | Jeffrey G. Smith |
| 5 | | Attorneys for Plaintiff Larry LaVoice |
| 6 | Dated: February _____, 2007 | WINNE, BANTA, HEHERINGTON, BASRALIAN & KAHN, P.C. |
| 7 | | |
| 8 | | By:_____ |
| 9 | | Edward P. D'Alessio |
| 10 | | Attorneys for Plaintiffs Donita A. Williams, Kenneth W. Glick, and Lewis Shapiro |
| 11 | | |
| 12 | Dated: February 1?, 2007 | FOLKENFLIK & McGERITY SCHRADER & ISRAELY, LLP |
| 13 | | |
| 14 | | By:_____ |
| 15 | | Max Folkenflik |
| 16 | | Attorneys for Plaintiffs Francis P. Heath |
| 17 | Dated: February _____, 2007 | NAGEL RICE, LLP |
| 18 | | |
| 19 | | By:_____ |
| 20 | | Bruce Nagel |
| 21 | | Attorneys for Plaintiffs Mark Brahney, Terry Fox, Keith Gillman, Steven Kolodner, Angelo Massaro, Ronald Rosenzweig, and Robert Scrabis |
| 22 | | |
| 23 | Dated: February _____, 2007 | PYLE, ROME, LICHTEN, EHRENBERG, & LISS-RIORDAN, P.C. |
| 24 | | |
| 25 | | By:_____ |
| 26 | | Shannon Liss-Riordan |
| 27 | | Attorneys for Plaintiff Joseph P. Blood |
| 28 | | |

32

JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE                C-04-04440 CW

1  Dated: February _____, 2007

2                                          WOLF HALDENSTEIN ADLER
                                              FREEMAN & HERZ LLP
3

4                                          By:_____
                                              Jeffrey G. Smith
5
                                           Attorneys for Plaintiff Larry LaVoice
6  Dated: February _____, 2007
                                           WINNE, BANTA, HEHERINGTON,
7                                             BASRALIAN & KAHN, P.C.

8
                                           By:_____
9                                             Edward P. D'Alessio

10                                         Attorneys for Plaintiffs Donita A.
                                           Williams, Kenneth W. Glick, and Lewis
11                                         Shapiro

12 Dated: February _____, 2007
                                           FOLKENFLICK & McGERITY
13                                         SCHRADER & ISRAELY, LLP

14
                                           By:_____
15                                            Max Folkenflick

16                                         Attorneys for Plaintiffs Francis P. Heath

17 Dated: February *16*, 2007
                                           NAGEL RICE, LLP
18
                                           By:_____
19                                            Bruce Nagel

20                                         Attorneys for Plaintiffs Mark Brahney,
                                           Terry Fox, Keith Gillman, Steven
21                                         Kolodner, Angelo Massaro, Ronald
                                           Rosenzweig, and Robert Scrabis
22
23 Dated: February_____, 2007
                                           PYLE, ROME, LICHTEN, EHRENBERG,
24                                            & LISS-RIORDAN, P.C.

25                                         By:_____
                                              Shannon Liss-Riordan
26
                                           Attorneys for Plaintiff Joseph P. Blood
27

28

                                        32

1    Dated: February _____, 2007                    WOLF HALDENSTEIN ADLER
2                                                   FREEMAN & HERZ LLP

3                                                   By:_____
4                                                      Jeffrey G. Smith

5                                                   Attorneys for Plaintiff Larry LaVoice

6    Dated: February _____, 2007                    WINNE, BANTA, HEHERINGTON,
7                                                   BASRALIAN & KAHN, P.C.

