1

2

FILED

2009 SEP -1   AM 10: 34

3

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

4

BY_____DEPUTY

5

6

7

8

9

10            **IN THE UNITED STATES DISTRICT COURT**

11          **FOR THE SOUTHERN DISTRICT OF CALIFORNIA**

12

| CARL J. BASILE, ALLAN B. ROSENTHAL, DAVID STABILE, PHILIP J. RICHMAN, JAMES D. NELSON, MARK STEEN, and TERRY TOBIN, on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>   vs.<br><br>A.G. EDWARDS & SONS, INC.,<br><br>        Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CASE NO. 08 CV 0338 JAH (NLS)<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS AND COLLECTIVE ACTION SETTLEMENT AND AWARDING ATTORNEYS' FEES, LITIGATION EXPENSES, AND PLAINTIFF ENHANCEMENTS AND FINAL JUDGMENT**<br><br>DATE:       August 31, 2009<br>TIME:        2:30 p.m.<br>CRTRM:     11<br>JUDGE:      Hon. John A. Houston |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    On August 31, 2009, a hearing was held on (1) the joint motion of the Plaintiffs Carl J.

2 Basile, Allan B. Rosenthal, David Stabile, Philip J. Richman, James D. Nelson, Mark Steen, and

3 Terry Tobin (collectively, "Class Representatives") and Defendant A.G. Edwards & Sons, Inc.

4 ("AGE" or "A.G. Edwards") for final approval of the proposed class and collective action

5 settlement ("Settlement") and (2) Plaintiffs' counsel's motion for an award of attorneys' fees,

6 litigation expenses, Plaintiffs' enhancement awards and costs of claims administration.   (Class

7 Representatives and AGE are collectively referred to herein as the "Parties").

8    After considering the Parties' written submissions, the arguments of counsel, and the law,

9 and good cause appearing therefore,

10    IT IS ORDERED, ADJUDGED, AND DECREED as follows:

11    1.    Unless otherwise defined herein, all terms used in this order (the "Final Approval

12 Order") will have the same meaning as defined in the Parties' Joint Stipulation And Settlement

13 Agreement (the "Stipulation"), a copy of which was previously filed with this Court on March 7,

14 2008, Attachments 7 through 14, Docket No. 5.

15    2.    This Court has jurisdiction over the subject matter of the Litigations and the

16 Consolidated Action (the "Actions"), and over all Parties and Class Members.

17    3.    Pursuant to this Court's Order Granting Preliminary Approval of Class and

18 Collective Action Settlement dated June 9, 2008 (the "Preliminary Approval Order") (Docket No.

19 20), the Court certified for settlement purposes only the Class and Collective Action defined

20 therein. The Class is now finally certified for settlement purposes only and is defined as:

21    All individuals who were employed by AGE in the United States outside the
state of California in the position of Financial Consultant, during all or part of

22    the maximum applicable limitations period for the state in which the
individual was so employed by AGE (as set forth in Schedule 1 to the

23    Stipulation) through April 14, 2009.   Excluded from the Class are the
following individuals who have opted out:  Eileen E. Bell, Carroll W. Collier,

24    Bill A. Conrad, Brooks Edwin Cory, Dennis William Craney, William A.
Daunora, Terry A. Doyle, William Patrick Ferry, Carol Mitchel Gauthier, Jr.,

25    Deborah Jean Hanson, Karyn Heckman, Sherry Denise Holley, Albert J.
Ketzner, Corinne Koehler, Jared Michael Larkin, Christopher Mark McGuire,

26    George O. Melathe, Pamela M. Olah, John P. Orsi, Jr., Edward E. Prewitt,
Christian Brian Rafool, Leonard E. Schettino, David H. Sconyers, Brian G.

27    Young, and Bradley A. Umscheld.

28 The Collective Action is now finally certified for settlement purposes only and is defined as:

All individuals who were employed by AGE in the United States outside the
state of California in the position of Financial Consultant, during all or part of

1     the period from July 6, 2003 through April 14, 2009.