8                                                   By:_____
9                                                      Edward P. D'Alessio

10                                                  Attorneys for Plaintiffs Donita A.
                                                    Williams, Kenneth W. Glick, and Lewis
11                                                  Shapiro

12   Dated: February _____, 2007                    FOLKENFLICK & McGERITY
13                                                  SCHRADER & ISRAELY, LLP

14                                                  By:_____
15                                                     Max Folkenflick

16                                                  Attorneys for Plaintiffs Francis P. Heath

17   Dated: February _____, 2007                    NAGEL RICE, LLP

18                                                  By:_____
19                                                     Bruce Nagel

20                                                  Attorneys for Plaintiffs Mark Brahney,
                                                    Terry Fox, Keith Gillman, Steven
21                                                  Kolodner, Angelo Massaro, Ronald
                                                    Rosenzweig, and Robert Scrabis
22
23   Dated: February 16, 2007                       PYLE, ROME, LICHTEN, EHRENBERG,
                                                    & LISS-RIORDAN, P.C.
24
25                                                  By: _Shannon Liss-Riordan_
                                                       Shannon Liss-Riordan
26
                                                    Attorneys for Plaintiff Joseph P. Blood
27

28
                                      32
     JOINT STIPULATION OF CLASS ACTION SETTLEMENT AND RELEASE          C-04-04440 CW

# EXHIBIT E

JEFFREY G. SMITH (133113)
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
270 Madison Avenue
New York, New York 10016
Tel.  (212) 545-4600; Fax. (212) 545-4653

JAMES F. CLAPP (145814)
DOSTART CLAPP GORDON & COVENEY, LLP
4370 La Jolla Village Dr. Ste. 970
San Diego, California 92122
Tel.  (858) 623-4200; Fax. (858) 623-4299

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN,  JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF, on behalf of themselves, the general public, and all others similarly situated, | Case No. 3:06-cv-02628-BEN-NLS <br><br> **NOTICE OF FILING OF SPECIAL MASTER'S REPORT, FINDINGS AND RECOMMENDATIONS RE: ALLOCATION OF SETTLEMENT** <br><br> Hon. Roger T. Benitez |
| Plaintiffs, | |
| vs. | |
| MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC., | |
| Defendants. | |

NOTICE OF FILING OF SPECIAL MASTER'S REPORT                    3:06-CV-02628-BEN-NLS

PAGE 1

1    Pursuant to the Court's January 8, 2008 Order appointing the Hon. Charles A. Legge (Ret.)

2   as Special Master, plaintiffs hereby file the "Report, Findings and Recommendations of the

3   Special Master Re: Allocation of Settlement," dated March 28, 2008.

4

5

6   Dated: March 17, 2008                    ___/s/_____

7                                            JAMES F. CLAPP
                                             DOSTART CLAPP GORDON & COVENEY, LLP
8                                            Attorneys for Plaintiffs

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF FILING OF SPECIAL MASTER'S REPORT                       3:06-CV-02628-BEN-NLS

                                                                  PAGE 2

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111
Telephone: (415) 774-2644
Fax: (415) 982-5287
Master

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT STEINBERG, ROBERT N. ADLER, FRANK V. FINIZIA, BRIAN C. LATZ, GERARD SCORZIELLO, JEFF QUINN, JOHN VOLPE, PAUL ROLES, JANEMARIE LENIHAN, DAVID ANDREW GASMAN, ISRAEL HARMAN, JOHN MASKUBI, VERNON D. BROWN, JOSEPH STOWELL, JR., KYLE R. ARMITAGE, CHRISTOPHER D. BART, and ERIC N. WULFF, on behalf of themselves, the general public, and all others similarly situated, | CASE NO. 3:06-CV-02628-BEN-NLS |
| | REPORT, FINDINGS AND RECOMMENDATIONS OF THE SPECIAL MASTER RE: ALLOCATION OF SETTLEMENT |
| Plaintiffs, | JAMS Reference No. 1100052394 |
| vs. | |
| MORGAN STANLEY & CO. INCORPORATED and MORGAN STANLEY DW INC., | |
| Defendants. | |

## JURISDICTION

The undersigned was appointed by the Hon. Roger T. Benitez, United States District Judge, as a Master to review the fairness of the allocation of the settlement, and to make a recommendation to the Court. More specifically, the order of January 9, 2008 appointed the undersigned as the Master, "to review and make an independent determination concerning the

fairness of the allocation of Settlement proceeds in light of the applicable law in the jurisdictions covered by the Settlement and in light of the parties' Stipulation, and to make a written recommendation to the Court regarding the allocation prior to the mailing of the class notice (provided, however, that the Master's recommendation shall in no way contradict the terms of the Stipulation)…"

After the class notice is mailed and if objections are filed with respect to the allocation, the Master is also vested with jurisdiction "to review and/or hear any such objections…and to make a written recommendation to the Court regarding those objections in advance of the final approval hearing." The notice has not as yet been sent to the class, so no such objections have as yet been filed.