2         4.     This Final Approval Order shall not be cited in any matter for the purpose of seeking

3 class or collective action certification or class or collective action notice.

4         5.     In accordance with the Stipulation and the Notice Approval Order, the Parties caused

5 The Garden City Group, Inc. ("GCG"), the duly-appointed Claims Administrator, to mail the

6 following notice materials to all Class Members: (1) Notice to Class Members Regarding Pendency

7 of a Class and Collective Action and Notice of Hearing on Proposed Settlement ("Class Notice");

8 (2) a Change of Name and/or Address Information form (Form A); (3) an Election to Opt Out of

9 Settlement and Class Action form (Form B); (4) a pre-printed, personalized Settlement Claim

10 Certification Form (Form C); (5) a Consent to Join Settlement Class Form (Form D); and (6) a

11 compendium of State Wage and Hour Laws Included Among Released State Law Claims (Schedule

12 1) (collectively "Settlement Documents"). GCG mailed the Settlement Documents via first-class

13 mail on or about June 5, 2009, and adequately informed the Class Members of: (1) the pendency of

14 the Settlement; (2) all material elements of the Settlement; (3) the August 31, 2009, hearing date for

15 final approval of the proposed Settlement; and (4) the opportunity to be excluded from or object to

16 the proposed Settlement. Additionally, GCG caused the Summary of Notice of Class Action

17 Settlement ("Summary Notice") to be published in the *Wall Street Journal* on or about June 19,

18 2009.

19         6.     On August 10, 2009, the Parties filed the Declaration of GCG's Jennifer M. Keough

20 in Support of Final Approval of Settlement concerning the dissemination of the Settlement

21 Documents to the Class Members and the status of claims, exclusions and objections. The Keough

22 Declaration provides proof that GCG has fully implemented this Court's orders regarding class

23 notice.

24         7.     The Court finds that the distribution of the Settlement Documents and publication of

25 the Summary Notice provided adequate, due, sufficient and valid notice to Class Members,

26 constituted the best notice practicable under the circumstances, fully met the requirements of due

27 process, and complied fully with all applicable laws and statutes.

28         8.     In accordance with the requirements of the Class Action Fairness Act of 2005, 28
U.S.C. § 1715, AGE caused to be mailed a copy of the Stipulation and all other documents required
by law to the United States Attorney General and to the Attorneys General of all fifty (50) states.

None of these Attorneys General filed objections to the Settlement.

9.      The Court finds, for settlement purposes only, that the proposed Collective and Class Action, respectively, meet the requirements for (1) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and (2) class certification under Rule 23 of the Federal Rules of Civil Procedure in the settlement context in that:  (a) the proposed Class is ascertainable and so numerous that joinder of all members of the Class is impracticable; (b) there are questions of law or fact common to the proposed Class that predominate over individual issues; (c) the claims of the Class Representatives are typical of the claims of the members of the proposed Class; (d) the Class Representatives will fairly and adequately protect the interests of the Class Members; (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and (f) the counsel of record for plaintiffs are qualified to serve as class counsel.

10.      The Court finds that the Settlement was the product of protracted, arms-length negotiations between experienced counsel, assisted by a respected mediator.  After considering such factors as:  the strength of plaintiffs' claims; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed and the stage of the proceedings; the experience and views of counsel; and the reaction to the proposed Settlement by the Class Members, the Court finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Class Members and hereby grants final approval of the Settlement.  The Parties are ordered to carry out the Settlement as provided in the Stipulation.

11.      The Court finds that there was only one written objection to the Settlement, filed by Jonathan Lee Riches, Docket No. 29.  The Court finds that Mr. Riches' objection is without merit and is overruled.