## DISCLOSURE

Prior to the hearing on March 6, 2008, and on the record of the hearing, the undersigned disclosed to class counsel and to counsel for defendant that I and my wife have accounts with defendant Morgan Stanley in the Oakland, California office. We are advised by defendant that the broker with whom we deal will be eligible to receive some of the benefits provided in this settlement. But we have not and will not discuss this case with the broker. Class counsel and counsel for defendant have both agreed that there is no conflict of interests, or have waived any possible conflict.

The undersigned does not believe that those facts present any conflict of interests, or at the very worse such a conflict is not material. The gross amount of the settlement has already been negotiated and agreed to by class counsel and defendant's counsel; the undersigned had no role in the amount or terms and conditions of that settlement, and will not have such a role in the future. The only jurisdiction of the Master is the allocation of the settlement proceeds among the class members in each of the United States jurisdictions. The decisions on allocation do not require any decisions as to the amount of the settlement to be received by any class member individually, but only as to groups of class members in the various jurisdictions. The total work months of the California class members is only 1% of the work months of all class members. And the amount of the allocation to the California class members is, as discussed below,

2

99

computed on a formula basis. Any possible variation in the formula would not be material to the recovery of any particular California class member.

## HEARING

Pursuant to the above jurisdiction, a hearing was held by the Master on March 6, 2008. Present at the hearing were counsel for the plaintiff class and counsel for defendants Morgan Stanley & Co., Inc. and Morgan Stanley DW, Inc. Since notice to the class has not yet been sent, no class objectors appeared at the hearing. Everything said and done at the hearing was recorded by a court reporter.

The Master received and reviewed copies of:

    (1) the Joint Stipulation and proposed Settlement Agreement;

    (2) the Order Granting Preliminary Approval of Class and Collective Action Settlement, dated January 7, 2008;

    (3) the Stipulation and Order Appointing the undersigned as Special Master, dated January 8, 2008;

    (4) a letter dated November 27, 2006 from the Employment Standards Administration of the Wage and Hour Division of the United States Department of Labor Washington, DC;

    (5) a tabulation of state overtime laws for the jurisdictions covered by the settlement;

    (6) a tabulation of the state wage deduction / business expense laws for the jurisdictions covered by the settlement;

    (7) a binder containing the relevant case decisions and statutes of each jurisdiction on the issue of overtime;

    (8) a binder of the relevant statutes and case decisions of each jurisdiction on the issues of wage deductions and business expenses;

    (9) a chart prepared by class counsel of the proposed allocation of the settlement proceeds among the jurisdictions;

(10)    and Plaintiffs' Proposal Regarding Allocation Of Settlement Proceeds, dated March 4, 2008.

After and as result of the hearing on March 6, 2008, class counsel filed a Revised Proposal Regarding Allocation of Settlement Proceeds, which the Master has also reviewed.

## CLASS MEMBERS

The plaintiff class consists of the following groups of employees of defendants: Financial Advisors, Financial Advisor Trainees, and Assistant Branch Managers (collectively called "FAs"); and Producing Branch Managers, and Sales Managers (collectively called "Managers"). Based on their investigation, class counsel concluded that the Assistant Branch Manager position has relatively little "managerial" responsibility as compared to the Producing Branch Manager and Sales Manager positions and therefore should be grouped with the Financial Advisors and Financial Advisor Trainees. The Master concurs.

With respect to employees in California, only three job categories are included in this settlement: Assistant Branch Managers, Producing Branch Managers and Sales Managers. The reason is that a prior case settlement resolved the claims of other positions in California; Garrett v. Morgan Stanley, USDC, S.D. Cal No. 04-1858.

## CLAIMS AND APPLICABLE LAW

The allegations in this case raise two types of claims, simplified here for discussion purposes.