12.      AGE, either on its own or through the Claims Administrator, will pay the claims of Participating Claimants in accordance with Sections 2.3 and 2.8 of the Stipulation.  AGE will have no further liability for costs, expenses, interest, attorneys' fees, or for any other charge, expense, or liability, except as provided in the Stipulation.

13.      Class Counsel, defined in Section 1.7 of the Stipulation, are awarded attorneys' fees in the amount of $3,000,000, plus a prorated share of interest accrued on that amount, and litigation

expenses in the amount of $51,030.34, all pursuant to Section 2.10.1 of the Stipulation. AGE, either on its own or through the Claims Administrator, shall pay these amounts to Lead Class Counsel, within twenty (20) days following the Effective Date and in accordance with the provisions of Section 2.10.1 of the Stipulation.

14.     Class Representatives Carl J. Basile, Allan B. Rosenthal, David Stabile, Philip J. Richman, James D. Nelson, Mark Steen, and Terry Tobin are each hereby awarded $10,000.00 as enhancement awards pursuant to section 2.10.2 of the Stipulation. These amounts shall be paid by AGE, either on its own or through the Claims Administrator, within thirty (30) days following the Effective Date and in accordance with the provisions of Section 2.10.2 of the Stipulation. The Court hereby approves payment of up to $200,000 to GCG, as the Claims Administrator, as Administrative Costs and full compensation for its services in administering the Settlement. The Court also approves the request by Wolf Haldenstein Adler Freeman & Herz LLP for reimbursement from the settlement fund of the $43,410.39 it paid to JAMS for the services of Judge Legge. This amount shall be paid within thirty (30) days following the Effective Date.

16.     Upon the Effective Date, the Class Representatives and every Class Member who did not properly and timely submit a valid Request for Exclusion shall be bound by the release and waiver of the Released State Law Claims as defined in Section 1.42 of the Stipulation and as provided in Section 2.9.1 of the Stipulation and described in the Class Notice, and this Final Approval Order will have the force and effect of *res judicata* as to them.

17.     Upon the Effective Date, the Class Representatives and every Participating Claimant shall be bound by the release and waiver of the Released Federal Law Claims as defined in Section 1.43 of the Stipulation and as provided in Section 2.9.2 of the Stipulation and described in the Class Notice, and this Final Approval Order will have the force and effect of *res judicata* as to him or her.

18.     The Settlement is not an admission by AGE nor is this Final Approval Order a finding of the validity of any claims in the Actions or any wrongdoing by AGE. In addition, the Settlement is not an admission nor is this Final Approval Order a finding that the certification of the Class is proper for any purpose or proceeding other than for settlement purposes in the present case. Furthermore, neither the Stipulation, nor any document, statement, proceeding or conduct related to the Stipulation, nor any reports or accounting of those matters, will be: (i) construed as, offered or

- 4 -

1  admitted in evidence as, received as, or deemed to be evidence for any purpose adverse to AGE,

2  including, but not limited to, evidence of a presumption, concession, indication or admission by

3  AGE of any liability, fault, wrongdoing, omission, concession or damage; or (ii) disclosed, referred

4  to or offered in evidence against AGE, in any further proceeding in the Actions, or any other civil,

5  criminal or administrative action or proceeding except for purposes of effectuating the Settlement.

6  However, the Stipulation may be admitted in evidence and otherwise used in any and all

7  proceedings to enforce any or all terms of the Settlement or in defense of any claims released or

8  barred by the Settlement.

9       19.    The claims alleged in the complaints filed in the Actions are hereby dismissed with

10  prejudice, provided, however, and without affecting the finality of this Final Order in any way, this

11  Court retains continuing jurisdiction over the interpretation, implementation, administration and

12  enforcement of the terms of the Settlement.This Final Approval Order is a judgment as defined by

13  Federal Rule of Civil Procedure 58(a)(1).

14       IT IS SO ORDERED.

15  DATED: ___8-31___, 2009.

16  HON. JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE

28  AGEDWARDS:16969.ORD

- 5 -