One is an alleged failure to pay plaintiffs overtime to which they are allegedly entitled. The law governing these claims comes from two sources. One is the federal Fair Labor Standards Act, which applies to all plaintiffs. The other are separate state statues and cases applicable to those plaintiffs residing or working in each jurisdiction. The state overtime statutes are generally duplicative of the FLSA. However, some states have no specific overtime statutes, and others have salary thresholds and exemptions that are different from one another and different from the FLSA. California is an exception to that state pattern. California has its own distinct overtime statute, and a body of case law has developed in California under that statute. The standards defined by California law, in both its statutes and the applicable case law, create a more

4

favorable climate for plaintiffs than do the laws of other states. And California law is more favorable to plaintiffs than is the Fair Labor Standards Act on certain issues. However, the California claimants in this case occupy higher job positions than most of the class claimants for overtime, and as a result their right to overtime compensation is more questionable because of various definitions and exemptions. And the work months of the California claimants are only one percent of the total. Therefore, the proposed allocation treats all over-time claims equally.

The second type of claim (again generally stated for discussion purposes) is that defendants allegedly made improper deductions from the commissions of plaintiffs, primarily losses for trading errors and wages paid to support staff. The applicable law on such deductions is almost entirely state law. That is, the FLSA does not have wage deduction or expense provisions that are applicable to these plaintiffs. The applicable provisions are under state statutes and case law, and they of course apply only to those plaintiffs resident or employed in each particular state. Applying the statues and cases of each separate state jurisdiction can produce a large number of variations. But some major differences can be noted: In the majority of jurisdictions (33), an employer may lawfully deduct losses from trading errors and the costs of support staff. That is either because there is no law on the subject, or because the state permits such deductions as long as they are authorized by the employee in writing ahead of time. These states are called "Tier 1 states" in this settlement. However, 21 jurisdictions have laws that at least arguably restrict an employer's right to make such deductions even if they are authorized in writing ahead of time; "Tier 2 states" in this settlement. Again, California law is on its face the most protective of employees on these issues.

Defendants of course contest, on many grounds, plaintiffs' claims under all of the jurisdictions. There is little established case law in the states. And defendants may be able to successfully argue that their statutory provisions do not prohibit deductions from unearned gross commissions. A state by state analysis indicates numerous variances among the states, again with a large number of uncertainties. While the California claims may be stronger, in summary most states have little case law, and what case law exists is not necessarily dispositive of the issues presented in this case. In view of the many legal and factual issues, and the relatively small size of the work months in California (one percent), the plan of allocation treats California the same as the other Tier 2 states.

## METHODS OF ALLOCATION

With all of the variants in plaintiffs' claims and their degrees of possible success under the laws of each jurisdiction, there is no single method of gradation among the jurisdictions or among groups of plaintiffs that provides any degree of objective certainty. Attempting to assess degrees of potential success in one state compared to all the others contains too many variations for reasonable empirical rating. Even in California, where the law on both overtime and wage deductions is more favorable to plaintiffs, the difference is difficult of accurate quantification.

So why not just use a "per person" allocation among all claimants, regardless of their states? The first answer is that such a process does not even attempt to apply facts and law. Second, the only law which is uniform among all plaintiffs is the Fair Labor Standards Act. But for several reasons[1] that act does not present a high degree of potential success. At that point then one must look at the state laws with their innumerable variations. And finally, such a per capita approach is likely to be rejected, or at least objected to, by claimants in states where plaintiffs' rights to appear to be stronger. If the case is going to be settled and approved as reasonable, the allocation must have some basis that is rational, although not necessarily perfect, and must present some degree of attractiveness to the class members as a whole.

The Master recognizes that it is his responsibility to make an independent determination concerning the fairness of an allocation. However, as is apparent from the above discussion of the numerous different statutes and case law that apply, no one overarching method of allocation comes to the fore. Instead, an allocation must involve some checks, balances and trade-offs in attempting to weigh the variations in a manner that is at least reasonable, if not perfect.

In such a circumstance, it is unwise for the Master not to give serious consideration to the proposals made by the representatives of the plaintiff class. Those attorneys are experienced in the settlement of class actions, including overtime cases and expense deduction cases. They are conversant with the state law variations. And they achieved a settlement with hard negotiations against knowledgeable defense counsel. Indeed, the Stipulation for settlement provides for plaintiffs to submit a recommendation to the master (¶2.2.1).

---

[1] E.g.: the administrative exemption, the commissioned sales exemption, the November 27, 2006 opinion of the U.S. Department of Labor, and <u>Miller v. Famers Insurance</u>, 2007 U.S. App.LEXIS 7403 (9th Cir March 30, 2007).

6

At the hearing, the Master specifically inquired as to the methodology that counsel used in arriving at the settlement amount, and then at the allocation of the settlement:

They analyzed each state's statutes of limitation. They then applied to each plaintiff the greater of the three year statute of limitations of the FLSA or the applicable statute of limitations in the state of each plaintiff. They obtained information from Morgan Stanley regarding the numbers of plaintiffs and their periods of employment. From that information they calculated the number of work months for each plaintiff during the applicable period of limitations. They also obtained data from Morgan Stanley regarding the deductions which were made from each plaintiff. Some of this information from Morgan Stanley was in response to discovery, and other information was voluntarily provided. The Special Master has no reason to question the accuracy or the completeness of the information from Morgan Stanley, since plaintiffs' counsel had an interest in seeing that complete and accurate information was produced.

Plaintiff's counsel then negotiated with Morgan Stanley, and a total settlement figure of $50,000,000 was agreed upon after extensive negotiations. There is every reason to believe that the negotiations and the agreed upon settlement were conducted in good faith, at arms length, and without collusion.

## THE PROPOSED ALLOCATION FORMULA

The participants estimate that the settlement proceeds of $50,000,000 will be reduced by fees, costs, and special enhancements to a net settlement value of approximately $36.6 million. To participate in the distribution of that sum, a claimant must do two things. First, the claimant must not opt out. And second, the claimant must file an appropriate claims form.

The allocation formula will be based upon the number of work months which the class members worked up to the date of the Court's approval of the class notice and the allocation. That number will then be divided into the net proceeds available for distribution, to arrive at a dollar amount per work month. That number will be applied to each claimant on the following bases:

1. The work month payments for participating claimants in states with both overtime and favorable deduction laws (the Tier 2 states) would be 168% of the work month payments for participating claimants in states with only overtime claims

7

(the Tier 1 states).  This additional payment to Tier 2 reflects the additional value of the deduction claims.

2.  Within each of these two categories (states with overtime and deduction claims, and states with overtime claims only), the work month payments to Producing Branch Managers and Sales Managers would be three quarters of the payments to Financial Advisors, Financial Advisors Trainees, and Assistant Branch Managers. This differential reflects the difference in the strength of the over-time claims.

3.  Based on the formulas in paragraphs 1 and 2 above, Financial Advisors, Financial Advisor Trainees and Assistant Branch Managers who are participating class members in the following 33 Tier 1 states are expected to receive approximately $56 per work month (net of attorney's fees, litigation expenses, etc.): Alabama, Arkansas, Arizona, Colorado, Connecticut, District of Columbia, Delaware, Florida, Georgia, Idaho, Illinois, Kansas, Louisiana, Massachusetts, Maryland, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New Mexico, Nevada, Ohio, Oklahoma, South Carolina, Tennessee, Texas, Utah, Virginia, Virgin Islands, and Wisconsin.  Producing Branch Managers and Sales Managers in those states are expected to receive approximately $42 per work month.

4.  Based on the formulas in paragraphs 1 and 2 above, Financial Advisors, Financial Advisor Trainees, and Assistant Branch Managers who are participating class members in the following 21 Tier 2 states are expected to receive approximately $94 per work month (net of attorney's fees, litigation expenses, etc.): Alaska, California, Guam, Hawaii, Iowa, Indiana, Kentucky, Maine, Michigan, New Hampshire, New Jersey, New York, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Dakota, Vermont, Washington, West Virginia, and Wyoming. Producing Branch Managers and Sales Managers in those states are expected to receive approximately $70 per work month.

5.  The monthly payments set forth in paragraphs 3 and 4 above are estimates only,
based on predictions and the information now known. The amounts could change
slightly, but the ratios defined in paragraphs 1 and 2 will remain constant

The proposed allocation accomplishes some worthwhile objectives: First, all of the
validly recognized claimants will get something. Second, it is not a one-size-fits-all approach
which ignores the many differences in the law among the states. Third, it attempts to be as
consistent as the facts permit with other settlements which have been approved by courts in
similar cases (e.g. LaVoice v. Citigroup, N.D. Cal. 07-801; Glass v. UBS Financial, N.D. Cal 06-
4068). Fourth, it recognizes the distinctions between the strength of claims under the FLSA
versus those under state laws. Fifth, it recognizes the distinctions between states that do and do
not have wage deduction laws favorable to plaintiffs. And finally, the proposal bows to the
inevitable conclusion that attempting to work out an allocation that include all variants of per
person, per job description, per state, per type of claim, and per each type of state law is simply
not doable.

While individual objectors may later point to factors which are particular to them and
which may appear to be more favorable to others, those objections can be addressed after the
class notice is sent out. And such objections must be addressed in the context of the Court's and
the Master's legal obligation to determine whether the settlement and the allocation are fair,
adequate and reasonable to the class as a whole. F.R.C.P. Rule 23.

## FINDINGS AND RECOMMENDATIONS

The Master makes the following findings; provided that the Master is making no findings
as to the settlement as a whole, since that is not a matter within his jurisdiction, but only findings
as to the allocation formula:

1.  The Master is duly appointed under an order of this Court to hear and determine
the issue of the fairness of the allocation of the settlement proceeds.

2.  The proposed allocation formula defined above in paragraphs 1-5 of the section
"The Proposed Allocation Formula" is the independent recommendation of the Special Master,
albeit based upon proposals advanced by the class representatives. The proposed formula was

9

originated by competent counsel with extensive prior experience in wage and hour law and class actions.

3.    Extensive analysis has been given by counsel and by the Master to the Fair Labor Standards Act, and to the separate statutes and cases in each of the United States jurisdictions involved.

4.    The discussions to define the allocation formula were conducted at arms length and in good faith in light of the available legal and factual information.

5.    The Proposed Allocation Formula is fair, reasonable and adequate to the plaintiffs' class as a whole.

The Master recommends to the Court that:

1.    The Proposed Allocation Formula defined above in paragraphs 1-5 of the section "The Proposed Allocation Formula" be found to be fair, reasonable and adequate.

2.    The Court approve that Proposed Allocation Formula..

3.    The Proposed Allocation Formula be made a part of the settlement terms submitted to the class members.

4.    The Master retain jurisdiction to consider any objections to the allocation of the settlement proceeds, as provided in paragraph 1B of the Court's order of January 9, 2008.

Respectfully submitted by Charles A. Legge, Master appointed under the order of January 8, 2008.


Dated: March 28, 2008                    Charles A. Legge
                                          Hon. Charles A. Legge (Ret.)
                                          Special Master

10

## PROOF OF SERVICE BY U.S. MAIL

Re: Steinberg, Robert, et al. vs. Morgan Stanley & Co., Incorporated, et al.

Reference No. 1100052394

     I, Tina Oja, not a party to the within action, hereby declare that on March 28, 2008 I served the attached REPORT, FINDINGS AND RECOMMENDATIONS OF THE SPECIAL MASTER RE: ALLOCATION OF SETTLEMENT on the parties in the within action by depositing true copies thereof enclosed in a sealed box with postage thereon fully prepaid, in the United States Mail, at San Francisco, CALIFORNIA, addressed as follows:

Jeffrey G. Smith Esq.
Wolf Haldenstein Adler Freeman & Herz
270 Madison Avenue
New York, NY 10016

James F. Clapp Esq.
Dostart, Clapp, Gordon & Coveney
4370 La Jolla Village Dr.
Suite 970
San Diego, CA 92122

Robert Abrams Esq.
Wolf Haldenstein Adler Freeman & Herz
270 Madison
New York, NY 10016

James Basile Esq.
Kirkland & Ellis
555 California St.
San Francisco, CA 94104

Sam Shaulson Esq.
Morgan, Lewis & Bockius LLP
101 Park Ave.
45th Floor
New York, NY 10178-0060

I declare under penalty of perjury the foregoing to be true and correct. Executed at San Francisco, CALIFORNIA, on March 28, 2008.

Tina Oja
JAMS The Resolution Experts

## PROOF OF SERVICE

I am employed in the county of San Diego, State of California. I am over the age of eighteen and am not a party to this case. I am employed in, or am a resident of, the County of San Diego, California, where the mailing occurs; and my business address is: DOSTART CLAPP GORDON & COVENEY, LLP, 4370 La Jolla Village Dr., Ste. 970, San Diego, CA 92122.

On March 28, 2008, I served the foregoing document(s) described as:

NOTICE OF FILING OF SPECIAL MASTER'S REPORT, FINDINGS AND RECOMMENDATIONS RE: ALLOCATION OF SETTLEMENT

on the interested parties in this action addressed to the addressee as follows:

Francis M. Gregorek
Marisa C. Livesay
Rachele R. Rickert
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
Symphony Towers
750 B Street, Suite 2770
San Diego, CA 92101
gregorek@whafh.com
livesay@whafh.com
rickert@whafh.com

Samuel S. Shaulson
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178
sshaulson@morganlewis.com

Scott E. Ross
MORGAN, LEWIS & BOCKIUS LLP
402 Carnegie Center
Princeton, NJ 08540
sross@morganlewis.com

David P. Strauss
STRAUSS AND ASHER
1111 Sixth Avenue, Suite 404
San Diego, CA 92101
ds@straussandasher.com

☒    (BY E-FILE) and causing a true copy thereof to be filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center, Suite 1500
San Francisco, CA 94111

Jeffrey G. Smith, Esq.
WOLF HALDENSTEIN ADLER FREEMAN
& HERZ LLP
270 Madison Avenue
New York, NY 10016

Edward P. D'Alessio, Esq.
WINNE, BANTA, HETHERINGTON,
BARALIAN & KAHN, P.C.
21 Main Street, P.O. Box 647
Hackensack, NJ 07602-0647

John M. Kelson, Esq.
LAW OFFICES OF JOHN M. KELSON
1999 Harrison Street, Suite 700
Oakland, CA 94612

Jerry K. Cimmet, Esq.
177 Bovet Road Ste 600
San Mateo, CA 94402-3122

Max Folkenflik, Esq.
FOLKENFLIK & MCGERITY
1500 Broadway, 21st floor
New York, NY 10036

Charles Watkins
John Wylie
FUTTERMAN HOWARD WATKINS
        WYLIE & ASHLEY, CHTD.
122 S. Michigan Avenue, Suite 1800
Chicago, IL 60603

Richard L. Coffman
THE COFFMAN LAW FIRM
1240 Orleans Street, Suite 200
Beaumont, TX 77701

Wyatt B. Durette, Jr.
 DURRETTE BRADSHAW, PLC
Main Street Centre
600 East Main Tower, 20th floor
Richmond, VA 23219

Jack L. Haan
James J. Eccleston
SHAHEEN NOVOSELSKY STAAT
        FILIPOWSKI & ECCLESTON PC
20 N. Wacker Drive, Suite 2900
Chicago, IL 60606

James E. Hasser
DIAMOND HASSER & FROST
1325 Dauphine Street
Mobile, AL 36604

Bruce M. Nagel, Esq.
NAGEL RICE, LLP
103 Eisenhower Parkway
Roseland, NJ 07068

Gary Lynch
CARLSON LYNCH LTD.
36 N. Jefferson Street
P.O. Box 7635
New Castle, PA 16104

SCHRADER & ISRAELY, LLP
233 Broadway, Suite 830
New York, NY 10279

James S. Basile
Christopher W. Keegan
KIRKLAND AND ELLIS
555 California Street, Suite 2700
San Francisco, CA 94104

Mark S. Dichter
MORGAN LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, PA 19103

☒    (BY UNITED STATES POSTAL SERVICE) and placing a true copy thereof in a sealed
     envelope and personally placing such envelope with postage fully prepaid for deposit in the
     United States Postal Service, this same day, at my business address shown above, following
     ordinary business practices.  I further declare that I am readily familiar with our business'
     practice for collection and processing of correspondence for mailing with the United States
     Postal Service; and that the correspondence shall be deposited with the United States Postal
     Service this same day in the ordinary course of business.

     I declare under penalty of perjury under the laws of the State of California and the United
     States of America that the foregoing is true and correct.

     Executed on March 28, 2008, at San Diego, California.

                                    _____
                                    TERI L. ZAAYER

# Elee

**Microsoft Word – WHAFHNY–#511562–v1–Smith_**
**05/30/08   09:45 AM**



# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL J. BASILE, ALLAN B. ROSENTHAL, PHILIP J. RICHMAN, JAMES D. NELSON, DAVID STABILE, MARK STEEN and TERRY TOBIN, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) ) ) Case No. 08 CV 0338 JAH (NLS) |
| Plaintiffs, | ) ) CLASS ACTION ) ) |
| v. | ) **DECLARATION OF** ) **JEFFREY G. SMITH IN** ) **SUPPORT OF JOINT** ) **MOTION TO CERTIFY** ) **SETTLEMENT CLASS** ) ) |
| A.G. EDWARDS INC.; A.G. EDWARDS & SONS, INC. | ) ) ) ) |
| Defendants. | ) |

1.      I, JEFFREY G. SMITH, do certify as follows:

2.      I am a member of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP

with offices at 270 Madison Avenue, New York, New York 10016, attorneys for plaintiffs Carl

J. Basile, Allan B. Rosenthal, Philip J. Richman, James D. Nelson, David Stabile, Mark

Steen and Terry Tobin in this matter.  I am fully familiar with the facts and circumstances

surrounding this litigation, and I submit this Declaration in support of the Joint Motion to Certify

Settlement Class, with supporting papers, scheduled to be submitted to this Court on May 30, 2008.

3.    I am admitted to the bar of this Court. I received my law degree from the Yale Law School in 1978. I was admitted to the bars of the State of New York in 1979 and the State of California in 1988. In addition, I am admitted to the bars of: the United States District Courts for the Southern and Eastern Districts of New York, the Southern and Central Districts of California, and the Districts of Colorado and Nebraska; the United States Court of Appeals for this Circuit as well as the United States Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, and Eighth Circuits; the United States Tax Court; and the Supreme Court of the United States. I am in good standing at the bars of each of those courts. I have never been the subject of any claim of professional misconduct nor subjected to any professional discipline by any court or governing body.

4.    Attached as Exhibit A is a true and correct copy of the Order (1) Granting The Class Representatives' Motion For Final Approval Of Class Action Settlement; (2) Granting Class Counsel's Motion For Attorney's Fees And Litigation Expenses; and (3) Granting In Part Class Counsel's Motion For Plaintiff Enhancements in *LaVoice v. Smith Barney*, No.: 07-CV-00801 CW (N.D. Cal.).

5.    Attached as Exhibit B is a true and correct copy of the Order Granting Preliminary Approval of Class and Collective Action Settlement in *Steinberg v. Morgan Stanley & Co.*, No. 06 CV 2628 (BEN) (NLS) (S.D. Cal.).

6.    Attached as Exhibit C is a true and correct copy of the Joint Stipulation and Settlement Agreement in *Steinberg v. Morgan Stanley & Co.*, No. 06 CV 2628 (BEN) (NLS) (S.D. Cal.).

7.    Attached as Exhibit D is a true and correct copy of the Joint Stipulation of Class Action Settlement and Release in *LaVoice v. Smith Barney*, No.: 07-CV-00801 (CW) (N.D. Cal.).

8.    Attached as Exhibit E is a true and correct copy of the Report, Findings and Recommendations of the Special Master Re: Allocation of Settlement in *Steinberg v. Morgan Stanley & Co.*, No. 06 CV 2628 (BEN) (NLS) (S.D. Cal.).

9.

I declare under penalty of perjury that the foregoing is true and accurate.

                                                 _____
                                                 Jeffrey G. Smith

Dated: New York, New York
       May 30, 2008